# EXHIBIT 5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

FILED ELECTRONICALLY

NO. 14-CR-00037-SS-GFVT

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | |
| JAMES A. CHANEY, AND ACE CLINIQUE OF MEDICINE, LLC | DEFENDANTS |

## MOTION FOR NEW TRIAL

Defendants, James A. Chaney and Ace Clinique of Medicine, LLC, hereby move the Court for a new trial pursuant to Fed.R.Civ.P. 33. As grounds for this Motion, Defendants submit the memorandum filed herewith.

/s/ Elizabeth S. Hughes
Elizabeth S. Hughes
GREEN CHESNUT & HUGHES PLLC
201 East Main Street, Suite 1250
Lexington, Kentucky 40507
Telephone: (859) 475-1471
Facsimile: (859) 455-3332
Email: ehughes@gcandh.com
ATTORNEYS FOR DEFENDANTS
JAMES A. CHANEY AND ACE CLINIQUE
OF MEDICINE, LLC

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing **MOTION FOR NEW TRIAL** has been served on May 2, 2016, via the Court's ECF system, which will send electronic notice to counsel of record.

/s/ Elizabeth S. Hughes
**ATTORNEY FOR DEFENDANTS**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

FILED ELECTRONICALLY

NO. 14-CR-00037-SS-GFVT

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | |
| JAMES A. CHANEY, AND<br>ACE CLINIQUE OF MEDICINE, LLC | DEFENDANTS |

### MEMORANDUM IN SUPPORT OF MOTION FOR NEW TRIAL

The Defendants, James A. Chaney and Ace Clinique of Medicine, LLC, submit the following memorandum in support of their motion hereby move the Court for a new trial pursuant to Fed.R.Civ.P. 33. As grounds for this motion, Defendants state as follows:

I.  **JUROR MISCONDUCT**

Based upon the information derived from the interview of Juror #116 we know the following:

(1) Immediately after opening statements, two jurors were discussing the case in direct contravention of the Court's instructions.

(2) This information was conveyed to the jury administrator, who brought it to the Court's attention.

(3) The Court did not inform counsel for the parties so that proper objections or motions could be made.

(4) The two jurors continued to discuss the case in contravention of the Court's instructions and this was not brought to the attention of the parties.

While FRE 606 prevents a juror from testifying with respect to statements made during deliberations, the testimony of Juror #116 does not implicate statements made during deliberations. In fact, Juror #116 was an alternate and did not participate in deliberations. Rather, these facts may all be established without Juror #116's testimony. The Court has acknowledged that it was made aware of the concerns of the juror and the record reflects that the matter was not brought to the attention of the parties.

The misconduct on the part of the two jurors who began discussing the case at the earliest possible opportunity was material and important. It bears upon Defendants' right to a fair and impartial jury. Had Defendants known of the jury's violation of the instructions, particularly at such an early stage of the trial, they would have moved for a mistrial or, alternatively, for a dismissal of the two jurors in question. Even had these

motions been denied, the subsequent complaint would have caused these motions to have been renewed. Furthermore, had Defendants been made aware of the jurors' misconduct, they would have sought a mistrial when the attorney for the United States commented on Defendant Lesa Chaney's failure to testify.[1]

The Court has previously referenced *Tanner v. United States*, 483 U.S. 107 (1987), and *United States v. Logan*, 250 F.3d 350 (6th Cir. 2001), as being pertinent to the present inquiry, but neither of these cases addresses the issue now before the Court. In *Tanner* and *Logan*, no one was aware of the juror misconduct prior to the verdict and, therefore, none of the parties had the opportunity to address the situation and make appropriate motions at the time the misconduct occurred. Here, the misconduct was brought to the Court's attention, but not to the attention of the parties. This fact removes the present case from the purview of *Tanner* and *Logan*. Rather, the inquiry must be whether the Defendants were entitled to know of Juror #116's complaints and the misconduct of the two jurors at the time. Defendants submit that their Sixth Amendment right to a fair and impartial jury was violated and it materially affected the defense of the case.

