# EXHIBIT 12

1

```
           UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF KENTUCKY
            SOUTHERN DIVISION AT LONDON

UNITED STATES OF AMERICA,

    PLAINTIFF,
                                Criminal No. 6:14-CR-37
VS.                             At London, Kentucky
                                March 30, 2016
                                9:33 a.m.

JAMES ALVIN CHANEY, M.D.,
a/k/a ACE CHANEY, LESA L. CHANEY,
and ACE CLINIQUE OF MEDICINE, LLC,

    DEFENDANTS.

    TRANSCRIPT OF JURY TRIAL PROCEEDINGS BEFORE
    U.S. DISTRICT JUDGE GREGORY F. VAN TATENHOVE
                 DAY 15 OF 25 DAYS

APPEARANCES:

For the Plaintiff:    Hon. Andrew Sparks
                      Hon. Roger West
                      Assistant United States Attorneys
                      260 West Vine Street
                      Suite 300
                      Lexington, Kentucky  40507-1612
                      (859) 685-4895

For the Defendant     Hon. Elizabeth Snow Hughes
James A. Chaney       Green, Chesnut & Hughes, PLLC
and Ace Clinique:     201 East Main Street, Suite 1250
                      Lexington, Kentucky  40507
                      (859) 475-1471

For the Defendant     Hon. Robert L. Abell
Lesa L. Chaney:       120 North Upper Street
                      P. O. Box 983
                      Lexington, Kentucky 40588-0983
                      (859) 254-7076


     Proceedings recorded by mechanical stenography,
  transcript produced by computer.
```

**SANDY C. WILDER, RMR, CRR, OFFICIAL COURT REPORTER**
310 South Main Street, Suite 317, London, Kentucky  40745
(859) 516-4114

Case: 6:24-cv-00007-REW-HAI   Doc #: 16-12   Filed: 01/23/24   Page: 3 of 6 - Page ID#: 1065
Case: 6:14-cr-00037-GFVT-HAI   Doc #: 416   Filed: 02/11/17   Page: 2 of 327 - Page ID#: 7930

2

```
 1                                  INDEX
 2      Colloquy                                              3-40
 3      Direct Examination of RANDY HUNTER
 4           By: Mr. West                                    41-109
 5      Cross-examination
             By: Ms. Hughes                                 110-128
 6
        Cross-examination
 7           By: Mr. Abell                                  129-130
 8      Redirect Examination
             By: Mr. West                                   130-146
 9
        Colloquy                                            146-162
10
        Rule 29 Motions                                     162-258
11
                              DEFENSE PROOF
12
        Direct Examination of JOSEPH L. SKEENS
13           By: Ms. Hughes                                 248-269
14      Cross-examination
             By: Mr. Sparks                                 269-283
15
        Redirect Examination
16           By: Ms. Hughes                                 283-284
17      Colloquy                                            284-327
18      Reporter's Certificate                                327
19
20
21
22
23
24
25
```

Case: 6:24-cv-00007-REW-HAI   Doc #: 16-12   Filed: 01/23/24   Page: 4 of 6 - Page ID#: 1063
Case: 6:14-cr-00037-GFVT-HAI   Doc #: 41   Filed: 02/11/17   Page: 138 of 327 - Page ID#: 8066

138

```
 1  thyroid medicine and other things like that for
 2  diabetes and things.  Those -- those aren't controlled
 3  substances, though, right?
 4       A.     No, they're not.
 5       Q.     So there's really not a -- is there a, to
 6  your knowledge, a crime if someone's unlawfully
 7  dispensing a noncontrolled substance?
 8       A.     If they're unlawfully dispensing --
 9              MR. WEST:  Yes.
10       A.     -- a noncontrolled substance?
11       Q.     Let me ask that question a little
12  differently because I didn't ask it well enough.
13       A.     Okay.
14       Q.     Is there a crime if someone distributes
15  thyroid medication improperly?
16       A.     Yes, there is.
17       Q.     Okay.  But it's not controlled substances,
18  right?
19       A.     Well, there's also, if you look at the
20  state charges, a charge called trafficking in a legend
21  drug, which is a noncontrolled substance, which is the
22  improper dispensation.
23       Q.     Okay.  Now, if in preparation for one of
24  -- that question that Ms. Hughes was going to ask you,
25  did you look at the KASPER records for Dr. Chaney?
```

Case: 6:24-cv-00007-REW-HAI   Doc #: 16-12   Filed: 01/23/24   Page: 5 of 6 - Page ID#: 1064
Case: 6:14-cr-00037-GFVT-HAI   Doc #: 416   Filed: 02/11/17   Page: 139 of 327 - Page ID#: 8067

139

```
 1        A.      Yeah, we did.
 2        Q.      Okay.  For during that time period that's
 3   referenced in here, 2007, or something, up to the
 4   suspension of the license, did you look at the amount
 5   of Schedule II controlled substances --
 6        A.      Uh-huh (affirmatively).
 7            MR. WEST:  -- in total?  I'm expecting an
 8   objection, so we're going to approach the bench.
 9            THE WITNESS:  Absolutely.  I anticipated
10   that.
11            [CONFERENCE AT THE BENCH]
12            THE COURT:  Ms. Hughes.
13            MS. HUGHES:  I believe this is outside the
14   scope of the cross-examination.  If the Court
15   disagrees with me, I will ask for some redirect
16   because the KASPER reports in this case are extremely
17   inaccurate.  It all depends on what the physician --
18   in what the pharmacist types in, and his statistics
19   are way off base.  We have an enormous spreadsheet of
20   what KASPER does.  I'm going to need either -- I
21   didn't anticipate this, but I will need to be able to
22   cross-examine him with enormous KASPER data.
23            THE COURT:  So you're -- are you going to
24   address KASPER data in your case?
25            MS. HUGHES:  No.
```

Case: 6:24-cv-00007-REW-HAI   Doc #: 16-12   Filed: 01/23/24   Page: 6 of 6 - Page ID#: 1065
Case: 6:14-cr-00037-GFVT-HAI   Doc #: 416   Filed: 02/11/17   Page: 140 of 327 - Page ID#: 8068

140

```
 1            MR. WEST:  I just wanted a substantive
 2   response.  I would disagree that's extremely
 3   inaccurate.  It's about conservatively 96 to 99
 4   percent accurate.
 5            I think what I'll do is I'll leave that
 6   question for rebuttal, if it comes out.  I'll shift
 7   onto something else.
 8            MS. HUGHES:  Okay.  That's fair enough.
 9            THE COURT:  Okay.
10            MS. HUGHES:  Thank you.
11            [IN OPEN COURT]
12            THE COURT:  You may continue, Mr. West.
13            MR. WEST:  Thank you, sir.
14       Q.   Mr. Hunter, I'm going to shift to an
15   advertisement that Ms. Hughes asked you about.  We
16   talked about the South Philadelphia Clinic?
17       A.   Uh-huh (affirmatively).
18       Q.   That was where Dr. -- what doctor was
19   working there, sir?
20       A.   Dr. Randy Weiss.
21       Q.   And he was -- that was out of the Slidell
22   corporate facility, correct?
23       A.   Yes, correct.
24       Q.   If I recall your statement, he doesn't
25   need any advertisement for the Philadelphia clinic?
```