**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON
CIVIL ACTION NO. 6:24-CV-07-REW-HAI**

*ELECTRONICALLY FILED*

**JAMES A. CHANEY,**                                                                                          **PLAINTIFF**

**v.**

**CVS PHARMACY, INC., et al.,**                                                                    **DEFENDANTS**

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

---

**I.      INTRODUCTION**

This action, filed by a former Kentucky physician, raises solely state-law claims (both common-law and state statutory claims) against the Defendant pharmacies and their agents, most of whom are citizens of Kentucky. Defendant ARH[1] removed the lawsuit purportedly on the basis of federal question jurisdiction. Because Plaintiff's Complaint asserts solely state-law claims, and because no exception to the well-pleaded complaint rule applies, this Court lacks subject-matter jurisdiction and is bound to remand the case to the Kentucky Circuit Court pursuant to 28 U.S.C. §1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded* [emphasis added]").  Remand also is required because not all defendants who were properly joined and served consented in writing to removal.  Due to ARH's illegitimate attempt to remove, solely for purposes of delay, attorneys' fees should be awarded.

---

[1] Appalachian Regional Healthcare, Inc., in its own name and d/b/a ARH Reg. Med. Ctr. Pharmacy and ARH Community Pharmacy, Helen Herald, and Hollis Harris a/k/a Hollie Crady (collectively "ARH").

## II.     RELEVANT FACTUAL BACKGROUND

Plaintiff James "Ace" Chaney is an individual and Kentucky citizen. Complaint ¶ 1. Defendants are pharmacies and their agents, most of whom are Kentucky entities and residents. *Id.* at ¶¶ 2-85. Plaintiff is a former physician who practiced in Hazard, Perry County Kentucky. *Id.* at ¶ 91. Defendants filled prescriptions and dispensed various medications in Perry County and surrounding communities. *Id.* at ¶ 93. In doing so, Defendants would place the names of the physicians to whom they attributed the prescription, the dates the prescriptions were written, and the number of prescriptions attributed, into their databases. *Id.* at ¶ 94. This information was then provided to the Kentucky All Schedule Prescription Electronic Reporting ("KASPER") database, which was maintained and monitored by the Commonwealth. *Id.* at ¶ 94.

Despite the KASPER databases reporting requirements, Defendants wrongly made it appear that Plaintiff Chaney was prescribing more controlled substances than he was actually prescribing, made it appear that he was prescribing controlled substances on days when he was not working, and made it appear that he was writing multiple prescriptions to the same individuals. *Id.* at ¶ 100. Among other acts, when receiving from patients a prescription written by Plaintiff Chaney, Defendants changed those prescriptions such that a single prescription was entered into their databases as multiple prescriptions to the same individual, changed the date those prescriptions were allegedly written, attributed to Plaintiff Chaney prescriptions written by other providers, and filled prescriptions that were unsigned, otherwise incomplete, and/or fictitious. *Id.* at ¶¶ 101-103. Because of the Defendants' wrongful acts in misattributing prescriptions to Plaintiff, Plaintiff's inaccurate and exaggerated KASPER report became a basis for the criminal investigations, and eventually the criminal indictment against him. *Id.* at ¶ 107-109.

For those reasons, Plaintiff filed a Complaint in the Kentucky Circuit Court of Perry County asserting Kentucky common-law and statutory claims against the Defendants. Specifically, Plaintiff asserted an action for monetary damages with common-law claims for negligence (Count I), negligent/fraudulent misrepresentation (Count II), false light (Count III), defamation and libel (Count IV), defamation and libel *per se* (Count V), and a Kentucky statutory claim for identity theft (Count VI), together with claims for punitive damages and attorneys' fees.

On January 16, 2024, ARH removed this lawsuit from the Perry County Circuit Court, asserting federal question jurisdiction. Although Plaintiff's Complaint asserts only state law claims, does not name any government officials or state actors as defendants, and does NOT seek to overturn his conviction, but rather, seeks only monetary damages from Defendants for their wrongful conduct, ARH states in its Notice of Removal that Plaintiff's Complaint is "an attempt at collaterally attacking that conviction." Notice of Removal, ¶ 9. ARH then asserts without explanation that that "collateral attack" "present[s] a question of federal law." *Id.* at ¶ 12.

