**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**
**CIVIL ACTION NO. 6:24-CV-07-REW-HAI**

*ELECTRONICALLY FILED*

**JAMES A. CHANEY,**                                                                    **PLAINTIFF**

**v.**

**CVS PHARMACY, INC., et al.,**                                       **DEFENDANTS**

---

**PLAINTIFF'S MOTION TO STAY BRIEFING ON**
**DEFENDANTS' MOTIONS TO DISMISS**

---

Plaintiff respectfully moves the Court to stay briefing on all pending Motions to Dismiss until this Court resolves Plaintiff's Motion to Remand, and in support states the following good cause:

I. **PROCEDURAL HISTORY**

1. On December 11, 2023 Plaintiff filed this action in the Circuit Court of Perry County, Kentucky.

2. On January 16, 2024, Defendants Appalachian Regional Healthcare, Inc., Helen Herald, and Hollie Harris (collectively "ARH") removed this action to this Court. ECF No. 1.

3. In the interim, seven motions to dismiss have been filed, with Plaintiff's earliest response due on February 13, 2024.

4. Contemporaneous with the filing of this Motion to Stay, Plaintiff filed his Motion to Remand and Memorandum in Support.

5. Plaintiff's Motion to Remand questions this Court's subject matter jurisdiction.

6. Thus, until Plaintiff's remand motion is resolved, this Court is without jurisdiction to decide the merits of this action. Judicial economy is also served by staying briefing until the Court's jurisdiction is determined.

## II. LEGAL ARGUMENT

### A. A federal court must determine whether its subject matter jurisdiction over an action before ruling on its merits.

7. A federal court must resolve jurisdictional issues before it rules on the merits of a claim. *Children's Hosp. Med. Center of Akron v. Youngstown Assoc. in Radiology, Inc.*, 612 Fed. Appx. 836, 837 (6th Cir. 2015); *Sheldon v. Vilsack*, 538 F. App'x 644, 647 (6th Cir. 2013) ("Before we may address a claim's merits, we must assess whether we have jurisdiction over that claim.")

8. As such, "when confronted with a motion to remand and a motion to dismiss, a court must resolve the motion to remand first." *McNally v. Kingdom Trust Co.*, 2021 WL 4555838, at *1 (W.D. Ky. Oct. 5, 2021); *see also Nichols v. Progressive Direct Ins. Co.*, No. CIV.A.06 146 DLB, 2007 WL 1035014, at *2 (E.D. Ky. Mar. 31, 2007) ("As for the motions to dismiss, those must await consideration until after the Court first determines whether it has subject matter jurisdictional authority over this proceeding."); *Anderson v. Merck & Co., Inc.*, 417 F. Supp. 2d 842, 844 (E.D. Ky. 2006) *citing Martin v. Voinovich*, 840 F. Supp. 1175, 1185 (S.D. Ohio 1993) ("A motion questioning subject matter jurisdiction must be considered before other challenges…"); *Lindsey ex rel. Estate of DeVane v. Kentucky Med. 'nv'rs Ltd.*, No. CIV.A.05-116-DLB, 2005 WL 2281607, at *1 (E.D. Ky. Sept. 19, 2005) ("Because the motion to remand involves the core issue of the Co'rt's subject matter jurisdiction, which must be adjudicated prior to consideration of the other motions, ... the Court addresses Plaint'ff's motion to remand.")

9. Because this Court must resolve Plaintiff's Motion to Remand before deciding the merits of this action, a stay in any further briefing on any motions to dismiss is appropriate.

### B. Staying briefing on the pending motions to dismiss will serve judicial economy.

10. District Courts have broad discretion and inherent power to control and manage their own dockets including in favor of the economy of the court, counsel, and parties. *See FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014); *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977).

11. Accordingly, it is within this Court's inherent authority to stay proceedings on any motions to dismiss while a motion for remand is pending. *See, e.g., Shannon v. PNC Bank, N.A.*, 2015 WL 339577, at *2 (W.D. Ky. 2015) (staying consideration of motion to dismiss until resolving motion to remand); *Higgins v. BAC Home Loans Servicing, LP*, 2012 WL 5332476, at *2 (E.D. Ky. 2012).

12. Imposing a stay on briefing here is appropriate for two reasons.

13. First, because federal law governing motions to dismiss differs from Kentucky law, a stay in briefing ensures all parties are addressing the correct legal standard on a motion to dismiss. *See, e.g., Brown-Forman Corp. v. Miller*, 528 S.W. 3d 886, 889 (Ky. 2017).

