**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON**

**ELECTRONICALLY FILED**

| | |
|---|---|
| JAMES A. CHANEY<br>    PLAINTIFF | )<br>)<br>)<br>)<br>) |
| v. | ) CASE NO.  6:24-cv-00007-REW-HAI<br>)<br>)<br>)<br>) Removed from Perry Circuit<br>) Court Case Number 23-CI-00442 |
| JORDAN DRUG, INC., ET AL.<br>    DEFENDANTS | )<br>)<br>) |

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS**

\*\*\* \*\*\* \*\*\* \*\*\*

Comes the Defendant, Jordan Drug, Inc., d/b/a Jackson Apothecary and d/b/a Breathitt Prescription Center (hereinafter collectively referred to as "Defendant"), by counsel, and for its Memorandum of Authorities in support of its Motion to Dismiss, states as follows:

**INTRODUCTION AND FACTUAL BACKGROUND**

This case arises from the criminal convictions of Plaintiff in the United States District Court for the Eastern District of Kentucky.[1] Plaintiff was previously a licensed doctor operating primarily in Hazard, Kentucky. He frequently ordered large volumes of prescriptions containing controlled substances for his patients.[2] Under Kentucky law, pharmacists must report fulfillment of prescriptions containing controlled substances.[3] These reports are made through KASPER,

---

[1] Plaintiff's Complaint at ¶ 90-119.
[2] Superseding Indictment, attached hereto as **Exhibit A**.
[3] KRS 218A.202; KAR 55:110.

which logs the prescriptions and connects them to an ordering physician's unique DEA number. These reports occur only after an ordering physician has made out the prescription. Those physicians are then able to review the prescriptions fulfilled with their DEA number through KASPER's "report cards."[4] Sometime prior to 2014, Plaintiff became the subject of a federal investigation into his practice and the distribution of controlled substances. In 2014, Plaintiff was indicted on dozens of counts pertaining to distribution of those controlled substance and conspiracy to commit same.[5]

Plaintiff was convicted in 2016 of the above crimes and was sentenced to 180 months in prison, which he is currently serving.[6] On December 11, 2023, Plaintiff filed a Complaint in the Perry County Circuit Court against over 80 defendants, alleging negligence, defamation, false light, fraud, identity theft pursuant to KRS 514.160, and Kentucky Consumer Protection Act violations, with the sum total of these allegations sounding in civil conspiracy.[7] Plaintiff is now seemingly suing every pharmacy that fulfilled prescriptions he ordered, alleging essentially that the defendants acted in concert to make false reports through the KASPER system, culminating in his convictions.[8]

I.  **LEGAL STANDARD**

To survive a motion to dismiss under FRCP 12(b)(6), a plaintiff's complaint, "…requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[9] A plaintiff's, "[f]actual allegations must be enough to raise allegations above the

---

[4] *See* KASPER Prescriber Report Card User Guide, attached hereto as **Exhibit B**.
[5] **Exhibit A**, cited *supra* note 2 (Plaintiff was indicted on one count of conspiracy to unlawfully distribute controlled substances; sixty-two counts of unlawfully distributing controlled substances; and two counts of maintaining a premises for unlawful distribution of controlled substances, and other related crimes).
[6] Plaintiff's Complaint, at ¶ 118-19.
[7] *See id.* at ¶ 126-66.
[8] *See Id.*
[9] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

2

speculative level."[10] Although FRCP 8(c)(1) identifies estoppel as an affirmative defense, an absence of real factual disputes permits dismissal on grounds of collateral estoppel.[11] A motion to dismiss will not be converted to one for summary judgment if it relies on, "public records, matters of which a court may take judicial notice."[12] Extrinsic material which merely "contours and details" the complaint, will not be enough to convert a motion to dismiss into one for summary judgment.[13] Courts permit broad leeway to introduce exhibits, "[W]here the plaintiff 'fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading.'"[14]

## II. LEGAL ARGUMENTS

### A.) Plaintiff cannot succeed on any of his claims because they are time-barred by their applicable statutes of limitation, and there is no cause for tolling.

