UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

FILED ELECTRONICALLY

## NO. 14-CR-00037-GFVT

UNITED STATES OF AMERICA                                         PLAINTIFF

V.

JAMES A. CHANEY,                                               DEFENDANTS
ACE CLINIQUE OF MEDICINE, LLC

---

## MOTION TO COMPEL DISCOVERY

---

Defendants, James A. Chaney and Ace Clinique of Medicine, LLC, by counsel, respectfully move the Court for an Order compelling the United States to produce certain discovery, to-wit, all documents and data (including electronic data, if applicable) upon which the United States relied in creating a certain spreadsheet provided to Defendants on March 18, 2015 (the "Spreadsheet").

According to the United States, the Spreadsheet represents an itemization of each prescription the United States contends was pre-signed by James A. Chaney and issued

**EXHIBIT C**

on a date when Dr. Chaney was out of the country.[1]  The Spreadsheet itemizes 1,206 prescriptions that the United States has advised it intends to prove were issued without a legitimate medical purpose and outside the course of professional practice.  For each prescription, the following information is provided, by separate column:  doctor number, doctor name, prescription number, city where pharmacy is located, pharmacy name, number of days' supply of the drug prescribed, metric quantity of the drug prescribed, date written, name of drug, patient zip code, patient ID number and patient name.  In addition to the Spreadsheet, the United States has previously provided copies of thousands of prescriptions obtained by the grand jury via subpoena served on 78 pharmacies.  Thus, counsel undertook to search out the actual prescription related to each item on the Spreadsheet.

It quickly became obvious that that data used to create the Spreadsheet had not come from the actual prescriptions, inasmuch as many of the corresponding prescriptions were written on dates different than the date indicated by the Spreadsheet.  Quite a few prescriptions show that they were not written by Dr. Chaney at all, but were issued by another practitioner at Ace Clinique of Medicine, and a handful were written by

---

[1]     The United States acknowledges that some of the dates for which prescriptions are identified are dates on which Dr. Chaney left or returned to the country and that he may have been present at Ace Clinique of Medicine before or after traveling.  In other words, the United States provided the most expansive list possible, erring on the side of inclusion, in order to avoid any questions later.

Case: 6:24-cv-00007-REW-HAI   Doc #: 60-4   Filed: 02/22/24   Page: 3 of 5 - Page ID#:
1762
Case: 6:14-cr-00037-GFVT-HAI   Doc #: 129   Filed: 04/22/15   Page: 3 of 5 - Page ID#:
1282

physicians not even associated with Ace Clinique of Medicine.  By letter dated March 23,

2015, Defendants' counsel requested of the United States as follows:

> Third, it is obvious to me that the data on the
> spreadsheet has not been taken from the actual prescriptions
> themselves, at least with respect to the entries beginning in
> 2011.[2]  I conclude, therefore, that the data was taken from
> Kasper.[3]  Please correct me if I am wrong (and it won't be the
> first time), but I do not believe the Kasper reports were
> included in the discovery thus far provided.  Irrespective of
> whether the data was taken from Kasper or some other
> source, I believe the source of the underlying data is properly
> discoverable.

The United States did not respond to this request directly, or perhaps

misunderstood it.   In either event, the United States has declined to provide any

discovery involving Kasper records in the absence of an Order of the Court.  In its April

3, 2015, response, the United States advised:

> Third, Chaney, as a physician, is capable of obtaining
> a Kasper report on his own prescriptions himself.  It is the

---

[2]     Since writing the letter of March 23, Defendants have completed their initial
analysis of the Spreadsheet entries and the inconsistencies between the data on the
Spreadsheet and the underlying prescriptions persist throughout.  Furthermore, not all
prescriptions relating to the items in the Spreadsheet can be located within the discovery
thus far produced by the United States, confirming Defendants' conclusion that the
prescriptions themselves were not the source data for the Spreadsheet.

[3]     "Kasper," of course, is the commonly used acronym for Kentucky All Schedule
Prescription Electronic Reporting, which purports to be a centralized database for
controlled substance prescriptions within the Commonwealth, comprised of data entered
by the pharmacies filling prescriptions.

consensus opinion within this office that a court order is required to be able for law enforcement to be able to provide a Kasper report for a defendant.  In light thereof, I would suggest a Motion be filed with the court for which we will respond immediately.  Unless I am advised to the contrary, I would anticipate that the United States would have no objection to the Motion.

As explained above, Defendants are not requesting production of something the United States does not already have; Defendants do not expect the United States to generate a Kasper report if one was not used to create the Spreadsheet.  Rather, Defendants are merely seeking documents or data used to create the Spreadsheet, and Defendants suspect that the underlying source data came from Kasper.  Whether Kasper was the source or not, the data contained in the Spreadsheet must have come from somewhere other than the prescriptions that have been provided, and that source data is material to preparing the defense of the case.  It is, therefore, discoverable under Fed.R.Cr.P. 16(a)(1)(E).

WHEREFORE, Defendants James A. Chaney and Ace Clinique of Medicine, LLC, respectfully request an Order compelling the United States to provide the underlying data from which the Spreadsheet was created.

4

Respectfully submitted,

/s/ Elizabeth S. Hughes

Elizabeth S. Hughes
**GREEN CHESNUT & HUGHES PLLC**
201 East Main Street, Suite 1250
Lexington, Kentucky 40507
Telephone: (859) 475-1471
Facsimile:  (859) 455-3332
Email:  ehughes@gcandh.com

and

Larry A. Mackey
Kathleen L. Matsoukas
**BARNES & THORNBURG LLP**
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone:  (317) 236-1313
Facsimile:  (317) 231-7433
Email:  lmackey@btlaw.com
Email:  kathleen.matsoukas@btlaw.com
**ATTORNEYS FOR DEFENDANTS
JAMES A. CHANEY AND ACE CLINIQUE
OF MEDICINE, LLC**

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing **MOTION TO COMPEL DISCOVERY** has been served on April 22, 2015, via the Court's ECF system, which will send electronic notice to counsel of record.

/s/ Elizabeth S. Hughes
**ATTORNEY FOR DEFENDANTS**