1

```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF KENTUCKY
                 SOUTHERN DIVISION AT LONDON

UNITED STATES OF AMERICA,

     PLAINTIFF,
                                 Criminal No. 6:14-CR-37
VS.                              At London, Kentucky
                                 March 30, 2016
                                 9:33 a.m.

JAMES ALVIN CHANEY, M.D.,
a/k/a ACE CHANEY, LESA L. CHANEY,
and ACE CLINIQUE OF MEDICINE, LLC,

     DEFENDANTS.

    TRANSCRIPT OF JURY TRIAL PROCEEDINGS BEFORE
    U.S. DISTRICT JUDGE GREGORY F. VAN TATENHOVE
                  DAY 15 OF 25 DAYS

APPEARANCES:

For the Plaintiff:    Hon. Andrew Sparks
                      Hon. Roger West
                      Assistant United States Attorneys
                      260 West Vine Street
                      Suite 300
                      Lexington, Kentucky  40507-1612
                      (859) 685-4895

For the Defendant     Hon. Elizabeth Snow Hughes
James A. Chaney       Green, Chesnut & Hughes, PLLC
and Ace Clinique:     201 East Main Street, Suite 1250
                      Lexington, Kentucky  40507
                      (859) 475-1471

For the Defendant     Hon. Robert L. Abell
Lesa L. Chaney:       120 North Upper Street
                      P. O. Box 983
                      Lexington, Kentucky 40588-0983
                      (859) 254-7076


       Proceedings recorded by mechanical stenography,
   transcript produced by computer.
```

SANDY C. WILDER, RMR, CRR, OFFICIAL COURT REPORTER
310 South Main Street, Suite 317, London, Kentucky  40745
(859) 516-4114

**EXHIBIT F**

Case: 6:24-cv-00007-REW-HAI   Doc #: 60-7   Filed: 02/22/24   Page: 2 of 5 - Page ID#: 7930
Case: 6:14-cr-00037-GFVT-HAI   Doc #: 411778iled: 02/11/17   Page: 2 of 327 - Page ID#:

2

1
                              INDEX
2
    Colloquy                                             3-40
3
    Direct Examination of RANDY HUNTER
4        By:  Mr. West                                   41-109

5   Cross-examination
         By:  Ms. Hughes                                 110-128
6
    Cross-examination
7        By:  Mr. Abell                                  129-130

8   Redirect Examination
         By:  Mr. West                                   130-146
9
    Colloquy                                             146-162
10
    Rule 29 Motions                                      162-258
11
                          DEFENSE PROOF
12
    Direct Examination of JOSEPH L. SKEENS
13       By:  Ms. Hughes                                 248-269

14  Cross-examination
         By:  Mr. Sparks                                 269-283
15
    Redirect Examination
16       By:  Ms. Hughes                                 283-284

17  Colloquy                                             284-327

18  Reporter's Certificate                               327

19

20

21

22

23

24

25

```
 1  thyroid medicine and other things like that for
 2  diabetes and things.  Those -- those aren't controlled
 3  substances, though, right?
 4       A.      No, they're not.
 5       Q.      So there's really not a -- is there a, to
 6  your knowledge, a crime if someone's unlawfully
 7  dispensing a noncontrolled substance?
 8       A.      If they're unlawfully dispensing --
 9          MR. WEST:  Yes.
10       A.      -- a noncontrolled substance?
11       Q.      Let me ask that question a little
12  differently because I didn't ask it well enough.
13       A.      Okay.
14       Q.      Is there a crime if someone distributes
15  thyroid medication improperly?
16       A.      Yes, there is.
17       Q.      Okay.  But it's not controlled substances,
18  right?
19       A.      Well, there's also, if you look at the
20  state charges, a charge called trafficking in a legend
21  drug, which is a noncontrolled substance, which is the
22  improper dispensation.
23       Q.      Okay.  Now, if in preparation for one of
24  -- that question that Ms. Hughes was going to ask you,
25  did you look at the KASPER records for Dr. Chaney?
```

Case: 6:24-cv-00007-REW-HAI Doc #: 60-7 Filed: 02/22/24 Page: 4 of 5 - Page ID#: 1780
Case: 6:14-cr-00037-GFVT-HAI Doc #: 417 Filed: 02/11/17 Page: 139 of 327 - Page ID#: 8067
139

```
 1      A.      Yeah, we did.
 2      Q.      Okay.  For during that time period that's
 3 referenced in here, 2007, or something, up to the
 4 suspension of the license, did you look at the amount
 5 of Schedule II controlled substances --
 6      A.      Uh-huh (affirmatively).
 7              MR. WEST:  -- in total?  I'm expecting an
 8 objection, so we're going to approach the bench.
 9              THE WITNESS:  Absolutely.  I anticipated
10 that.
11              [CONFERENCE AT THE BENCH]
12              THE COURT:  Ms. Hughes.
13              MS. HUGHES:  I believe this is outside the
14 scope of the cross-examination.  If the Court
15 disagrees with me, I will ask for some redirect
16 because the KASPER reports in this case are extremely
17 inaccurate.  It all depends on what the physician --
18 in what the pharmacist types in, and his statistics
19 are way off base.  We have an enormous spreadsheet of
20 what KASPER does.  I'm going to need either -- I
21 didn't anticipate this, but I will need to be able to
22 cross-examine him with enormous KASPER data.
23              THE COURT:  So you're -- are you going to
24 address KASPER data in your case?
25              MS. HUGHES:  No.
```

Case: 6:24-cv-00007-REW-HAI Doc #: 60-7 Filed: 02/22/24 Page: 5 of 5 - Page ID#: 1781
Case: 6:14-cr-00037-GFVT-HAI Doc #: 417 Filed: 02/11/17 Page: 140 of 327 - Page ID#: 8008
140

```
 1            MR. WEST:  I just wanted a substantive
 2   response.  I would disagree that's extremely
 3   inaccurate.  It's about conservatively 96 to 99
 4   percent accurate.
 5            I think what I'll do is I'll leave that
 6   question for rebuttal, if it comes out.  I'll shift
 7   onto something else.
 8            MS. HUGHES:  Okay.  That's fair enough.
 9            THE COURT:  Okay.
10            MS. HUGHES:  Thank you.
11            [IN OPEN COURT]
12            THE COURT:  You may continue, Mr. West.
13            MR. WEST:  Thank you, sir.
14       Q.   Mr. Hunter, I'm going to shift to an
15   advertisement that Ms. Hughes asked you about.  We
16   talked about the South Philadelphia Clinic?
17       A.   Uh-huh (affirmatively).
18       Q.   That was where Dr. -- what doctor was
19   working there, sir?
20       A.   Dr. Randy Weiss.
21       Q.   And he was -- that was out of the Slidell
22   corporate facility, correct?
23       A.   Yes, correct.
24       Q.   If I recall your statement, he doesn't
25   need any advertisement for the Philadelphia clinic?
```