UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JAMES A. CHANEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 6:24-CV-7-REW-HAI |
| CVS PHARMACY, *et al.*, | ) ) | ORDER |
| Defendants. | ) ) | |

*** *** *** ***

Plaintiff James A. Chaney moves to stay briefing on all pending motions to dismiss until resolution of his motion to remand. *See* DE 49 (Motion to Stay); 48 (Motion to Remand). As grounds, Chaney indicates that "federal law governing motions to dismiss differs from Kentucky law" and that a stay "will ensure all parties are addressing the correct legal standard" in briefing those matters. DE 49 at 3. No Defendant has objected, and the deadline to do so has lapsed. *See* DE 50 (setting February 16, 2024 objection deadline).

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 117 S. Ct. 1636, 1639 (1997). The party seeking a stay bears the burden of proof. *See Ohio Envtl. Council v. U.S. Dist. Ct., S.D. Ohio*, 565 F.2d 393, 396 (6th Cir. 1977). Generally, in deciding whether to grant a stay, courts consider factors including "the potentiality of another case having a dispositive effect on the case to be stayed, the judicial economy to be saved by waiting on a dispositive decision, the public welfare, and the hardship/prejudice to the party opposing the stay, given its duration." *Higgins v. BAC Home Loans Servicing, LP*, No. 5:12-CV-183-KKC, 2012 WL 5332476, at *2 (E.D. Ky. Oct. 29, 2012) (internal quotation marks omitted) (quoting *Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004)).

1

Here, the relevant factors weigh in favor of staying briefing on the seven motions to dismiss pending resolution of Chaney's motion to remand. The public interest is served by conserving time and resources on motions as to a case that may be outside the Court's subject matter jurisdiction. Indeed, the Court cannot reach the merits of the motions to dismiss until resolving the jurisdictional question. *See Steel Co. v. Citizens for a Better Env't*, 118 S. Ct. 1003, 1020 (1998) (concluding that federal courts may not entertain the merits of an underlying claim where it lacks jurisdiction). Further, because federal courts apply a different standard than Kentucky state courts on motions to dismiss, if the briefing proceeds and the Court ultimately remands the action, the parties would likely need to re-brief the issues at the state level. *See Combs v. ICG Hazard, LLC*, 934 F. Supp. 2d 915, 923 (E.D. Ky. 2013) (noting that while Kentucky law "still follows the old notice-pleading regime" which is a "more lenient than the federal rules" (quoting *Williams v. Altman et al.*, No 12-CV-131-ART, 2013 WL 28378, at *3 (E.D. Ky. Jan. 2, 2013))). Finally, because no party objected to a stay, "any prejudice or hardship arguments have been waived[.]" *McDaniels v. United States*, No. 6:18-CV-57-DLB, 2019 WL 3996416, at *2 (E.D. Ky. July 25, 2019).

Finding the applicable factors support a stay, and given the absence of objection, the Court **GRANTS** DE 49 and **STAYS** briefing on the motions to dismiss pending resolution of the DE 48 motion to do dismiss.

This the 22nd day of February, 2024.



Signed By:
Robert E. Wier
United States District Judge