UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
AT LONDON

|  |  |
|---|---|
| JAMES A. CHANEY | )     *Electronically Filed* |
|  | ) **CASE NO. 6:24-cv-00007-REW-HAI** |
|     PLAINTIFF, | ) |
|  | ) |
| VS. | ) |
|  | ) |
| CVS PHARMACY, INC.; KENTUCKY CVS PHARMACY, LLC; RYAN MCGRAINER, Employee of CVS PHARMACY, INC.; JAMES SHACKLEFORD, Employee of CVS PHARMACY, INC.; SHERRY SUTHERLAND, Employee of CVS PHARMACY, INC.; R/X DISCOUNT PHARMACY, INC.; R/X DISCOUNT PHARMACY OF HAZARD, INC.; RICHARD K. SLONE, Owner or Employee of R/X DISCOUNT PHARMACY, INC. and/or R/X DISCOUNT PHARMACY OF HAZARD, INC.; R/X DISCOUNT PHARMACY OF HARLAN COUNTY, INC. d/b/a CLAY DISCOUNT PHARMACY; APPALACHIAN REGIONAL HEALTHCARE, INC. in its own name and d/b/a ARH REG. MED. CTR. PHARMACY and ARH COMMUNITY PHARMACY; HELEN HERALD, Owner or Employee of APPALACHIAN REGIONAL HEALTHCARE, INC. and/or ARH REG. MED. CTR. PHARMACY and/or ARH COMMUNITY PHARMACY; REBECCA WOOTEN NAPIER, Owner or Employee APPALACHIAN REGIONAL HEALTHCARE, INC. and/or of ARH REG. MED. CTR. PHARMACY and/or ARH COMMUNITY PHARMACY; HOLLY HARRIS a/k/a HOLLY CRADY, Owner or Employee of APPALACHIAN REGIONAL HEALTHCARE, INC. and/or ARH REG. MED. CTR. PHARMACY and/or ARH COMMUNITY PHARMACY; BOGGS PHARMACY INC.; BROADWAY CLINIC PHARMACY, INC. d/b/a MEDICINE CABINET PHARMACY; COMMUNITY DRUG OF MANCHESTER, INC.; MICHAEL SIZEMORE, Owner or Employee of COMMUNITY DRUG OF MANCHESTER, INC. and/or MED-MART PHARMACY, LLC; COMPLETE CARE PHARMACY, PLLC; CYNTHIA WILLIAMS, Owner or Employee of | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

COMPLETE CARE PHARMACY, PLLC; LORI )
JOHNSON, Owner or Employee of COMPLETE )
CARE PHARMACY, PLLC; D.B. COYLE )
ENTERPRISES, INC. d/b/a THE MEDICINE )
SHOPPE; TOMBERT, INC. d/b/a THE MEDICINE )
SHOPPE; DOWNTOWN DRUG, INC.; DSSK )
PHARMACEUTICAL, INC. in its own name and )
d/b/a THE MEDICINE SHOPPE HAZARD; SUSAN )
FIELDS, Owner or Employee of THE MEDICINE )
SHOPPE HAZARD; EAST MAIN STREET )
PHARMACY, LLC; DACHEA WOOTON, Owner )
or Employee of EAST MAIN STREET )
PHARMACY, LLC; FAMILY PHARMACY OF )
JACKSON; HARLAN MEDICAL CENTER )
PHARMACY, INC.; ERNEST WATTS, Owner or )
Employee of HARLAN MEDICAL CENTER )
PHARMACY; BRIAN KEY, Owner or Employee )
of HARLAND MEDICAL CENTER PHARMACY; )
HOMETOWN PHARMACY OF HAZARD, LLC; )
HOMETOWN PHARMACY OF JACKSON, )
LLC; HOMETOWN PHARMACY, INC.; JOE )
LEWIS, Owner or Employee of HOMETOWN )
PHARMACY, INC.; DOUG MORGAN, Owner or )
Employee of HOMETOWN PHARMACY, INC.; )
HOMETOWN PHARMACY OF MANCHESTER, )
LLC; MATTHEW HUTERA, Owner or Employee )
of HOMETOWN PHARMACY OF MANCHESTER, )
LLC; HOSPICE OF THE BLUEGRASS, INC.; )
JEFFREY HOLMES, Owner or Employee of )
HOSPICE OF THE BLUEGRASS, INC.; )
WENDELL SHORT, Owner or Employee of )
HOSPICE OF THE BLUEGRASS, INC.; )
HOWARD FAMILY PHARMACY, INC.; )
WESLEY HOWARD, Owner of Employee of )
HOWARD FAMILY PHARMACY, INC.; JOHNS )
CREEK DRUG CENTER, INC.; DONNIE K. )
STARNES, Owner or Employee of JOHNS CREEK )
DRUGCENTER, INC.; JORDAN DRUG, INC. )
d/b/a JACKSON APOTHECARY and d/b/a )
BREATHITT PRESCRIPTION CENTER; KING )
PHARMACY, INC.; LESLIE SCOTT KING, Owner )
or Employee of KING PHARMACY, INC.; KNOTT )
PRESCRIPTION CENTER, INC.; CHRISTOPHER )
HALL, Owner or Employee of KNOTT )
PRESCRIPTION CENTER, INC.; CHARLES )
STUART DUFF, Owner or Employee of KNOTT )

