UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
AT LONDON

|  |  |
|---|---|
| JAMES A. CHANEY ) | *Electronically Filed* |
| ) | **CASE NO. 6:24-cv-00007-REW-HAI** |
| PLAINTIFF, ) |  |
| ) |  |
| VS. ) |  |
| ) |  |
| CVS PHARMACY, INC.; KENTUCKY CVS ) |  |
| PHARMACY, LLC; RYAN MCGRAINER, ) |  |
| Employee of CVS PHARMACY, INC.; JAMES ) |  |
| SHACKLEFORD, Employee of CVS PHARMACY, ) |  |
| INC.; SHERRY SUTHERLAND, Employee of CVS ) |  |
| PHARMACY, INC.; R/X DISCOUNT PHARMACY, ) |  |
| INC.; R/X DISCOUNT PHARMACY OF HAZARD, ) |  |
| INC.; RICHARD K. SLONE, Owner or Employee of ) |  |
| R/X DISCOUNT PHARMACY, INC. and/or R/X ) |  |
| DISCOUNT PHARMACY OF HAZARD, INC.; ) |  |
| R/X DISCOUNT PHARMACY OF HARLAN ) |  |
| COUNTY, INC. d/b/a CLAY DISCOUNT ) |  |
| PHARMACY; APPALACHIAN REGIONAL ) |  |
| HEALTHCARE, INC. in its own name and d/b/a ) |  |
| ARH REG. MED. CTR. PHARMACY and ARH ) |  |
| COMMUNITY PHARMACY; HELEN HERALD, ) |  |
| Owner or Employee of APPALACHIAN REGIONAL ) |  |
| HEALTHCARE, INC. and/or ARH REG. MED. CTR. ) |  |
| PHARMACY and/or ARH COMMUNITY ) |  |
| PHARMACY; REBECCA WOOTEN NAPIER, ) |  |
| Owner or Employee APPALACHIAN REGIONAL ) |  |
| HEALTHCARE, INC. and/or of ARH REG. MED. ) |  |
| CTR. PHARMACY and/or ARH COMMUNITY ) |  |
| PHARMACY; HOLLY HARRIS a/k/a HOLLY ) |  |
| CRADY, Owner or Employee of APPALACHIAN ) |  |
| REGIONAL HEALTHCARE, INC. and/or ARH ) |  |
| REG. MED. CTR. PHARMACY and/or ARH ) |  |
| COMMUNITY PHARMACY; BOGGS PHARMACY, ) |  |
| INC.; BROADWAY CLINIC PHARMACY, INC. ) |  |
| d/b/a MEDICINE CABINET PHARMACY; ) |  |
| COMMUNITY DRUG OF MANCHESTER, ) |  |
| INC.; MICHAEL SIZEMORE, Owner or Employee ) |  |
| of COMMUNITY DRUG OF MANCHESTER, ) |  |
| INC. and/or MED-MART PHARMACY, LLC; ) |  |
| COMPLETE CARE PHARMACY, PLLC; ) |  |
| CYNTHIA WILLIAMS, Owner or Employee of ) |  |