---

[1] Although the comment was made with respect to Mrs. Chaney, it affects Dr. Chaney and the corporate defendant equally. If the jurors took the failure to testify into account in determining Mrs. Chaney's guilt, it affected their evaluation of Dr. Chaney as well since under the facts of this case, Mrs. Chaney could not have been guilty if Dr. Chaney was not guilty as well.

3

This conclusion is supported by *United States v. Gay*, 522 F.2d 429, 435 (6th Cir. 1975), in which the Sixth Circuit considered a district court's failure to give notice to defense counsel of juror requests to be excused. In *Gay*, the district court considered juror excuses and acted on those requests outside the presence of the defense and without giving notice; the Sixth Circuit held the defense was entitled to an opportunity to object and make a record of the proceedings:

> We hold that it was error for the District Judge to engage in discussions with members of the jury after it was impaneled and to consider requests for excuses out of the presence of the defendant and without giving notice to defense counsel. This does not preclude the parties and counsel from agreeing to In camera consideration of requests to be excused, but the decision as to whether this may be done is that of the parties, not the court. The defendant should have an opportunity to object to requests for excuses from the jury and to make a record of the proceedings. This holding does not affect the discretion of the trial court to dismiss a juror and replace him with an alternate, or dismiss an alternate for illness, hardship or other cause. However, even though such dismissals are within the discretion of the trial judge and do not require the consent of the parties, his discretion is always subject to review for abuse, and a record is necessary for such review.
> The Supreme Court noted in Rogers that "a violation of Rule 43 may in some circumstances be harmless error...." (95 S.Ct. 2095). Even though the appellant has not been able to demonstrate prejudice in the present case, the total absence of a record of the proceedings in which the changes in the makeup of the jury occurred requires us to assume prejudice. We have the utmost confidence in the integrity of the District Judge who presided in these proceedings, and of the trial judges of the circuit individually and as a group. However, in a time when our judicial system is being severely questioned,

4

> it is as important to maintain the appearance of justice and regularity as it is to be certain of their reality.

Similarly, in the case at bar, the Court does have discretion to determine the extent of the investigation of juror misconduct and how to deal with such misconduct, but Defendants were entitled to notice and an opportunity to be heard on the issue. The failure to provide this notice and opportunity requires a new trial.

## II.  PROSECUTORIAL MISCONDUCT

It is undisputed that the attorney for the United States represented to the jury during closing argument that Greg Hoskins testified that Defendant Lesa Chaney signed Dr. Chaney's name to blank prescriptions; that Defendants objected; that the Court declined any relief; and that Greg Hoskins in fact did not testify as represented by the Government. This misrepresentation is crucial, as the jurors could have been convinced of Dr. Chaney's good faith in presigning prescriptions, but once they heard that Mrs. Chaney had signed his name, the jury could no longer accept this premise, since allowing someone else to sign his name to prescriptions would indicate a lack of good faith.

The Sixth Circuit has a two-step approach for assessing whether prosecutorial misconduct warrants a new trial. *United States v. Carroll*, 26 F.3d 1380 (6th Cir. 1994). The Court first considers whether the prosecutor's conduct and remarks were improper. *Id.* at 1387; *see also Boyle v. Million*, 201 F.3d 711 (6th Cir. 2000). The second step requires the

Court to weigh four factors in determining whether the impropriety was flagrant and thus warrants reversal. These four factors are as follows: (1) whether the conduct and remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the conduct or remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) whether the evidence against the defendant was strong. *Carroll*, 26 F.3d at 1385; *see also Boyle*, 201 F.3d at 717; and *United States v. Collins*, 78 F.3d 1021, 1039 (6th Cir.), *cert. denied*, 519 U.S. 872 (1996).