### III.   LEGAL ARGUMENT

Plaintiff's state common-law and statutory claims do not seek to undo or collaterally attack his federal conviction, and do not present a "federal question" such that this Court has jurisdiction.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Although the federal removal statute sometimes allows a defendant to remove an action filed in state court, a defendant may only do so if the federal court would have had original jurisdiction of the matter. 28 U.S.C. §1441. As the removing party, ARH bears the burden to show by a preponderance of the evidence that Plaintiff's claims arise under federal law. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948-4 (6th Cir. 1994); ("The burden

3

to establish federal jurisdiction in this case is clearly upon the defendants as the removing party."); *Mitchell v. Allergan USA, Inc.,* No. 3:20-CV-183-RGJ, 2021 WL 6882330, at *2 (W.D. Ky. Jan. 29, 2021) ("A defendant removing a case has the burden of proving jurisdiction."). In evaluating whether a removing defendant has met its burden, federal courts must construe the removal statute narrowly, resolving any doubts against removability. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32–33 (2002).

### A. Plaintiff's Claims Are Indisputably State Law Claims and Do Not Provide a Basis for Federal Question Jurisdiction.

Since 1887 federal courts have applied the well-pleaded complaint rule, "marking the boundaries of the federal question jurisdiction of the federal district courts." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Under this rule, the plaintiff is the master of his own complaint, such that "he may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Berera v. Mesa Medical Group, PLLC¸* 779 F.3d 352, 357 (6th Cir. 2015) (*citing Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 515 (6th Cir. 2003). Where it is alleged that a plaintiff has disguised a federal claim as a state claim, the court must "consider whether the facts alleged in the complaint *actually implicate a federal cause of action*." *Berera*, 779 F.3d at 358 (emphasis added). And the question of federal law must be apparent on the face of the complaint to warrant removal. *Caterpillar*, 482 U.S at 392. All potential defenses must be ignored, even "a defense that relies on the preclusive effect of a prior federal judgment or the pre-emptive effect of a federal statute will not provide a basis for removal." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)).

4

ARH cannot dispute that Plaintiff has asserted solely state law claims. In fact, ARH, as it must, admits that fact:

> In the Complaint, Plaintiff asserts six (6) **state law claims** against Defendants: Negligence [Count I], Negligent/ Fraudulent Misrepresentation [Count II], False Light [Count III]. Defamation/Libel [Count IV], Defamation/ Libel Per Se [Count V], and Identity Theft [Count VI].

Notice of Removal, at ¶ 8 (emphasis added). To the extent ARH believes it has a defense under federal law, that is not a basis for removal. *Caterpillar*, 482 U.S. at 393; *Mikulski,* 501 F.3d at 560. *See also Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6, 123 S.Ct. 2058 (2003) (even "a defense that relies on the preclusive effect of a prior federal judgment or the pre-emptive effect of a federal statute will not provide a basis for removal."). Thus, under the well-pleaded complaint rule, there is no legitimate basis for removal.

There are recognized exceptions to the well-pleaded complaint rule, but none apply here. The first exception is known as "the artful-pleading doctrine." *Mikulski*, 501 F.3d at 561. The artful-pleading doctrine establishes federal jurisdiction "if plaintiff has drafted the complaint so as to avoid naming a federal statute as the basis for the claim, and the claim is in fact based on a federal statute." *Id*. As noted above, where it is alleged that a plaintiff has disguised a federal claim as a state claim, the court must "consider whether the facts alleged in the complaint *actually implicate a federal cause of action*." *Berera*, 779 F.3d at 358 (emphasis added); *Mikulski*, 501 F.3d at 561.