14. Currently, Defendants' motions are pending in federal court, however, if the case is remanded and the motions re-filed, they will be governed by state law.

15. Federal courts apply a "plausibility" standard to pleading while Kentucky law is "more lenient than the federal rules" and applies the "any set of facts" standard. *Combs v. ICG Hazard, LLC*, 934 F. Supp. 2d 915, 923 (E.D. Ky. 2013).

16. Plaintiff will inevitably respond to Defendants' motions whether it be in federal court or state court, however, until this court determines its jurisdiction, Plaintiff should not be forced to respond pursuant to federal pleadings standards and again to address different state court pleading standards should the case be remanded.

17. Second, in the event Plaintiff's Motion to Remand is denied, it is in the interest of the court to delay briefing on the pending motions to dismiss until all defendants have responded to the complaint.

18. Aligning filing deadlines for all parties and coordinating a single date for plaintiff to respond and single date for oral argument is convenient for all parties and the court.

19. Granting a stay in briefing the pending motions to dismiss will not prejudice any defendants, many of whom have either not yet responded to Plaintiff's Complaint or requested their own extensions to plead until after this court resolves Plaintiff's Motion to Remand. *See* WalMart Stores East, L.P., Mike McIntosh, CVS Pharmacy Inc., and Kentucky CVS Pharmacy, LLC's Motion for Extension of Time to Respond to Complaint ECF No. 36 ¶ 5 ("Moving Defendants respectfully submit that their time to respond to Plaintiff's Complaint should be extended until Plaintiff's subject matter jurisdiction objection is resolved.")

20. In contrast, there is no question Plaintiff will be prejudiced and incur actual harm in the form of time and expense incurred to respond to multiple motions to dismiss under two separate legal standards if a stay is not granted.

21. Accordingly, Plaintiff requests that this Court enter an Order staying any briefing in pending or future motions to dismiss until Plaintiff's Motion to Remand is decided.

22. Plaintiff further requests, in the event his Motion to Remand is denied, that he be permitted forty-fix days (45) from said denial to respond to any pending motions to dismiss.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant this Motion to Stay Briefing of Defendants' Motions to Dismiss and enter the attached Proposed Order.

Respectfully Submitted,

/s/ *Masten Childers, III*
Masten Childers, III, Esq. (KBA # 94898)
Aaron M. Oppegard, Esq. (KBA # 98766)
Michael W. Durborow, Esq. (KBA #96710)
Sarah E. Cooley, Esq. (KBA # 99993)
Madeleine R. Hamlin, Esq. (KBA #100019)
*Whiteford, Taylor & Preston, LLP*
161 N. Eagle Creek Drive, Suite 210
Lexington, Kentucky 40509
Telephone: (859) 687-6699
Facsimile: (859) 263-3239
mchilders@whitefordlaw.com
aoppegard@whitefordlaw.com
mdurborow@whitefordlaw.com
scooley@whitefordlaw.com
mhamlin@whitefordlaw.com
*Counsel for Plaintiff James A. Chaney*

AND

Keith E. Whitson, Esq.
    (motion for *pro hac vice* forthcoming)
Jordan E. Kelly, Esq.
    (motion for *pro hac vice* forthcoming)
*Whiteford, Taylor & Preston, LLP*
11 Stanwix Street, Suite 1400
Pittsburgh, Pennsylvania 15222
Telephone: (412) 286-1695
Facsimile: (412) 286-1724
kwhitson@whitefordlaw.com
jkelly@whitefordlaw.com
*Counsel for Plaintiff James A. Chaney*

AND

Justin S. Peterson, Esq. (KBA #92633)
Kellie M. Collins, Esq. (KBA #92509)
Laura Jane Phelps, Esq. (KBA #98567)
*Peterson Law Office, PLLC*
2424 Harrodsburg Road, Suite 205
Lexington, Kentucky 40503
Telephone: (859) 469-6390
Facsimile: (859) 469-6391
justin@justinpetersonlaw.com
kellie@justinpetersonlaw.com
laurajane@justinpetersonlaw.com

*Counsel for James A. Chaney*

**CERTIFICATE OF SERVICE**

It is hereby certified that on the 8th day of February 2024, a true copy of the foregoing was electronically filed using the CM/ECF system and sent via email to all counsel of record.