Plaintiff's claims against Defendant are well beyond the applicable limitation periods. Statutes of limitation are premised on the idea that a Plaintiff should be encouraged to diligently pursue their claims.[15] Yet, every one of Plaintiff's claims stem from the same set of facts, going back to at least 2014.[16] Though there are several controlling statutes of limitation for Plaintiff's several claims, he is outside the applicable periods for all of them. As to Plaintiff's defamation, and negligence claims, KRS 413.140 states expressly in pertinent part:

> The following actions shall be commenced within one year:
>
> d) an action for libel or slander;
>
> f) A civil action, arising out of any act or omission, in rendering or failing to render, professional services for others…
>
> KRS 413. 140.

---

[10] *Id.*
[11] *Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839 (6th Cir. Ct. App. 2006).
[12] *Armengau v. Cline*, 7 Fed.Appx. 336, 344 (6th Cir. Ct. App. 2001).
[13] *Id.*
[14] *Thomas v. Publishers Clearing House, Inc.*, 29 Fed.Appx. 319, 322 (6th Cir. Ct. App. 2002).
[15] *CTS Corp. v. Waldburger*, 51 U.S. 1, 10 (2014).
[16] Plaintiff's Complaint at ¶ 90-125.

KRS 411.210(2) is the pertinent identity theft statute and states, "The statute of limitations for cases under provisions of this section shall be five (5) years from the date of discovery…" KRS 367.220(5) requires Kentucky Consumer Protection Act claims to be commenced, "within one (1) year after any action by the Attorney General has been terminated or within two (2) years after the violation of KRS 367.170." Finally, KRS 413.120 controls actions which are to be brought in five years, including "(11) An action for relief or damages on the ground of fraud or mistake." However, KRS 413.245 and its one-year limitation controls when the alleged fraud arises out of services provided by a licensed professional, such as a pharmacist.[17] Plaintiff's alleged injuries occurred no later than 2014, when the criminal indictments against him were filed. The plain text of these statutes shows Plaintiff has missed the window to bring his claims against Defendants.

Though false light is not expressly mentioned in any statute of limitation, the Supreme Court of Kentucky has previously held, "An action for defamation and an action for invasion of privacy (false light) are closely allied."[18] While KRS 413.160 requires actions not specified by statute to be commenced no later than ten years after accrual, false light is so substantially similar to defamation that it should be subject to the same limitation period. The same has been held in federal proceedings.[19] Indeed, false light and defamation are so comparable it is not even permissible under Kentucky law to recover for both in the same action.[20] Considering the innate similarity of defamation and false light, Plaintiff's false light claim should be similarly dismissed for being outside the limitations period.

---

[17] *See Abel v. Austin*, 411 S.W.3d 728, 738-39 (Ky. 2013).
[18] *McCall v. Courier-Journal and Louisville Times Co.*, 623 S.W.2d 882, 888-89 (Ky. 1981); *see also Bargo v. Goodwill Industries of Kentucky, Inc.*, 969 F.Supp.2d 819, 829 (E.D. Ky. 2013) (holding the one-year limitations period of defamation applied).
[19] *Porter v. Sergent*, 2020 WL 4495465 at *11 (E.D. Ky. 2020).
[20] *McCall*, 623 S.W.2d at 888-89.

Even an invocation of the discovery rule would do nothing to change the staleness of Plaintiff's claims for fraud, identity theft, and negligence. The discovery rule operates to toll the statute of limitations for applicable claims when the alleged tortious conduct is concealed from the injured party. However, it is only relevant when, "…there is a fraudulent concealment or misrepresentation by the defendant of his role in causing the plaintiff's injuries."[21] The rule examines the diligence of the party asserting the concealment, and asks what that party should have known, given its access to the same information. *See id.*