2

PRESCRIPTION CENTER, INC.; LACKEY )
PHARMACY, INC.; MOUNTAIN )
COMPREHENSIVE HEALTH CARE d/b/a )
LEATHERWOOD-BLACKEY MEDICAL CLINIC; )
VERLON BANKS, Owner or Employee of )
MOUNTAIN COMPREHENSIVE HEALTH CARE )
d/b/a LEATHERWOOD-BLACKEY MEDICAL )
CLINIC; MANCHESTER PHARMACIST )
GROUP, LLC d/b/a FAMILY DRUG CENTER; )
MCDOWELL PROFESSIONAL PHARMACY, )
INC.; STEVE DAWSON, Owner or Employee of )
MCDOWELL PROFESSIONAL PHARMACY, )
INC.; ALICIA DAWSON, Owner or Employee of )
MCDOWELL PROFESSIONAL PHARMACY, )
INC.; MED-MART PHARMACY, LLC; THE )
MEDICINE SHOPPE HYDEN; RONNIE )
STEWART, Owner or Employee of THE MEDICINE )
SHOPPE HYDEN; MOUNTAIN CLINIC )
PHARMACY, LLC; BROOKS WEBB, )
Owner or Employee of MOUNTAIN CLINIC )
PHARMACY, LLC; PARKVIEW PHARMACY, )
INC.; PEJ, INC. in its own name and d/b/a )
HOMETOWN PHARMACY OF JACKSON; THE )
PLAZA PHARMACY, PLLC; POWERS )
PHARMACY, INC.; PROFESSIONAL )
PHARMACY OF HAZARD, PLLC; DANIEL )
THIES, Owner or Employee of PROFESSIONAL )
PHARMACY OF HAZARD, PLLC; SPECIALTY )
CARE CENTER PHARMACY OF E. KENTUCKY; )
BARRY MARTIN, Owner or Employee of )
SPECIALTY CARE CENTER PHARMACY OF )
E. KENTUCKY and/or EAST MAIN STREET )
PHARMACY, LLC; ROBERT BURTON, Owner or )
Employee of SPECIALTY CARE CENTER )
PHARMACY OF E. KENTUCKY and/or EAST )
MAIN STREET PHARMACY, LLC; STALLARD'S )
PHARMACY, INC. in its own name and d/b/a )
FAMILY DRUG OF NEON; JAMES CRAIG )
STALLARD, Owner or Employee of STALLARD'S )
PHARMACY, INC. and/or FAMILY DRUG OF )
NEON; WALTERS-GRIFFIN ENTERPRISE, )
INC. d/b/a SUPERIOR DRUG; WILLIAM REED )
HALL, Owner or Employee of WALTER-GRIFFIN )
ENTERPRISES, INC. d/b/a SUPERIOR DRUG; )
ROBERT WALTERS, SR., Owner or Employee of )
WALTER-GRIFFIN ENTERPRISES, INC. d/b/a )