COMPLETE CARE PHARMACY, PLLC; LORI       )
JOHNSON, Owner or Employee of COMPLETE   )
CARE PHARMACY, PLLC; D.B. COYLE          )
ENTERPRISES, INC. d/b/a THE MEDICINE     )
SHOPPE; TOMBERT, INC. d/b/a THE MEDICINE )
SHOPPE; DOWNTOWN DRUG, INC.; DSSK        )
PHARMACEUTICAL, INC. in its own name and )
d/b/a THE MEDICINE SHOPPE HAZARD; SUSAN  )
FIELDS, Owner or Employee of THE MEDICINE )
SHOPPE HAZARD; EAST MAIN STREET          )
PHARMACY, LLC; DACHEA WOOTON, Owner      )
or Employee of EAST MAIN STREET          )
PHARMACY, LLC; FAMILY PHARMACY OF        )
JACKSON; HARLAN MEDICAL CENTER           )
PHARMACY, INC.; ERNEST WATTS, Owner or   )
Employee of HARLAN MEDICAL CENTER        )
PHARMACY; BRIAN KEY, Owner or Employee   )
of HARLAND MEDICAL CENTER PHARMACY;      )
HOMETOWN PHARMACY OF HAZARD, LLC;        )
HOMETOWN PHARMACY OF JACKSON,            )
LLC; HOMETOWN PHARMACY, INC.; JOE        )
LEWIS, Owner or Employee of HOMETOWN     )
PHARMACY, INC.; DOUG MORGAN, Owner or    )
Employee of HOMETOWN PHARMACY, INC.;     )
HOMETOWN PHARMACY OF MANCHESTER,         )
LLC; MATTHEW HUTERA, Owner or Employee   )
of HOMETOWN PHARMACY OF MANCHESTER,      )
LLC; HOSPICE OF THE BLUEGRASS, INC.;     )
JEFFREY HOLMES, Owner or Employee of     )
HOSPICE OF THE BLUEGRASS, INC.;          )
WENDELL SHORT, Owner or Employee of      )
HOSPICE OF THE BLUEGRASS, INC.;          )
HOWARD FAMILY PHARMACY, INC.;            )
WESLEY HOWARD, Owner of Employee of      )
HOWARD FAMILY PHARMACY, INC.; JOHNS      )
CREEK DRUG CENTER, INC.; DONNIE K.       )
STARNES, Owner or Employee of JOHNS CREEK )
DRUGCENTER, INC.; JORDAN DRUG, INC.      )
d/b/a JACKSON APOTHECARY and d/b/a       )
BREATHITT PRESCRIPTION CENTER; KING      )
PHARMACY, INC.; LESLIE SCOTT KING, Owner )
or Employee of KING PHARMACY, INC.; KNOTT )
PRESCRIPTION CENTER, INC.; CHRISTOPHER   )
HALL, Owner or Employee of KNOTT         )
PRESCRIPTION CENTER, INC.; CHARLES       )
STUART DUFF, Owner or Employee of KNOTT  )

2

PRESCRIPTION CENTER, INC.; LACKEY PHARMACY, INC.; MOUNTAIN COMPREHENSIVE HEALTH CARE d/b/a LEATHERWOOD-BLACKEY MEDICAL CLINIC; VERLON BANKS, Owner or Employee of MOUNTAIN COMPREHENSIVE HEALTH CARE d/b/a LEATHERWOOD-BLACKEY MEDICAL CLINIC; MANCHESTER PHARMACIST GROUP, LLC d/b/a FAMILY DRUG CENTER; MCDOWELL PROFESSIONAL PHARMACY, INC.; STEVE DAWSON, Owner or Employee of MCDOWELL PROFESSIONAL PHARMACY, INC.; ALICIA DAWSON, Owner or Employee of MCDOWELL PROFESSIONAL PHARMACY, INC.; MED-MART PHARMACY, LLC; THE MEDICINE SHOPPE HYDEN; RONNIE STEWART, Owner or Employee of THE MEDICINE SHOPPE HYDEN; MOUNTAIN CLINIC PHARMACY, LLC; BROOKS WEBB, Owner or Employee of MOUNTAIN CLINIC PHARMACY, LLC; PARKVIEW PHARMACY, INC.; PEJ, INC. in its own name and d/b/a HOMETOWN PHARMACY OF JACKSON; THE PLAZA PHARMACY, PLLC; POWERS PHARMACY, INC.; PROFESSIONAL PHARMACY OF HAZARD, PLLC; DANIEL THIES, Owner or Employee of PROFESSIONAL PHARMACY OF HAZARD, PLLC; SPECIALTY CARE CENTER PHARMACY OF E. KENTUCKY; BARRY MARTIN, Owner or Employee of SPECIALTY CARE CENTER PHARMACY OF E. KENTUCKY and/or EAST MAIN STREET PHARMACY, LLC; ROBERT BURTON, Owner or Employee of SPECIALTY CARE CENTER PHARMACY OF E. KENTUCKY and/or EAST MAIN STREET PHARMACY, LLC; STALLARD'S PHARMACY, INC. in its own name and d/b/a FAMILY DRUG OF NEON; JAMES CRAIG STALLARD, Owner or Employee of STALLARD'S PHARMACY, INC. and/or FAMILY DRUG OF NEON; WALTERS-GRIFFIN ENTERPRISE, INC. d/b/a SUPERIOR DRUG; WILLIAM REED HALL, Owner or Employee of WALTER-GRIFFIN ENTERPRISES, INC. d/b/a SUPERIOR DRUG; ROBERT WALTERS, SR., Owner or Employee of WALTER-GRIFFIN ENTERPRISES, INC. d/b/a