The prosecutor's remarks during closing argument were obviously improper. "The law is clear that, while counsel has the freedom at trial to argue reasonable inferences from the evidence, counsel cannot misstate evidence[.]" *United States v. Carter*, 236 F.3d 777, 784 (6th Cir. 2001). Greg Hoskins did <u>not</u> testify that he observed Mrs. Chaney sign her husband's name to any prescription pad, as represented by the attorney for the United States. Thus, the prosecutor misstated the trial evidence to the jury. That the misrepresentation was not accidental can be inferred from the fact that the prosecution did not mention this alleged testimony during the argument on the Rule 29 motions.

The prosecutor's misrepresentations both misled the jury and prejudiced all three Defendants. The Sixth Circuit "has consistently recognized that a prosecutor's misrepresentation of material evidence can have a significant impact on jury

6

deliberations "because a jury generally has confidence that a prosecuting attorney is faithfully observing his obligation as a representative of a sovereignty." *Carter*, 236 F.3d at 785-6, quoting *Washington v. Hofbauer*, 228 F.3d 689, 700 (6th Cir. 2000); *see also United States v. Solivan*, 937 F.2d 1146, 1150 (6th Cir.1991) (Because jurors are likely to "place great confidence in the faithful execution of the obligations of a prosecuting attorney, improper insinuations or suggestions [by the prosecutor] are apt to carry [great] weight against a defendant" and therefore are more likely to mislead a jury.). The prosecutor's misrepresentation of the evidence to the jury was inherently prejudicial. *Carter*, 236 F.3d at 786. A new trial is warranted.

Furthermore, the prosecution also commented on Mrs. Chaney's failure to testify. Without information that jurors had disregarded the Court's instructions, Defendants did not request a mistrial, but this additional misconduct, coupled with the earlier misrepresentation of significant testimony, warrants a new trial now that the transcript of Mr. Hoskins' testimony is available and it has been conclusively established that the attorney for the United States misrepresented the evidence.

### III. MOTION TO SUPPRESS

Defendants renewed their motion to suppress after Agent Lambdin testified that all patient files and records were seized during execution of the search warrant on

September 9, 2013. In ruling on the renewed motion to suppress, the Court took issue with the fact that the motion to suppress was decided upon the four corners of the warrant itself and, therefore, the testimony of Agent Lambdin did not alter the result. (Doc # 273). The Court overlooks, however, the import of Agent Lambdin's testimony.

Both the Court and the magistrate judge acknowledged the issue was a "close call" with respect to whether the particularity requirement had been met, but found the language identifying the statutes in question was sufficiently limiting. The testimony of Agent Lambdin merely illuminated the fact that this supposed limitation was in fact no limitation at all. Thus, the warrant failed to identify the items to be seized with particularity for the reasons previously advanced by Defendants and the fruits of the search should have been suppressed.

Moreover, assuming the limitation was valid, Agent Lambdin's testimony established that the officers exceeded the scope of the warrant. The Court concluded that the agents did not act in bad faith or otherwise flagrantly disregard the limitations of the warrant. Defendants disagree. The record reflects that the agents did not consider the language referencing the statutes to be a limitation at all and their disregard of the limitation was, in fact, flagrant.

## IV. INTERESTS OF JUSTICE

Rule 33 permits the Court to order a new trial when justice so requires. Even if the Court does not believe any individual argument herein requires a new trial, taken together, and considering also Defendants' arguments set forth in their motion for judgment of acquittal, justice requires that Defendants be afforded a new trial.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court order a new trial. Defendants adopt and incorporate by reference any argument advanced by Defendant Lesa Chaney to the extent such argument may also support the motion for a new trial made by these Defendants.

Respectfully submitted,

/s/ Elizabeth S. Hughes
Elizabeth S. Hughes
GREEN CHESNUT & HUGHES PLLC
201 East Main Street, Suite 1250
Lexington, Kentucky 40507
Telephone: (859) 475-1471
Facsimile: (859) 455-3332
Email: ehughes@gcandh.com
ATTORNEYS FOR DEFENDANTS
JAMES A. CHANEY AND ACE CLINIQUE
OF MEDICINE, LLC