Here, there is no federal cause of action. The claims asserted by Plaintiff are indisputably state law claims, and do not depend on the analysis of any federal statute. Further the Complaint does not "actually implicate a federal cause of action." *Berera*, 779 F.3d at 358. ARH cannot even articulate what "federal cause of action" Plaintiff allegedly is pursuing. Without identifying

5

any such federal cause of action, ARH merely states (falsely) that Plaintiff is collaterally attacking his federal conviction and summarily alleges that this "present[s] a question of federal law." To the contrary, however, Plaintiff is not seeking to undo, reverse or change in any way his conviction (See Complaint, wherefore clause), and even if he was, this lawsuit does not "actually implicate a federal cause of action." As stated above, to the extent ARH believes that Plaintiff's conviction provides it a defense to Plaintiff's claims, that is not a basis for removal. This exception is not applicable.

Another exception is the "substantial federal question doctrine," which allows for removal if the cause of action "may actually arise under federal law, even though Congress has not created a private right of action, if the vindication of a right under state law depends on the validity, construction, or effect of federal law." *Mikulski*, 501 F.3d at 565. This exception has been invoked where the basis for the state claim requires a determination of the unconstitutionality of a federal statute, *Id.* at 566 (*citing Smith v. Kansas City Title & Trust Co.,* 255 U.S. 180, 199, 41 S.Ct. 243 (1921)), or where a state claim would "implicate a federal agency's ability to vindicate its own administrative action." *Id.* at 567 (*citing Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. at 310–11, 125 S. Ct. 2363 (2005)). In the latter case, the *Mikulski* Court emphasized the limited circumstances in which this exception could be invoked: "the rarity of this issue would "portend only a microscopic effect on the federal-state division of labor."" *Id. See also Empire HealthChoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 126 S.Ct. 2121, 2126–27 (2006) (finding the *Grable* doctrine to be extremely narrow).

Here, Plaintiff's claims do not depend on the constitutionality or construction of any federal law. Nor do Plaintiff's claims impact the federal government's ability to vindicate its own administrative action. No government official or state actor is named as a defendant, no relief is

sought against the government, and the requested relief does not impact in any way Plaintiff's conviction or the government's ability to investigate and indict others in any manner it deems appropriate. Plaintiff's claims do not raise a federal issue *at all*, let alone a substantial federal issue, and ARH offers no reason why Kentucky state courts cannot adequately address any such issues. Again, to the extent ARH believes that Plaintiff's federal conviction bars or limits his claims, that is a defense - not a claim brought by Plaintiff. Removal cannot be based on a potential defense to Plaintiff's state-law claims. *See supra at 5*.

### B. ARH's Recharacterization of Plaintiff's Claims Does Not Provide a Basis for Removal.

Plaintiff is NOT collaterally attacking his federal conviction with this lawsuit. Rather, he has asserted only state law claims, against only the Defendants (not the federal government), and has sought only monetary damages from the Defendants (has not sought to overturn or question his conviction based on the evidence submitted at the time). ARH's assertion that Plaintiff is doing so, despite the clear language of his complaint, does not transform Plaintiff's state law claims into federal claims. As the United States Supreme Court has held,

> a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing. Congress has long since decided that federal defenses do not provide a basis for removal.

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987). And as the United States Court of Appeals for the Sixth Circuit has stated, a defendant cannot recharacterize a plaintiff's claims in order to create a basis for removal. *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 515 (6th Cir. 2003).

The only support cited by ARH in its Notice of Removal is *Rice v. Mayor & City Council of Baltimore*, 2016 WL 1696536 (D. Md. April 28, 2016), an unreported case from the U.S. District Court for the Eastern District of Maryland. Notice of Removal, fn 2. *Rice* involved allegations of

7

constitutional violations against the city and police department of Baltimore, and two police officers. Rice's complaint explicitly alleged violations under the Fifth, Sixth and Fourteen Amendments of the U.S. Constitution claiming he was wrongfully arrested. *Id*. at *2. In deciding Plaintiff's Motion to Remand on a lack of jurisdiction grounds, the Maryland district court held,

> "Plaintiff's argument ignores the express allegations of his own Complaint—the alleged violations of his rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. Under Article III, this Court has original jurisdiction over such claims. U.S. Const. Art. III. The requirements of 28 U.S.C. § 1441 are thus satisfied."