Plaintiff's criminal indictment and ensuing trial should have alerted him to any alleged conduct by Defendants which might be used to prove his allegations. Plaintiff moved the court with a Motion to Compel in his criminal proceeding, the subject of which was the data contained inside KASPER reports within the government's possession.[22] Witnesses were also examined on the veracity of the KASPER reports obtained by the government.[23] While Defendants concede nothing about Plaintiff's supposed objection to the accuracy of these reports, both the above facts would indicate Plaintiff had *actual* knowledge of the need to examine these reports during the extent of the criminal proceedings against him.[24] Even more so, considering his testimony regarding possible KASPER errors during the evidentiary hearing.[25] Though Defendants concede nothing regarding the veracity of Plaintiff's allegations, Plaintiff was perfectly aware that his defense disputed the veracity of the KASPER reports.[26] Not only did Plaintiff have an opportunity to strategize his defense and uncover any potentially exculpatory facts during the extent of the criminal proceeding against him, but he was permitted to make full use of the KASPER system to

---

[21] Q*ueensway Financial Holdings Ltd. v. Cotton & Allen, P.S.C.*, 237 S.W.3d 141, 151 (Ky. 2007); *see also Kelter v. WASP, Inc.*, 5 F.Supp.3d 856, 861 (E.D. Ky. 2014).
[22] *See* Motion to Compel Discovery, attached hereto as **Exhibit C**.
[23] *See* Testimony Transcript of James Dustin Chaney, Day 3 of 25, attached hereto as **Exhibit D**.
[24] *See* Motion to Compel Discovery.
[25] Transcript of Evidentiary Hearing, attached hereto as **Exhibit E** at P. 84-86.
[26] *See* Transcript Day of 15 of 25, attached hereto as **Exhibit F**.

5

obtain report cards, through which he could verify the veracity of orders fulfilled by Defendants.[27] No reasonable person could dispute that Plaintiff was noticed regarding any prospective claims against Defendants as it pertains to the filing of KASPER reports. Yet, he has waited until now to bring these same claims.

### B.) Plaintiff cannot succeed on any of his claims because they are barred by collateral estoppel, as they all stem from the same facts and issues litigated to conclusion in his criminal trial.

Collateral estoppel, or issue preclusion, is a broad procedural doctrine which prohibits the re-litigation of issues finally decided in a previous proceeding.[28] While ordinarily an affirmative defense, collateral estoppel can be properly brought by motion to dismiss when there is an absence of genuine factual disputes.[29] Collateral estoppel requires 1) The issue(s) at bar must be the same as the one(s) in the prior case; 2) the issue(s) must have been actually litigated; 3) the issue(s) must have been necessary to the court's judgment in the prior action; and 4) the issue(s) was/were actually subject to a final decision or judgment in that prior action.[30] When determining the applicability of collateral estoppel's preclusive effect on overlapping issues, courts ask whether the litigant against whom estoppel is asserted had a full and fair opportunity to represent their interests on those issues.[31] In practice, collateral estoppel serves to prevent the re-litigation of facts.[32]

Collateral estoppel is applicable in civil cases, where the issues at bar are the same as those decided in the criminal matter.[33] Here, Plaintiff is essentially using his claims against dozens of defendants as a collateral attack on his criminal convictions. Despite the fact that Plaintiff was

---

[27] *See* **Exhibit A**, at page 8.
[28] *In re Commonwealth Institutional Securities, Inc.*, 394 F.3d 401, 405 (6th Cir. Ct. App. 2005).
[29] *Sedley v. City of West Buechel*, 461 S.W.2d 556, 559 (Ky. Ct. App. 1970); *see also Larter & Sons v. Dinkler Hotels Co.*, 199 F.2d 854, 855 (5th Cir. Ct. App. 1952).
[30] *Miller v. Administrative Office of Courts*, 361 S.W.3d 867, 872 (Ky. 2011).
[31] *N.L.R.B. v. Kentucky May Coal Co., Inc.*, 89 F.3d 1235, 1239 (6th Cir. Ct. App. 1996).
[32] *Parklane v. Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 336 n.23 (1979).
[33] *Donovan v. Thames*, 105 F.3d 291, 295 (6th Cir. Ct. App. 1997).

convicted beyond a reasonable doubt of dozens of counts of drug distribution, he is now alleging claims against Defendants which necessarily implicate the same issues. Indeed, while Plaintiff has brought claims for negligence, fraud, identity theft, defamation, false light, and Kentucky Consumer Protection Act violations, the factual substance of these claims, taken in aggregate, hinges on the supposition that the over eighty defendants in this matter conspired to uniquely attribute false KASPER data to Plaintiff. This is a patently absurd set of factual allegations for Plaintiff to rely on to make out his claims, not least of all when he was already convicted by the strictest evidentiary standard of the very scheme he is alleging against the defendants.