| | |
|---|---|
| SUPERIOR DRUG; THOMPSON DISCOUNT DRUG, INC.; F. BRITTON THOMPSON, Owner or Employee of THOMPSON DISCOUNT DRUG, INC.; VALUE RX BLUEGRASS, LLC; VALUE RX II, LLC; TODD WALTERS, Owner or Employee of VALUE RX BLUEGRASS, LLC and/or VALUE RX II, LLC; WAL-MART STORES EAST, LIMITED PARTNERSHIP; MIKE MCINTOSH, Owner or Employee of WAL-MART STORES EAST, LIMITED PARTNERSHIP; and JOHN DOE I THROUGH JOHN DOE XL, the Unknown Employees and/oor Owners of the Defendants named herein<br><br>        DEFENDANTS | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN OPPOSITION TO MOTION TO REMAND**

Come the Defendants, RX Discount Pharmacy, Inc., Richard K. Slone, RX Discount Pharmacy of Harlan County, Inc., d/b/a Clay Discount Pharmacy, Boggs Pharmacy, Inc., Broadway Clinic Pharmacy, Inc. d/b/a Medicine Cabinet Pharmacy, Community Drug of Manchester, Inc., Michael Sizemore, Complete Care Pharmacy, PLLC, Cynthia Williams, Lori Johnson, Downtown Drug, Inc., East Main Street Pharmacy, LLC, Dachea Wooten, Family Pharmacy of Jackson, Harlan Medical Center Pharmacy, Inc., Ernest Watts, Brian Key, Hometown Pharmacy of Jackson, LLC, Hometown Pharmacy, Inc., Joe Lewis, Doug Morgan, Howard Family Pharmacy, Inc., Wesley Howard, John's Creek Drug Center, Inc., Donnie K. Starnes, King Pharmacy, Inc., Leslie Scott King, Knott Prescription Center, Inc., Christopher "Todd" Hall, Charles Stuart Duff, Lackey Pharmacy, Inc., McDowell Professional Pharmacy, Inc., Steve Dawson, Alicia Dawson, Med-Mart Pharmacy, Inc., The Mountain Clinic Pharmacy, LLC, Brooks Webb, Parkview Pharmacy, Inc., PEJ, Inc., Powers Pharmacy, Inc., Professional Pharmacy of Hazard, PLLC, Daniel Thies, Specialty Care Center Pharmacy of E. Kentucky, Barry Martin,

4

Robert Burton, Stallard's Pharmacy, Inc., in its own name and d/b/a Family Drug of Neon, James Craig Stallard, Value RX II, LLC, and Todd Walters, (hereinafter "Defendants"), by counsel, and in Response to Plaintiff's Motion to Remand, hereby states as follows:

## I. INTRODUCTION AND FACTUAL BACKGROUND

On October 2, 2014, Plaintiff was indicted on 12 felony counts sounding in conspiracy to unlawfully dispense controlled substances.[1] On December 15, 2015, a superseding indictment was filed containing 256 felony counts sounding in conspiracy to unlawfully dispense controlled substances and defraud Medicare.[2] Plaintiff's trial began on February 29, 2016, and two months later, a jury found Plaintiff guilty on 182 counts.[3] Plaintiff was subsequently sentenced to 180 months in prison, three years of home incarceration, and ordered to pay $12,703,796 in restitution.

Nearly ten years after he was indicted, Plaintiff, James Ace Chaney, filed a civil action on December 11, 2023, in the Perry Circuit Court alleging negligence, negligent/fraudulent misrepresentation, false light, defamation and libel, defamation and libel per se, and identity theft, seeking punitive damages and attorneys' fees against over 80 Defendants.[4] In so doing, Plaintiff is effectively arguing that the Defendants in this matter caused him to be guilty of the federal charges brought against him and for which he was found guilty of committing crimes that required intentionality.