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

3

| | |
|---|---|
| SUPERIOR DRUG; THOMPSON DISCOUNT DRUG, INC.; F. BRITTON THOMPSON, Owner or Employee of THOMPSON DISCOUNT DRUG, INC.; VALUE RX BLUEGRASS, LLC; VALUE RX II, LLC; TODD WALTERS, Owner or Employee of VALUE RX BLUEGRASS, LLC and/or VALUE RX II, LLC; WAL-MART STORES EAST, LIMITED PARTNERSHIP; MIKE MCINTOSH, Owner or Employee of WAL-MART STORES EAST, LIMITED PARTNERSHIP; and JOHN DOE I THROUGH JOHN DOE XL, the Unknown Employees and/oor Owners of the Defendants named herein | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| DEFENDANTS | ) ) |

## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Come the Defendants, Thompson Discount Drug, Inc. and F. Britton Thompson, by counsel, and pursuant to LR 7.1(c), respectfully asks this Court to deny Plaintiff, James A. Chaney's, Motion to Remand. In support of this Motion, the Defendants state as follows:

### FACTS

The facts of this case stem from the criminal conduct of Plaintiff James Ace Chaney, resulting in his 2014 indictments and eventual conviction.[1] Before being indicted on approximately 200 counts of violating federal drug distribution statutes, Plaintiff was being investigated by Commonwealth and federal law enforcement officials for the illegal distribution of controlled substances.[2] In violation of 21 U.S.C. § 843 and 21 U.S.C. § 856, among other statutes, Plaintiff was suspected of having criminally prescribed controlled substances to his patients more than 1,000 times.[3] He was also suspected of having ordered subordinates to change the results of drug

---

[1] Plaintiff's Complaint, at ¶ 90-121.
[2] *Id.* at ¶ 112-14.
[3] *See* Motion to Compel Discovery in Plaintiff's Criminal Proceeding, at P. 2, attached hereto as **Exhibit A.**

4

screen tests, maintained his business locations to carry out his illegal drug distribution scheme, and committed fraud.[4] In 2016, Plaintiff was convicted on over 150 counts of the above-referenced crimes.[5] He was sentenced to 180 months in prison.[6]

Despite his conviction, which required intentional conduct on his part, on December 11, 2023, the Plaintiff commenced civil action 23-CI-00442 in the Perry Circuit Court, alleging negligence, negligent/fraudulent misrepresentation, false light, defamation and libel, defamation and libel per se, and identity theft against more than 80 individuals/companies. Plaintiff alleges all the Defendants in this civil matter are responsible for his alleged losses because of their reports to Kentucky's KASPER database.[7] For these claims, Plaintiff is seeking compensatory and punitive damages, in addition to attorneys' fees.[8]

On January 16, 2024, Defendants Appalachian Regional Healthcare, Inc., in its own name and d/b/a ARH Reg. Med. Ctr. Pharmacy and ARH Community Pharmacy, Helen Herald, and Hollie Harris a/k/a Hollie Crady filed a Notice of Removal in this Court. As indicated in the civil cover sheet, Defendants removed the action based on their understanding that the Plaintiff's Complaint implicated a federal question, removal was timely, venue is proper, and that all properly joined and served Defendants have consented to removal. However, on February 8, 2024, Plaintiff filed his Motion to Remand, arguing that this Court lacks subject matter jurisdiction because he has presented only state law claims, that those claims cannot be construed as federal claims, that this matter was improperly removed to this Court, and that he is entitled to attorney's fees as a result.[9]

---

[4] Superseding Grand Jury Indictment from Plaintiff's Criminal Proceeding, attached hereto as **Exhibit B**.
[5] Verdict Form from Plaintiff's Criminal Proceeding, attached hereto as **Exhibit C**.
[6] Plaintiff's Complaint at ¶ 118.
[7] Id. at ¶ 94, 98, 104-14, 118-25.
[8] *Id.* at ¶ 126-29, 130-38, 139-45, 146-50, 151-55, 156-59, 16-62, 165-66.
[9] Plaintiff's Memorandum of Law in Support of Motion to Remand, at P. 4-13.