*Id.* at *4. Plaintiff's Complaint here does not assert any constitutional violations, and does not name any state actors, and therefore *Rice* is inapposite.

After denying Rice's motion to remand, the Maryland court then dismissed Rice's case as an "attack [on] his criminal conviction through a civil rights action." *Id*. (quoting *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). The Rice court's decision on defendants' motion to dismiss in that case is of no moment here. First, courts do not address motions to dismiss unless removal is deemed proper. Plaintiff's well-pleaded Complaint asserts only state-law causes of action against private individuals and entities, and therefore, removal was NOT proper. 28 U.S.C. §1441(a). Where a federal court lacks subject-matter jurisdiction, it is empowered only to announce that fact and remand. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 7 Wall. 506, 514 (1869).").

Second, unlike Rice's complaint, Plaintiff Chaney's complaint:

      1)      does not assert any constitutional violations;

    2)  is not asserted against a state or state actors; and

    3)  is not an attempt to undo his conviction.

ARH saying that Plaintiff is collaterally attacking his conviction does not make it so. A review of Plaintiff's Complaint confirms he does not plead any federal statutory or constitutional violations, does not assert any claims against state actors, and seeks no relief with respect to his conviction. Therefore, there is no factual basis for ARH's allegations in any event.

  **C.**  **Defendants Notice of Removal Also Violates 28 U.S.C. §1446.**

28 U.S.C. §1446(b)(2) states:

> When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

In applying this provision, the United States Court of Appeals for the Sixth Circuit has stated:

> we hold that all defendants in the action ***must join in the removal petition or file their consent to removal in writing*** within thirty days of receipt of (1) a summons when the initial pleading demonstrates that the case is one that may be removed, or (2) other paper in the case from which it can be ascertained that a previously unremovable case has become removable.

*Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 516 (6th Cir. 2003) (emphasis added).

The following defendants were properly joined and served as of January 16, 2024, when ARH filed its Notice of Removal:

| Defendant | Date of Service per State Court Record (Exhibit 2 to Notice of Removal) |
|---|---|
| ARH | December 14, 2023 |
| Banks, Verlon | December 15, 2023 |
| Boggs Pharmacy, Inc. | December 18, 2023 |
| Broadway Clinic Pharmacy, Inc. | December 15, 2023 |
| Burton, Robert | December 15, 2023 |
| Complete Care Pharmacy, PLLC | December 15, 2023 |

9

| | |
|---|---|
| CVS Pharmacy, Inc. | December 15, 2023 |
| D.B. Coyle Enterprises, Inc. | December 18, 2023 |
| Dawson, Alicia | December 15, 2023 |
| Dawson, Steve | December 15, 2023 |
| Downtown Drug, Inc. | December 15, 2023 |
| Duff, Charles | December 15, 2023 |
| East Main Street Pharmacy, LLC | December 15, 2023 |
| Family Pharmacy of Jackson | December 19, 2023 |
| Harlan Medical Center Pharmacy, Inc. | December 15, 2023 |
| Hearld, Helen | December 27, 2023 |
| Holmes, Jeffrey | December 15, 2023 |
| Hometown Pharmacy of Hazard, LLC | December 15, 2023 |
| Hometown Pharmacy of Jackson, LLC | December 14, 2023 |
| Hometown Pharmacy, Inc. | December 20, 2023 |
| Hospice of the Bluegrass, Inc. | December 15, 2023 |
| Howard Family Pharmacy, Inc. | December 22, 2023 |
| Howard, Wesley | December 15, 2023 |
| Johnson, Lori | December 21, 2023 |
| Jordan Drug, Inc. | December 15, 2023 |
| Kentucky CVS Pharmacy, LLC | December 15, 2023 |
| Key, Brian | January 2, 2024 |
| King Pharmacy, Inc. | December 15, 2023 |
| Knott Prescription Center, Inc. | December 27, 2023 |
| Lackey Pharmacy, Inc. | December 15, 2023 |
| Manchester Pharmacist Group, LLC | December 15, 2023 |
| McDowell Professional Pharmacy, Inc. | December 15, 2023 |
| McIntosh Mike | December 20, 2023 |
| Mountain Clinic Pharmacy, LLC | December 15, 2023 |
| Mountain Comprehensive Healthcare[2] | December 15, 2023 |
| Napier, Rebecca Wooton | December 18, 2023 |
| Parkview Pharmacy, Inc. | December 20, 2023 |
| PEJ, Inc. | December 26, 2023 |
| Powers Pharmacy, Inc. | December 15, 2023 |
| R/X Discount Pharmacy, Inc. | December 15, 2023 |
| Short, Wendell | December 15, 2023 |
| Sizemore, Michael | December 21, 2023 |