Violations of 21 U.S.C. § 846 (conspiracy to unlawfully distribute controlled substances) and 21 U.S.C. § 846(a)(1), each require the accused to have a *knowing* and *intentional* state of mind.[34] Put plainly, Plaintiff must have been consciously aware of the goals of his crimes. All his claims however, spawn from the same common nucleus of fact: that the data entered into KASPER by Defendants was false. Yet, pharmacists have no obligation to enter data into KASPER until the moment they fulfill a prescriptions containing controlled substances, ordered by a physician.[35] KASPER reports are a condition subsequent to a prescription ordered by a physician.

Yet, Plaintiff has already been convicted of knowingly and intentionally distributing controlled substances.[36] His role in the scheme he now attributes to the defendants in aggregate was already determined beyond a reasonable doubt by the jury that voted to convict him.[37] The facts that Plaintiff must order a prescription and that Defendants would only then fill that prescription, are not substantively separate facts. Rather, they are the very same issue by virtue of Plaintiff's conviction.[38]

---

[34] *See* **Exhibit A,** cited *supra* note 2 at P. 11-12.
[35] KRS 218A.202; KAR 55:110.
[36] Plaintiff's Complaint ¶ 118.
[37] *See* Verdict Form, attached hereto as **Exhibit G**.
[38] *See* **Exhibit A**, cited *supra* note 2 at P. 11-12.

Now, Plaintiff intends to attack his convictions by the only remaining means. He had a full and fair opportunity to obtain evidence during his criminal proceeding. He was presumably permitted to examine witnesses and make defenses.[39] Plaintiff had a full opportunity to represent his interests on this matter, all the way through the unsuccessful appeal of his criminal convictions.[40] He cannot therefore maintain any of his claims arising out of the allegations that KASPER reports were entered negligently, fraudulently, intentionally, knowingly, or recklessly by Defendants, if it was his knowing and intentional acts which served as the factual origin point for their making those reports in the first place. These are the same issues, and they are foreclosed. To say otherwise would be tantamount to permitting a collateral attack on the judgment from the prior criminal proceeding, brought only after he has completely exhausted all procedural remedies for escaping the consequences of his own conduct.

**C.) Even excluding the preceding arguments, Plaintiff does not allege specific facts which elevate his claims beyond a speculative level of pleading, and therefore, they should be dismissed.**

Plaintiff specifically alleges negligence, fraud, identity theft, defamation, false light, and Kentucky Consumer Protection Act violations.[41] However, he has alleged none of them with the detail necessary to maintain his action. To resist a motion to dismiss for failure to state a claim, a plaintiff's complaint requires that, "Factual allegations must be enough to raise allegations above the speculative level."[42] Yet, Plaintiff has failed this requirement on all his claims.

**C1.) Negligence**

Plaintiff has alleged that Defendants are negligent because they filed inaccurate KASPER reports. Negligence requires 1) the existence of a duty; 2) a breach of that duty traceable to the

---

[39] *United States v. Chaney*, 921 F.3d 572, 590, 593-94, 597 (6th Cir. Ct. App. 2019).
[40] *See id.*
[41] Plaintiff's Complaint at ¶ 126-66.
[42] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

defendant, and; 3) damages stemming therefrom.[43] However, Plaintiff has done nothing in his Complaint to identify a duty, if any, owed to him by the Defendants.[44] As a result, Plaintiff has not even alleged the very minimum in his Complaint necessary to sustain an action for negligence.[45]