On January 16, 2024, Defendants Appalachian Regional Healthcare, Inc., in its own name and d/b/a ARH Reg. Med. Ctr. Pharmacy and ARH Community Pharmacy, Helen Herald, and Hollie Harris a/k/a Hollie Crady filed a Notice of Removal in the Federal District Court for the Eastern District of Kentucky.[5] As indicated in the civil cover sheet, Defendants removed the action

---

[1] *See* Indictment P. 2-14 attached hereto as **Exhibit 2**.
[2] *See* Indictment P. 12-39 attached hereto as **Exhibit 3**.
[3] *See* Verdict Form attached hereto as **Exhibit 4**.
[4] *Kentucky Trial Court Review*, December 2023, attached as **Exhibit 1**.
[5] See Notice of removal, attached hereto as **Exhibit 5**.

5

based on their understanding that the Plaintiff's Complaint implicated a federal question, removal was timely, venue was proper, and that all served Defendants had consented to removal.

On February 8, 2024, Plaintiff filed his Motion to Remand and supporting memorandum which argues that Plaintiff's claims are state law claims that do not provide a basis for federal question jurisdiction, that Defendant ARH has misstated Plaintiff's allegations as a collateral attack on his criminal conviction to create a basis for removal, that Defendants did not consent to removal, and that Plaintiff should be awarded fees pursuant to 28 U.S.C. §1447(c) because removal is unreasonable.[6] This Court should deny Plaintiff's Motion to Remand because Plaintiff's claims necessarily implicate a federal question as they are inextricably tied to his federal criminal conviction, Defendants consented to removal, and there is an objectively reasonable basis for removal.  Plaintiff's allegations are addressed below.

## II. ARGUMENT

Resolution of Plaintiff's claims necessarily turn on whether Plaintiff had notice of any alleged misattributions of controlled substances resulting from his federal criminal indictment and subsequent conviction.  Plaintiff has allowed his causes of action to lie dormant for more than ten years.  As such, records upon which Defendants could mount a defense against the Plaintiff's allegations have long since been destroyed.  An understanding of the extent to which Plaintiff had notice of any alleged misattributions of controlled substances will require subpoenaing the testimony of the United States Attorneys that successfully prosecuted Plaintiff's criminal trial.  As employees of the Department of Justice, their testimony cannot be subpoenaed in state court[7] because sovereign immunity will bar the enforcement of such a subpoena.[8] As such, this Court has

---

[6] Plaintiff's Memorandum of Law in Support of Motion to Remand at 4-13.
[7] *In re Elko County Grand Jury*, 109 F.3d 554 (9th Cir. 1997).
[8] *Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 314 (7th Cir. 1994).

6

federal question jurisdiction because Plaintiff was criminally convicted under federal statute existing as a consequence of the Federal Comprehensive Drug Abuse Prevention and Control Act of 1970. Additionally, while anticipated defenses do not factor into the jurisdictional analysis, this Court is the only proper venue for Defendants to elicit the necessary facts to mount a defense.

**A.) This Court has federal question jurisdiction because Plaintiff's Complaint necessarily implicates federal statutory law.**

**1. Artful Pleading Doctrine**

Under the well-pleaded complaint rule, the existence of federal question jurisdiction is established or not on the face of the Plaintiff's Complaint.[9] Federal question jurisdiction cannot be created by any anticipated defenses to the Plaintiff's Complaint.[10] However, the artful pleading doctrine is one exception to the well-pleaded complaint rule, which requires this Court to consider whether facts alleged in the Complaint *implicate* a federal cause of action where it is alleged that a plaintiff has disguised federal claims as state law claims.[11]

The Comprehensive Drug Abuse Prevention and Control Act of 1970 first promulgated national standards for the scheduling of controlled drugs.[12] The Act was drafted out of concern that trafficking controlled substances had a "substantial and detrimental" effect on the country's "general welfare" as much of that traffic flowed through interstate commerce.[13] In 1998, the Kentucky General Assembly created the Kentucky All Schedule Prescription Electronic Reporting database commonly known as KASPER. Similar prescription drug monitoring programs now exist in 49 states and the District of Columbia.[14] Pharmacists would be discouraged in fulfilling their

---

[9] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391 (1987).
[10] Mikulski v Centerior Energy Corp., 501 F.3d 555, 558 (6th Circ. 2007).
[11] *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 356 (6th Cir. 2015).
[12] 21 U.S.C.A. §801 (1970).
[13] *Id.*
[14] prescription-drug-monitoring-programs-by-state.pdf (fsmb.org)

KASPER reporting requirements if they are simultaneously worried that a party convicted under the federal drug control law can sue them for fulling their legal requirements. Plaintiff is attacking the Defendants with disguised federal claims, but does not want them to avail themselves of the federal court. Allowing Plaintiff's artful pleading that Defendants damaged him through their allegedly negligent use of the KASPER system imperils the very federal mission that KASPER supports.