# ARGUMENT

**I.  Subject matter jurisdiction is proper before this Court because the Plaintiff pleaded federal claims disguised as state law claims of action.**

Ordinarily, the Plaintiff is the "master of his complaint," and federal question jurisdiction is conferred when a plaintiff asserts a federal claim of action on the face of his complaint.[10] However, a plaintiff cannot avoid federal court because he has artfully disguised essentially federal claims as state law causes of action.[11] While Plaintiff nominally characterizes his allegations against all the Defendants in this matter variably as negligence, defamation, fraud, and other common law claims of action, all his allegations spring from the same essential facts. Plaintiff alleges the following in his Complaint:

> 118.  Largely based on the belief or assumption that the prescription information in KASPER was accurate and reliable, and Plaintiff Chaney's and the government's lack of knowledge of the extent of the errors and misattributions to Plaintiff Chaney, Plaintiff Chaney was found guilty of various criminal offenses and was sentenced to 180 months in prison.
>
> 119.  As a result of the conviction, Plaintiff Chaney served seven and a half years in prison and remains under house arrest for an additional 90 months.
>
> 120.  As a result of the conviction, Plaintiff Chaney incurred additional attorney's fees and expenses, emotional distress, loss of enjoyment of life, inconvenience, embarrassment and other harm.
>
> 121.  As a result of the conviction, Plaintiff Chaney's reputation was further destroyed.[12]

Plaintiff then makes claims stemming from the above allegations, as exemplified in pertinent part below:

---

[10] *Caterpillar v. Williams*, 482 U.S. 386-87 (1987).
[11] *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555 (6th Cir. Ct. App. 2007).
[12] Plaintiff's Complaint, at ¶ 118-21.

131. Defendants, acting individually and in concert with one another and Rite Aid, negligently and/or knowingly attributed to Plaintiff Chaney prescriptions that Plaintiff Chaney did not write, were not authentic or accurate, and/or were invalid or fictitious.

132. Defendants submitted this information to KASPER, and in so doing, represented to government authorities that the information they submitted was accurate and could be relied upon for purposes of monitoring and investigating the prescription activities of physicians, including Plaintiff Chaney.

133. Defendants anticipated that government authorities would rely on information they submitted and intended for government authorities to rely on that information.

134. Defendants had a duty to physicians such as Plaintiff Chaney to accurately submit information to KASPER and the government authorities, and knew or should have known that government authorities would rely on that information.

135. The information provided by Defendants was false, and Defendants knew or should have known of its falsity.

136. Defendants failed to exercise reasonable care in communicating information to KASPER.

137. Defendants made these misrepresentations for the purpose of filling prescriptions and realizing a profit.

138. As a result of Defendants' joint and several misrepresentations, Plaintiff Chaney was damaged as described above and, therefore, is entitled to recover said damages as set forth herein from Defendants, jointly and severally.[13]

Throughout the various claims he is attempting to plead as state law causes of action, Plaintiff conflates the legal standards applicable for those causes of action, such as duty of care, with allegations that the Defendants conspired to knowingly enter false data into KASPER for

---

[13] Plaintiff's Complaint, at ¶ 131-38.

profit.[14] However, the federal statutes for which Plaintiff was convicted required that he knowingly or intentionally break the laws at issue. Specifically, 21 U.S.C. § 843 requires a defendant to knowingly and intentionally obtain controlled substances by fraud, deceit, or misrepresentation.[15] 21 USC § 856 requires a defendant to knowingly maintain a premises for the purpose of distributing a controlled substance.[16]

Plaintiff claims, as alleged, include the same elements as the federal criminal statutes. His claims are therefore tantamount to alleging that the Defendants have knowingly violated the very same federal laws for which he was convicted, but he has labeled such allegations as state law claims to avoid this Court's subject matter jurisdiction. However, that is not permissible as the Comprehensive Drug Abuse Prevention and Control Act of 1970 specifically regulates the scheduling of controlled substances under a single, cohesive regulatory scheme.[17] The Act regulates the "substantial and detrimental" effect on the country's "general welfare" caused by the passing of controlled substances in commerce.[18] The Kentucky All Schedule Prescription Electronic Reporting database (KASPER) is just one example of a drug monitoring program, substantially similar to those that now exist in 49 states and the District of Columbia.[19] It would undermine the general mission the federal government has undertaken to regulate controlled substances if private plaintiffs could pursue claims against defendants who were not investigated, indicted, nor convicted of these laws, and indeed, were simply following them congruent with the federal mission against controlled substances. The same can be said of the willingness of

---

[14] *Id.*; *see also* Plaintiff's Complaint, at ¶ 126-29, 139-45.
[15] 21 U.S.C. § 843(a).
[16] 21 U.S.C. § 856(a)(1).
[17] 21 U.S.C.A. §801 (1970).
[18] *Id.*
[19] *Prescription Drug Monitoring Programs: State by State Overview*, FSMB, https://www.fsmb.org/siteassets/advocacy/key-issues/prescription-drug-monitoring-programs-by-state.pdf (last updated January, 2023).