---

[2] On January 16, 2023 Plaintiff filed an Agreed Order of Dismissal as to Mountain Comprehensive Healthcare d/b/a Leatherwood-Blackey Medical Clinic.

| | |
|---|---|
| Specialty Care Center Pharmacy of E. Kent | December 16, 2023 |
| Stallard, James | December 26, 2023 |
| Starnes, Donnie | December 16, 2023 |
| Stewart, Ronnie | December 15, 2023 |
| Sutherland, Sherry | December 18, 2023 |
| The Medicine Shoppe Hyden | December 15, 2023 |
| Thies, Daniel | December 19, 2023 |
| Thompson, F. Britton | December 15, 2023 |
| Thompson Discount Drug, Inc. | December 15, 2023 |
| Tombert, Inc. | December 16, 2023 |
| Value RX Bluegrass, LLC | December 15, 2023 |
| Value RX II, LLC | December 15, 2023 |
| Wal-Mart Stores East, LP | December 16, 2023 |
| Walters, Todd | December 20, 2023 |
| Walters-Griffen Enterprise, Inc. | December 15, 2023 |
| Wooton, Dachea | December 26, 2023 |

Despite the fact that all of the above defendants were properly joined and served more than thirty days ago, ***none*** have filed their consent to removal in writing.

ARH's Notice of Removal summarily states that "all properly joined and served Defendants have consented to removal." Notice of Removal, ¶ 17. ARH does not even identify which Defendants it believes are properly joined and served, and the footnote to paragraph 17 refers to only one co-defendant. Moreover, **counsel for several defendants have advised undersigned counsel that they were never asked to join in or consent to ARH's Notice of Removal.** While "vouching" is permitted in the Courts of this Circuit under certain circumstances (*Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195 (6th Cir. 2004)), ARH's ambiguous statement, without even identifying the defendants who consented, is insufficient. This is especially true given the fact that many of the defendants did not have counsel at the time, and several defendants' counsel have disclaimed any such consent.

11

Because all properly joined and served defendants have not joined in or filed written consents to removal, ARH's Notice of Removal does not meet the requirements of 28 U.S.C. §1446. This case should be remanded for that reason alone. Further, based on statements of various defendants' counsel to undersigned counsel, Plaintiff disputes ARH's summary assertion that all properly joined and served defendants consented to removal, and demands that ARH produce the written consent from each properly joined and served defendant. Removal should not be based on summary allegations by one defendant, especially where grounds exist for disputing such allegations.

### D.     Plaintiff Should Be Awarded Fees Pursuant to 28 U.S.C. §1447(c) for ARH's Unreasonable Removal.

ARH's erroneous removal of this action warrants an award of attorneys' fees under 28 U.S.C.A §1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *See Children's Vill. v. Greenburgh Eleven Teachers' Union Fed'n of Tchrs., Loc. 1532*, 867 F. Supp. 245, 248 (S.D.N.Y. 1994) (quoting *Morgan Guar. Tr. Co. of New York v. Republic of Palau, 971 F.2d 917, 924 (2d Cir. 1992)* ("[u]nder 28 U.S.C. § 1447(c), where a removed case is remanded the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as the result of the removal." The statute "affords a great deal of flexibility to the district courts in fashioning" such awards."). An award of attorneys' fee is discretionary and "should turn on the reasonableness of the removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136, 138 (2005).