### C2.) Fraudulent Misrepresentation

Kentucky law mandates that fraudulent misrepresentation requires 1) a material statement made to the plaintiff; 2) which was false; 3) made knowingly or recklessly with the respect to its falsity; 4) made with the intent that plaintiff rely on said representation; 5) plaintiff reasonably relied on that representation and ; 6) the misrepresentation caused injury to the plaintiff.[46] Fraud is further subject to heightened pleading standards under the Federal Rules of Civil Procedure. A plaintiff alleging fraud can only defeat a motion to dismiss when he 1) specifically identifies the fraudulent statements; 2) identifies the speaker; 3) pleads when and where the statements were made; and 4) identifies what made the statements fraudulent.[47] However, not only has Plaintiff failed to plead *any* facts which even intimate that Defendants made any statements to him intended to induce an act, but plaintiff likewise fails to identify the specific statement which were fraudulent, when they were made, and what makes them fraudulent.[48] Nor has Plaintiff even correctly identified in his Complaint the correct legal standard by which fraudulent misrepresentation is pled.[49] The same means he also categorically fails to meet the heightened pleading standards required by the Federal Rules.

### C3.) Identity Theft

---

[43] *Wright v. House of Imports, Inc.*, 381 S.W.3d 209, 213 (Ky. 2012).
[44] *See* Plaintiff's Complaint at ¶ 126-29.
[45] *Wright v. House of Imports, Inc.*, 381 S.W.3d 209, 213 (Ky. 2012).
[46] *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 214 (6th Cir. Ct. App. 2019).
[47] *Republic Bank & Trust Co. v. Bear Sterns & Co., Inc.*, 683 F.3d 239, 248 (6th Cir. Ct. App. 2012).
[48] Plaintiff's Complaint at ¶ 130-38.
[49] *Bisig*, 940 F.3d at 214.

Plaintiff's identity theft claim under KRS 514.160 is not sufficiently pled. Identity theft requires knowingly possessing or using current or former identifying information of another with the intent to represent oneself as that other person.[50] However, Plaintiff has not pled that Defendants intended to appropriate Plaintiff's identifying information for the purpose of assuming his identity.[51] Plaintiff's claims stem from factual allegations regarding the Defendants' use of KASPER. However, reports made through KASPER by Defendants, is not enough on its own to maintain a claim for identity theft. KASPER reports are made by pharmacists at the point of fulfilling prescriptions to a physician's patients. The fulfilling pharmacist is *required* to use the DEA number of the ordering provider to fulfill that order.[52] The mere use of said number indicates absolutely nothing about intent of Defendants.

**C4.) Defamation**

Plaintiff alleges Defendants defamed him when they "published" KASPER reports using his DEA number.[53] This claim is not one entitled to relief under the law. Kentucky law requires a plaintiff to prove defamation by 1) identifying an unprivileged communication to a third-party; 2) which is false and defamatory; 3) with fault amounting to at least negligence; and 4) damage.[54] A statement is false and defamatory when it 1) brings an individual into public hatred; 2) causes him to be shunned or avoided; or 3) injures him in his business or occupation.[55]

However, Plaintiff's claim fails for two reasons. First, the "publication" Plaintiff alleges in his Complaint pertains to the filing of KASPER reports by Defendants. Yet, this is not speech which tends to put the Plaintiff in the public light at all, let alone a negative light. Rather,

---

[50] KRS 514.160.
[51] Plaintiff's Complaint at ¶ 156-59.
[52] KAR 55:110(2)(f).
[53] Plaintiff's Complaint at ¶ 92, 94.
[54] *Toler v. Süd–Chemie, Inc.*, 458 S.W.3d 276, 281-82 (Ky. 2014).
[55] *Doe v. Coleman*, 436 S.W.3d 207, 210 (Ky. Ct. App. 2010).

information disclosed to the government of Kentucky stays exclusively with the government. The reason why the information pertaining to Plaintiff was exposed to the public was because of his own conduct in carrying out a criminal drug distribution enterprise. Indeed, the information itself is not defamatory at all. KASPER reports merely contain information pertaining to the prescriptions made by ordering providers.[56] Plaintiff's loss of business and damage to his reputation come not from Defendants' KASPER reports, but from the government's decision to prosecute him due to his own conduct.