   21 U.S.C. § 843, under which Plaintiff was convicted, requires a defendant to knowingly and intentionally obtain controlled substances by fraud, deceit, or misrepresentation.[15] 21 USC § 856, under which Plaintiff was convicted, requires a defendant to knowingly maintain a premises for the purpose of distributing a controlled substance.[16] The claims in Plaintiff's Complaint, as alleged, include the same elements as the federal criminal statutes. His claims are therefore analogous to alleging Defendants aided and abetted in violating the very same federal laws for which he was convicted, but he has labeled such allegations as state law claims to avoid this Court's subject matter jurisdiction. It would undermine the general mission the federal government has undertaken to regulate controlled substances if private plaintiffs could use federal drug control law as a club to bludgeon parties who were not investigated, indicted, nor convicted of these laws. Pharmacists who abide by drug control law which aims to support and enforce the federal government's uniform regulation of controlled substances should not be left to question whether they can avail themselves of federal courts, nor should the federal government be barred from ensuring its interests are properly protected by litigating such matters within its own venue. The law is clear that such artful pleading cannot keep a plaintiff out of federal court.[17]

---

[15] 21 U.S.C. § 843(a).
[16] 21 U.S.C. § 856(a)(1).
[17] *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555 (6th Cir. Ct. App. 2007).

In his Memorandum of Law in support of his Motion to Remand, Plaintiff cited to *Berera*[18] to contend that federal question jurisdiction does not lie with this Court because the Plaintiff has made only state law claims.[19] However, *Berera* supports the Defendants' position that this Court should deny Plaintiff's Motion to Remand because Plaintiff has disguised his claims, which clearly arise under federal law, as state law claims. In *Berera*, the Court analyzed the artful pleading doctrine. The plaintiff therein brought a state law cause of action against her employer for unpaid wages because she believed her employer was collecting both her and its required 7.65% Federal Insurance Contribution Act (FICA) contribution from her wages.[20] The Court held that because plaintiff failed to exhaust her administrative remedies by filing for a refund from the Internal Revenue Service, that plaintiff's 'state law claims' were actually federal claims in disguise and affirmed the District Court's ruling denying plaintiff's Motion to Remand.[21]

As in the *Berera* suit, this Court should deny Plaintiff's Motion to Remand. On the face of his Complaint, Plaintiff has alleged state law claims, Defendant ARH stated as much in its Notice of Removal.[22] However, federal question jurisdiction exists because Plaintiff's Complaint implicates a federal cause of action by essentially arguing that Defendants failed their duty of care by documenting the criminal activities that eventually led to his conviction.[23]

Plaintiff cannot reasonably argue that his allegations as presented do not arise from the federal charges against him and the federal criminal trial that ended in a resounding conviction. Plaintiff would have this Court believe that he allegedly never had notice of the information that forms the bases of the federal criminal charges despite being investigated, indicted, convicted of

---

[18] *Id*.
[19] Plaintiff's Memorandum of Law in Support of its Motion to Remand at 4.
[20] *Berera* at 354.
[21] Id. At 363.
[22] See **Exhibit 5**.
[23] Plaintiff's Complaint at ¶ 132-136

9

182 felony charges, and exhausting the appeals process.[24] Now, Plaintiff has filed the instant action which argues that he did not possess the *mens rea* that formed the basis of his criminal activities resulting in those felony convictions but that they were instead due to the alleged negligence of the Defendants.[25] Plaintiff should have been checking KASPER to see if any prescriptions were misattributed to him. But he was not. Even so, as early as May 1, 2015, Plaintiff had access to the underlying KASPER data that formed evidence the government used in its case-in-chief against him. Plaintiff believed that data was "fraught with errors.[26]"