pharmacists to abide laws, promulgated by either the state or the federal government, which aim to support and enforce the federal government's uniform regulation of controlled substances. Pharmacists facing lawsuits which essentially allege violations of federal law should not be left to question whether they can avail themselves of federal courts, nor should the federal government be barred from ensuring its interests are properly protected by litigating such matters within its own venue. Artful pleading cannot keep a plaintiff out of federal court.[20]

**II.     This matter was properly removed to this Court because the Rule of Unanimity was satisfied, because these Defendants have supported removal through their pleadings in this Court, and because removal was proper.**

The Rule of Unanimity requires all defendants to agree to removal to federal court.[21] While Plaintiff argues removal here was improper because no written consent was filed, Rule 11 of the Federal Rules of Civil Procedure do <u>not</u> require every defendant to file such a consent. Rather, it is sufficient that at least one attorney of record represents to the Court that consent was obtained, or alternatively, that the party alleged as not having provided consent has filed a responsive motion or pleading in that Court indicating consent to removal.[22] Not only have these Defendants already filed their Motion to Dismiss, but they likewise now reassert their consent to removal through this responsive motion.[23] As such, these Defendants have substantially fulfilled the burden required under Rule 11.[24]

---

[20] *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555 (6th Cir. Ct. App. 2007).
[21] *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 516 (6th Cir. Ct. App.2003).
[22] *Harper v. AutoAlliance Intern, Inc.*, 392 F.3d 195, 201-02 (6th Cir. Ct. App. 2004).
[23] F. Britt Thompson's and Thompson Discount Drug's Motion to Dismiss.
[24] *See Harper*, 392 F.3d at 201-02.

**III.     Attorneys' fees are not appropriate against these Defendants because they have substantially complied with the requirements for removal, have made good faith arguments in their filings in this Court, and because they have responded to Plaintiff's Motion to Remand, asserting that removal was proper.**

A motion for sanctions must be made separately from any other motion and must describe specifically the conduct which violates Rule 11 of the Federal Rules of Civil Procedure.[25] Further, the Supreme Court has held that 28 U.S.C. § 1447, does not presume that fees are appropriate.[26] Rather, it is only when removal is objectively unreasonable that fees should be leveraged.[27] Here, removal was predicated on good faith arguments based on Plaintiff's artful pleading of truly federal claims. Merely because the legal basis for removal *may* later turn out to be incorrect is not enough to warrant the imposition of attorneys' fees.[28] As such, the Plaintiff's argument that attorneys' fees are proper because the arguments contained in the Notice of Removal are allegedly inadequate, is not a sufficient basis for an award of fees.

## **CONCLUSION**

This Court has subject matter jurisdiction because the Plaintiff has artfully plead his claims to mask their federal origin, evidenced by the inconsistent and overlapping standards of law. Likewise, his arguments in support of improper removal, and those for which he centers his basis for attorneys' fees, are simply in contravention of the controlling law. A counsel of record need only represent to the Court that removal has been consented to, and attorneys' fees are not awarded merely because removal may later turn out to be incorrect. For the foregoing reasons, Plaintiff's Motion to Remand should be denied.

---

[25] Fed. R. Civ. P. 11(c)(2).
[26] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).
[27] *Id.* at 139-40.
[28] *Id.* at 140 (quoting the Court) ("awarding fees simply because the party did not prevail could discourage all but the most airtight claims, for seldom can a [party] be sure of ultimate success.") (internal quotations omitted).

Respectfully submitted,

RICHARDSON LAW GROUP, PLLC


*/s/ Joshua J. Leckrone*
Joshua J. Leckrone
334 Beechwood Road, Suite 304
Ft. Mitchell, Kentucky 41017
Telephone:   (859) 444-4949
Facsimile:   (859) 360-2866
Email:        Josh@RichardsonLawGrp.com
COUNSEL FOR DEFENDANTS,
THOMPSON DISCOUNT DRUG, INC. and
F. BRITTON THOMPSON


## CERTIFICATE OF SERVICE

On February 29, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.


*/s/ Joshua J. Leckrone*
COUNSEL FOR DEFENDANTS,
THOMPSON DISCOUNT DRUG, INC.
AND F. BRITTON THOMPSON

7383.008185C:\NRPortbl\Golden_and_Walters\HHALL\2355979_1.DOCX