ARH's objectively unreasonable removal warrants awarding Plaintiff his attorneys' fees in responding to that Notice. The claims asserted in the Complaint are indisputably state law claims.

ARH had to misstate Plaintiff's allegations in order to craft a basis for federal question jurisdiction, and even then, did not identify the federal question allegedly at issue. No state actors are identified as defendants, no federal claims are asserted, and no relief is sought that would undo or attack his conviction, so there is no factual basis for ARH's assertion that Plaintiff is collaterally attacking his conviction and is pursuing a federal claim. Moreover, the only case cited in support of the Notice of Removal was an unreported case that clearly was inapposite because it involved claimed violations of the United States Constitution against state actors. Nor did ARH even bother (it appears) to seek consent from all defendants.

There was no legitimate basis for removal—this was a calculated move to delay the case from moving forward. If sanctions are not awarded in cases such as this, then there is no disincentive for defendants to fraudulently remove each and every case to federal court, if for no reason other than to grant themselves an extended delay. Plaintiff is entitled to attorneys' fees and respectfully requests that this Court order the removing parties to issue payment of all just costs to Plaintiff.

## IV.   CONCLUSION

Because Plaintiff asserts only state-law claims, this Court is without federal question subject-matter jurisdiction. Remand also is required because not all Defendants consented to removal. This lawsuit is subject to mandatory remand and an award of attorneys' fees pursuant to 28 U.S.C. § 1447(c). Plaintiff's Motion to Remand should be granted.

                                        Respectfully Submitted,

                                        /s/ *Masten Childers, III*
                                        Masten Childers, III, Esq. (KBA # 94898)
                                        Aaron M. Oppegard, Esq. (KBA # 98766)
                                        Michael W. Durborow, Esq. (KBA #96710)
                                        Sarah E. Cooley, Esq. (KBA # 99993)

Madeleine R. Hamlin, Esq. (KBA #100019)
*Whiteford, Taylor & Preston, LLP*
161 N. Eagle Creek Drive, Suite 210
Lexington, Kentucky 40509
Telephone:	(859) 687-6699
Facsimile:	(859) 263-3239
mchilders@whitefordlaw.com
aoppegard@whitefordlaw.com
mdurborow@whitefordlaw.com
scooley@whitefordlaw.com
mhamlin@whitefordlaw.com
*Counsel for Plaintiff James A. Chaney*

AND

Keith E. Whitson, Esq.
	(motion for *pro hac vice* forthcoming)
Jordan E. Kelly, Esq.
	(motion for *pro hac vice* forthcoming)
*Whiteford, Taylor & Preston, LLP*
11 Stanwix Street, Suite 1400
Pittsburgh, Pennsylvania 15222
Telephone:	(412) 286-1695
Facsimile:	(412) 286-1724
kwhitson@whitefordlaw.com
jkelly@whitefordlaw.com
*Counsel for Plaintiff James A. Chaney*

AND

Justin S. Peterson, Esq. (KBA #92633)
Kellie M. Collins, Esq. (KBA #92509)
Laura Jane Phelps, Esq. (KBA #98567)
*Peterson Law Office, PLLC*
2424 Harrodsburg Road, Suite 205
Lexington, Kentucky 40503
Telephone:	(859) 469-6390
Facsimile:	(859) 469-6391
justin@justinpetersonlaw.com
kellie@justinpetersonlaw.com
laurajane@justinpetersonlaw.com
*Counsel for James A. Chaney*

14

## CERTIFICATE OF SERVICE

It is hereby certified that on the 8th day of February 2024, a true copy of the foregoing was electronically filed using the CM/ECF system and sent via email to all counsel of record.