Further, for defamation to be actionable, it must pertain to an *unprivileged* communication to a third-party. However, Kentucky law expressly privileges communications compelled by law.[57] Kentucky law also requires pharmacists to make KASPER reports whenever a prescription containing a controlled substance is fulfilled.[58] As such, the reports made by Defendants cannot be defamatory because they are categorically privileged as communications required under the law.[59]

### C6.) False Light

False light is an analog to defamation. It is premised on the invasion of privacy, and requires details pertaining to plaintiff to be brought before the public.[60] False light requires a showing of 1) that the defendant put the plaintiff in a false light before the public which would be highly offensive to a reasonable person; and 2) that this was done with either knowledge by the defendant or reckless disregard as to the falsity of the publicized matter which put the plaintiff in false light.[61]

---

[56] *See* KASPER Controlled Substance Reporter Guide, at P. 23-30, attached hereto as **Exhibit H**.
[57] *Hill v. Kentucky Lottery Corp.*, 327 S.W.3d 412, 425 (Ky. 2010) ; see also
[58] KRS 218A.202; 902 KAR 55:110.
[59] *See Hill*. 327 S.W.3d at 425.
[60] *McCall v. Courier-Journal and Louisville Times Co.*, 623 S.W.2d 882, 887-88 (Ky. 1981).
[61] *Id.*

Here, Defendants merely fulfilled their legally-compelled obligations to communicate information about the fulfillment of prescriptions containing controlled substances to the Kentucky government. Those communications were shared exclusively with the government, not the greater public.[62] Defendants would have no reason to believe nor suspect that the information they were sharing through KASPER would ever bring Plaintiff into the public's light at all. Further, the fact that Plaintiff was eventually indicted was not caused by the legally-obligated reports made by Defendants, but by his own conduct. Had Plaintiff not been involved in a criminal drug distribution enterprise, none of the information ever would have become public, and he implicitly concedes as much in his own Complaint.[63] As such, Plaintiff cannot sustain his false light claim.

**C7.) Kentucky Consumer Protection Act Violations**

Under Kentucky law, a party wishing to recover for an alleged Kentucky Consumer Protection Act violation must be in privity with the other party.[64] Alleged violations are generally premised on, "…an action by a purchaser against [the] immediate seller."[65] However, Plaintiff has not alleged any privity between himself and the Defendants. Moreover, he has not alleged Defendants are sellers, within the context of the Kentucky Consumer Protection Act.[66] Nor has Plaintiff even identified the particular statute which he alleges Defendants violated pursuant to his Kentucky Consumer Protection Act claims.[67] As such, Plaintiff's Kentucky Consumer Protection Act claim does not just fail to lay out a claim consistent with the law of Kentucky, but because it lacks the requisite specificity to properly notice the Defendants upon what basis the claim is being made.[68]

---

[62] *See* **Exhibit I**, cited *supra* note 55 at P. 20-23 (KASPER reports utilize encryption to protect the content of the shared information).
[63] Plaintiff's Complaint at ¶ 112-14.
[64] *Helton v. American General Life Ins. Co.*, 946 F.Supp.2d 695, 702 (W.D. Ky. 2013).
[65] *Id.*
[66] Plaintiff's Complaint at ¶ 159.
[67] *Id.*
[68] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**D.) Plaintiff's remaining counts of "causation," "attorney's fees," and "punitive damages," are not causes of action.**

The remaining "claims" in Plaintiff's Complaint should likewise be dismissed. Plaintiff' lays out what are essentially prayers for relief or demands for damages as independent and free-floating causes of action.[69] Further, attorney's fees are ordinarily not recoverable unless explicitly identified as such by statute or contract. However, Plaintiff does not allege any such statute or contract in his Complaint.[70]

IV. **CONCLUSION**

For the foregoing reasons, even if Plaintiff was able to prove the allegations contained within his Complaint, the applicable statutes of limitation completely bar his success on any and all of his claims. As such, he is unable to succeed under any set of facts, and Defendant is entitled to a dismissal with prejudice of Plaintiff's claims against it.

---

[69] *Sheehan v. Turner Construction Company*, 2019 WL 1320046 at *11 (E.D. Ky. 2019).
[70] Plaintiff's Complaint at ¶ 159.