Plaintiff alleged that he did not have notice of the alleged acts or omissions that form the basis of his Complaint until 2023[27] However, under the discovery rule, a statute begins to run on the date of plaintiff's discovery of the injury <u>or</u> from the date plaintiff <u>should</u> have discovered the alleged injury in the exercise of ordinary care and diligence.[28] In Plaintiff's aforementioned 2016 criminal trial, there was testimony given that personnel in his own office was diligently checking KASPER to ensure that her name was not appearing in error.[29] Additionally, Plaintiff's *own* testimony during his criminal trial indicates he *knew* prior to his trial that there were errors in the KASPER database:

> Q: Did you ever notice any errors on KASPER when you were dealing with patients?
> A: KASPER is fraught with errors. We had a document that we received that had 1,208 prescriptions on it actually, and all of them –
>
> Q: Your prescriptions?
> A: Right. They were – they were alleged[ly] my prescriptions; not all of them were, a significant amount of them were.

---

[24] *Id*. at ¶ 123
[25] *Id*. at ¶ 118.
[26] *See* **Exhibit 15**.
[27] Plaintiff's Complaint at ¶ 124.
[28] *Wilson v Paine,* 288 SW3d 284, 285 (Ky. 2009).
[29] See Exhibit 8.

10

>   Q: And also, did you find errors of other names besides you that prescribed the medication?
>   A: Absolutely, uh-huh.[30]

Additional testimony attached as an exhibit to Defendant ARH's Notice of Removal indicates, as referenced above, that other medical personnel <u>within Plaintiff's clinic</u> were regularly checking KASPER to ensure that their name was not appearing in error.[31] Accordingly, this Court should deny Plaintiff's Motion to Remand. Plaintiff cannot simultaneously argue that he testified under oath in 2015 that KASPER contained errors but did not become aware of those errors until 2023 and he has attempted to disguise federal claims as state law claims. As such, federal question jurisdiction necessarily exists because Plaintiff's Complaint implicates a federal cause of action and this Court should deny Plaintiff's Motion to Remand.

**II.    Plaintiff's request for sanctions should be denied because invoking this Court's federal question jurisdiction is an objectively reasonable basis for removal.**

Plaintiff has argued that removal of this action is "erroneous" and warrants an award of attorneys' fees under 28 U.S.C.A. §1447(c)[32] but this contention is not supported by the law that Plaintiff cites in his own memo. Removal of this action does not warrant an award of attorneys' fees under 28 U.S.C.A. §1447(c). Whether or not fees are awarded turn on the reasonableness of a removal.[33] Courts *may* award attorneys' fees, absent unusual circumstances, only where an objectively reasonable basis for removing was lacking.[34] *Martin v Franklin Capital Corp* arose out of a New Mexico class action lawsuit removed to federal court by the defendant.[35] Defendant argued that removal was proper because the amount in controversy for federal diversity jurisdiction

---

[30] See Exhibit 15.
[31] *See* **Exhibit 8.**
[32] Plaintiff's Memorandum of Law in Support of its Motion to Remand at 12.
[33] *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).
[34] *Id.* (emphasis added)
[35] Id., at 134.

11

was satisfied because punitive damages and attorneys' fees could be aggregated in a class action.[36] The Supreme Court granted cert to resolve a circuit split as to when attorneys' fees should be awarded under §1447(c) and held that an award of attorneys' fees "should turn on the reasonableness of the removal" and should be awarded only where an objectively reasonable basis for seeking removal was lacking.[37] The Court reasoned that because Congress so often used the word "may" in §1447(c) to specify when remand is appropriate that it was dissuaded from concluding Congress meant "shall" rather than "may" in authorizing a fee award.[38]

Here, this Court should hold as in *Martin* and rule that an objectively reasonable basis for removal exists. Just as in *Martin*, there are valid legal bases for the removability of this matter from state to federal court. Just as in *Martin*, it is up to the Court to determine whether removal is reasonable and as referenced above, §1447(c) does not command a District Court to award attorneys' fees but leaves any such award to the Court's discretion. Accordingly, this Court should hold that Defendants good faith argument that federal question jurisdiction exists to be objectively reasonable and an award of attorneys' fees is improper.

**C.  All Defendants properly joined and served consented to removal and Defendants Notice of Removal does not violate 28 U.S.C. §1446.**

Under 28 U.S.C. §1446(b)(2), all defendants who have been properly joined and served must join in or consent to the removal of the action.[39] In *Loftis v United Parcel Service, Inc.,* 342 F.3d 509 (6th Cir. 2003), the Court analyzed the removal statute to say that all defendants "must join in the removal petition or file their consent to removal in writing…" within 30 days of

---

[36] Id.
[37] Id. at 141.
[38] Id. at 136.
[39] 28 U.S.C. §1446(b)(2).

12

receiving a summons demonstrating the initial pleading may be removed or other paper evidencing that a previously unremovable case is now removable.[40]

*Loftis* arose out of a physical altercation between UPS employees Thomas Loftis and Kenneth Adkins resulting in the termination of Loftis by UPS security supervisor David Cole.[41] Plaintiff brought actions in tort against the defendants UPS, Adkins, and Cole, then amended his complaint to include allegations that defendants had attempted to "gain advantage in an employment dispute" and discharge the Plaintiff because he "exercised his rights as a union member."[42] Defendants sought removal under the Court's federal question jurisdiction, but were denied when Plaintiff filed a second amended complaint that deleted his federal cause of action.[43] Though the Court believed that subject matter jurisdiction remained through supplemental jurisdiction, it remanded the matter to the state court, reasoning that the District Court's Order of Remand was proper because removal was defective due to the failure of all defendants to join in the removal petition.[44]

Here, this Court should hold the opposite as in *Loftis* and deny Plaintiff's Motion to Remand because all Defendants have consented to the removal of the action. Unlike in *Loftis*, where one defendant filed a responsive pleading without the knowledge of the other, here, all Defendants were advised that the Notice of Removal was filed and consented. Plaintiff's Complaint was served on December 11, 2023, and the ARH Defendants Notice of Removal was timely filed on January 16, 2024.[45] As a result, Defendants were within the 30 day window allowed by the rules and the Notice of Removal is proper under USC 1446(b)(2).

---

[40] *Loftis v United Parcel Service, Inc.,* 342 F.3d 509, 516 (6th Cir. 2003)
[41] *Id.*
[42] *Id.* at 512.
[43] *Id.*
[44] *Id.*
[45] See **Exhibit 5**.

13

Additionally, USC 1446(b)(2) has not been interpreted to read that it is necessary that each defendant "actually execute the petition."[46] Defendants are only required to give consent to removal within the necessary timeframe.[47] Though Plaintiff went to great length to point to the dates on which each defendant was served, the hypothetical defendant that has not been properly served would still be within the rules to file its own Notice of Removal and re-open the door to federal court for all previously served defendants.[48]

### III. CONCLUSION

Federal question jurisdiction exists because Plaintiff's Complaint necessarily implicates federal law, plaintiff's request for sanctions should be denied because invoking this Court's federal question jurisdiction is an objectively reasonable basis for removal, and all Defendants properly joined and served consented to removal.  Therefore, this Court should deny Defendants Motion to Remand.

Respectfully submitted,

RICHARDSON LAW GROUP, PLLC

*/s/ Melissa Thompson Richardson*
Melissa Thompson Richardson
771 Corporate Drive, Suite 900
Lexington, Kentucky 40503
Telephone:   (859) 219-9090
Facsimile:    (859) 219-9292
Email:          Melissa@RichardsonLawGrp.com
COUNSEL FOR DEFENDANTS

---

[46] *Adams v. Lederle Lab'ys*, 569 F. Supp. 234, 243 (W.D. Mo. 1983).
[47] *Id.*
[48] *Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 534 (6th Cir. 1999).

14

## CERTIFICATE OF SERVICE

On February 29, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Melissa Thompson Richardson*
COUNSEL FOR DEFENDANTS

6057.008190C:\NRPortbl\Golden_and_Walters\KYOUDELL\2355559_1.DOCX