**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**
**CIVIL ACTION NO. 6:24-CV-07-REW-HAI**

*ELECTRONICALLY FILED*

JAMES A. CHANEY,                                                    PLAINTIFF

V.

CVS PHARMACY, INC., et al.                                    DEFENDANTS

**ARH DEFENDANTS' MEMORANDUM OF LAW**
**IN OPPOSITION TO MOTION TO REMAND**

Defendants Appalachian Regional Healthcare, Inc. d/b/a ARH Regional Medical Center

Pharmacy and ARH Community Pharmacy, Helen Herald, and Hollie Harris a/k/a Hollie Crady

("ARH Defendants"), by counsel, state as follows in Opposition to a Motion to Remand by the

Plaintiff, James A. Chaney ("Chaney").

**INTRODUCTION**

Chaney's Complaint directly places into controversy whether Defendants' acts caused an

investigation by a *federal agency*, indictment by a *federal grand jury*, conviction by a *federal petit jury*,

sentencing by a *federal district court*, and affirmance by a *federal appellate court*. If this Court grants

the relief requested by Chaney and remands his civil action to a *state court*, he will be allowed to

collaterally attack the federal investigation, indictment, conviction, sentencing, and affirmance by

claiming that if certain prescriptions had not been attributed to him, he would not have been

convicted of *federal charges*, which is the *sine qua non* of all his state court claims.

Consequently, Chaney's claims are necessarily federal, and a determination of Plaintiff's

right to relief requires resolution of substantial, disputed questions surrounding the construction

19368175.1

and effect of these federal proceedings. To remand is to vest unprecedented authority in a state court to review exclusive federal powers of the executive and judiciary, and award damages if a state court determines these powers were improperly exercised. To be clear, federal jurisdiction in this case is not predicated on a defense, and removal is not sought for delay. Removal is necessary given Chaney's allegation that Defendants' intentional Kentucky All Schedule Prescription Electronic Reporting ("KASPER") misattributions were a "primary basis" for the FBI to investigate him, for the Department of Justice to indict him, and for a federal jury to convict him.[1] All properly served and joined parties provided consent for removal at the time the *Notice of Removal* was filed. As such, this Court may exercise jurisdiction.

## RELEVANT FACTUAL BACKGROUND

*Federal Investigation.* In 2010, the Federal Bureau of Investigation ("FBI") commenced an investigation into Chaney under suspicion that he owned and operated a "pill mill"— a clinic that distributes addictive prescription pills without a legitimate medical purpose.[2] The investigation prompted FBI Special Agent Thad Lambdin ("Special Agent Lambdin") to author affidavits in support of a search warrant for Chaney's Hazard, Kentucky clinic, Ace Clinique of Medicine ("Ace Clinique"). A federal judge granted the warrant, and over 695 boxes of Ace Clinique patient records were seized.[3]

---

[1] *See* Plaintiff's Complaint at ¶¶ 107–109, 123. Plaintiff's *Motion to Remand* seeks to mitigate the federal element of his claims by claiming Defendants' acts "became a basis for" his criminal proceedings, contrary to his Complaint's assertion that Defendants' acts were "a *primary* basis" of his criminal proceedings. *See* Plaintiff's Motion to Remand at p. 1; *compare* Pl's Compl. ¶123.

[2] *United States v. Chaney*, 921 F.3d 572, 577 (6th Cir. 2019).

[3] *Id*. at 577.

*Federal Indictment.* In 2014, the United States initiated criminal proceedings against Chaney in the Eastern District of Kentucky. A 256-count Second Superseding Indictment charged Chaney with violations of federal law in three general categories: Controlled Substances, Money Laundering, and Fraud.[4]

*Federal Jury Trial.* A 23-day jury trial began on February 29, 2016, and concluded two months later. The jury found Chaney guilty of 182 counts of violations of federal law.[5]

*Federal Sentencing.* Chaney's Presentence Investigation Report remains under seal by this Court. According to prior briefing, the Report listed 3,332,846 "improper" Schedule II prescriptions and 5,107,652 "improper" Schedule III prescriptions.[6] Special Agent Lambdin testified that he used Chaney's KASPER records from January 1, 2007, through August 8, 2014, to assist in the calculation.[7] Chaney "objected on the premise that these 'all inclusive' calculations entirely relied upon KASPER data that is inaccurate and unreliable."[8] Accordingly, in August 2017, the Eastern District held a *two-day evidentiary hearing* regarding the drug quantity for Chaney's

---

[4] *See* Second Superseding Indictment, attached as **Exhibit 1**.

[5] (1) Conspiracy to Distribute Schedule II and III Controlled Substances (Count 1); (2) Distribution of Schedule II Controlled Substances (Counts 2–39); (3) Distribution of Schedule III Controlled Substances (Counts 14–62); (4) Maintaining a Drug-Involved Premises (Counts 63 and 64); (5) Conspiracy to Commit Money Laundering (Count 65); (6) Acquiring and Obtaining Possession of a Controlled Substance by Misrepresentation or Fraud (Counts 66 and 67); (7) Conspiracy to Commit Health Care Fraud (Count 68); (8) Defrauding Health Care Benefit Programs by Misrepresentation (Counts 112–147, 150–163, 165–168, 171–172, 175, 177, 180, 182, 186, 188, 191–192, 197, 234); (9) Defrauding Health Care Benefit Programs by Trick (Counts 198–220); and (10) Engaging in Monetary Transactions and Property Derived Unlawfully (Counts 235–255). *See* Verdict Form, **Exhibit 2.** The jury also convicted Ace Clinique of identical counts, with two exceptions: only Chaney was convicted of knowingly obtaining controlled substances through misrepresentation or fraud (Counts 66 and 67), and only Ace Clinique was convicted of making false statements related to the pre-signed certificates of medical necessity scheme (Counts 221–233).

[6] *See* 2018 Brief of Appellant Chaney, at p. 26 (citing Chaney's Pretrial Sentencing Report), attached as **Exhibit 3.**

[7] *Id.* at p. 27; *see also* Evidentiary Hearing Transcript, Testimony of Special Agent Thad Lambdin, Page ID # 9452–9453, attached as **Exhibit 4.**

[8] *Id.*

19368175.1

sentencing guidelines range. The Eastern District ruled that sixty percent of drugs calculated by the United States were fraudulent. In September 2017, Chaney was sentenced to 180 months imprisonment, three years of supervised release, and $12,703,796 in restitution.

*Federal Appeals.* Chaney first challenged his conviction in May 2016 with two motions. First, Chaney filed a Motion for a New Trial.[9] Second, Chaney filed a Motion for Judgment of Acquittal, alleging, *inter alia*, evidentiary insufficiency.[10] Chaney challenged each violation of the Controlled Substances Act ("CSA"), 21 U.S.C. §§ 801, *et seq.* (Counts 1–62), claiming he "testified as to the legitimate reason for each prescription" and the United States presented "no evidence of a lack of a legitimate medical purpose with respect to [Counts 2–62]."[11] The Eastern District denied both motions.[12]  In October 2017, Chaney appealed the denial of his Motions for a New Trial and Acquittal to the Sixth Circuit. The Sixth Circuit agreed with the Eastern District and affirmed.[13] The United States Supreme Court denied Chaney's certiorari petition two years later.[14] In July 2020, Chaney filed a Motion to Vacate under 28 U.S.C. § 2255, alleging thirteen counts of ineffective assistance of counsel.[15] In December 2021, Magistrate Judge Ingram recommended denial, emphasizing the evidence supporting Chaney's conviction.[16] In May 2022, Judge Van

---

[9] *See generally*, Motion for New Trial and Memorandum in Support, attached as **Exhibit 5.**

[10] *See* Motion for Judgment of Acquittal and Memorandum in Support, attached as **Exhibit 6.**

[11] *Id.* at p. 5.

[12] *See United States v. Chaney*, 211 F.Supp.3d 690, 994 (E.D. Ky. 2016).

[13] *United States v. Chaney*, 921 F.3d 572 (6th Cir. 2019).

[14] *Chaney v. United States*, 140 S. Ct. 301 (2019).

[15] *See generally*, *United States v. Chaney*, No. 614-CR37-GFVT-HAI-1, 2021 WL 8875684, at *11 (E.D. Ky. Dec. 16, 2021).

[16] *Id.*

Tatenhove agreed with Judge Ingram's recommendation, denying Chaney's Motion to Vacate.[17] The Sixth Circuit again agreed with the Eastern District and affirmed.[18] In March 2023, the United States Supreme Court denied Chaney's second certiorari petition.[19]

*State Court Complaint.* On December 11, 2023, Chaney filed his Complaint in Perry County Circuit Court against eighty-four Defendants, including mom-and-pop pharmacies, chain pharmacies, hospital pharmacies, and hospice facilities, and their respective personnel. Chaney's Complaint pleads six state law causes of action predicated on the allegation that Defendants wrongfully attributed opioid prescriptions in KASPER using Chaney's name, DEA Number, KBML Number, and NPI Number.[20] Chaney claims KASPER data was a "primary basis for the investigation against him and his indictment," and the alleged "errors and misattributions" resulted in his conviction.[21] On January 16, 2023, ARH Defendants timely removed this action to the Eastern District of Kentucky with the consent of all properly joined and served Defendants, invoking federal question jurisdiction under 28 U.S.C. § 1331.

## ARGUMENT

I.    **Chaney's Complaint Presents Substantial Federal Questions and, Per *Grable*, This Court May Properly Exercise Jurisdiction Under 28 U.S.C. § 1331.**

It is undisputed that Chaney's Complaint brings only state law causes of action. The Controlled Substance Act ("CSA"), 21 U.S.C. §§ 801, *et seq.*, does not authorize a private right of

---

[17] *United States v. Chaney*, No. 6:14-CR-00037-GFVT-1, 2022 WL 1421823 (E.D. Ky. May 5, 2022).

[18] *See generally*, *Chaney v. United States*, No. 22-5524, 2022 WL 19264664 (6th Cir. Nov. 17, 2022).

[19] *Chaney v. United States*, 143 S. Ct. 1070 (2023).

[20] *See* Pl's Compl. at ¶¶ 92, 100–104. Physicians are issued controlled substance identification numbers for KASPER by the United States Drug Enforcement Agency ("DEA Number"), Kentucky Board of Medical Licensure ("KBML Number"), and Center for Medicare and Medicaid Services ("National Provider Identification Number" or "NPI Number").

[21] *Id.* at ¶¶ 123, 118 and ¶¶ 112, 113, 114.

5

action, and Chaney has exhausted all avenues of appeal for his criminal conviction.[22] However, that Chaney asserts claims under state law is of no fatal consequence. A federal cause of action is not a necessary condition for the exercise of federal-question jurisdiction.[23] The Substantial Federal Question Doctrine extends "federal-question jurisdiction . . . over state-law claims that implicate significant federal issues."[24] There is not a "'single, precise, all-embracing' test for jurisdiction over federal issues embedded in state-law claims . . . the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[25] When "these requirements are met, [federal] jurisdiction is proper because there is a serious federal interest in claiming the advantages thought to be inherent in a federal forum, which can be vindicated without disrupting Congress's intended division of labor between state and federal courts."[26] Chaney's Complaint meets these factors and therefore, this action arises under federal law, is ripe for removal, and should not be remanded.

---

[22] Chaney's Complaint claims Defendants acted "in violation of applicable standards and laws." *Id.* at ¶¶ 100, 105, 110. Despite his artful omission of "DEA Regulations" and "Controlled Substance Act," Defendants acknowledge private litigants may not seek enforcement of the Controlled Substance Act through a civil action.

[23] The absence of a federal cause of action is "evidence relevant to, but not dispositive of, the 'sensitive judgments about congressional intent' required by § 1331." *Grable & Sons Metal Products, Inc. v. Darue Engr. & Mfg.*, 545 U.S. 308, 308 (2005) (citing *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 810 (1986)); *see also id.* at 318 (describing the absence of a stated federal cause of action as a "missing welcome mat," not a "missing federal door key.")

[24] *Grable*, 545 U.S. at 312.

[25] *Id.* at 314.

[26] *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013) (quotations omitted).

### A. Chaney's Complaint Disputes the Validity of a Federal Investigation and Federal Criminal Proceeding.

This jurisdictional inquiry must be set in a practical frame and viewed with an eye to all circumstances of the proceedings at issue. Chaney is the master of his Complaint, but he is not the master of issues predicating his causes of action.[27] Chaney's Complaint necessarily raises issues of legal error or misconduct for (1) the grounds of an FBI investigation and, in turn, probable cause supporting warrants issued by a federal magistrate judge; (2) grand jury proceedings under seal by this Court; (3) a federal indictment predicated on federal criminal statutes; (4) discovery, trial, and motion practice governed by federal rules of criminal procedure; (5) pre-sentencing reports prepared by the United States Probation Office; (6) sentencing calculations for drug quantities determined by this Court and governed by federal mandatory minimums; and (7) the final disposition of two appeals to the Sixth Circuit. These federal proceedings are necessary elements of Chaney's claims, and his action cannot proceed without an inquiry into whether error occurred during them. Indeed, on the merits, they are central points of dispute, and Chaney's claims rely on their invalidity.

Whether Defendants' KASPER data was a "primary basis" of Chaney's criminal proceedings also raises the type of "dispute or controversy respecting the validity, construction or effect of federal law" that *Grable* envisioned.[28] Much like *Grable*, a court will be required to decide, as a threshold question, *whether Chaney actually violated federal law*. Under Kentucky law, a plaintiff alleging negligence must establish four elements: (1) that the defendants owed plaintiff a duty; (2) that the defendants breached that duty; (3) that the breach was the proximate cause of the

---

[27] *See* Pl's Mot. Remand at p. 4.

[28] *Grable*, 545 U.S. at 313 (quoting *Shulthis v. McDougal*, 225 U.S. 561, 569 (1912)).

plaintiff's injury; and (4) that damages occurred.[29] Accordingly, the causation element of Chaney's claims *requires* a "case within a case" analysis of whether—had the alleged KASPER misattributions been known—the outcome of the FBI investigation, federal indictment, and federal conviction would have been different. Further, the damages element requires a "case within a case" analysis of whether—*had the alleged KASPER misattributions been known*—the outcome of the jury's verdict and/or the district court's drug quantity calculations for sentencing would have been different. If evidence from the criminal proceedings support that Chaney *did* violate federal law, there are no damages. It is difficult to imagine a proceeding that would present more federal questions that retrying a federal criminal case in state civil court.

Chaney argues Defendants' alleged KASPER misattributions caused the FBI to investigate him and the Department of Justice to indict and convict him; Defendants argue they did not. Absent Chaney's federal investigation and criminal proceedings, there would be no legal or factual issues to dispute. Had Chaney solely plead the alleged KASPER misattributions cause a *state* investigation, *state* indictment, and *state* conviction, jurisdiction in this Court would not be proper. However, Chaney's Complaint premises his state law claims on his *federal* criminal investigation, *federal* indictment, and *federal* conviction, placing the merits of these proceedings as the central point of dispute. Put simply, whether Chaney's FBI investigation and criminal proceedings were the result of Defendants' acts raises necessary and disputed federal questions surrounding their validity, and this inquiry belongs in the federal system of which the alleged issues originated.

---

[29] *Patton v. Bickford*, 529 S.W.3d 717, 729 (Ky. 2016)

19368175.1

## B. Chaney's Complaint Implicates Substantial Interests of the Executive Branch and Judicial Branch.

Litigation challenging the basis of acts by the executive and judicial branch implicates substantial federal interests to support the exercise of federal jurisdiction. The "substantiality" element looks to the importance of the issue to the federal system as a whole. This is "an importance that transcends the parties" such as "when the Government's operations are affected by the federal issue."[30] The Supreme Court identifies four aspects that affect federal interests: "(1) whether the case includes a federal agency, and particularly, whether that agency's compliance with the federal statute is in dispute; (2) whether the federal question is important; (3) whether a decision on the federal question will resolve the case; and (4) whether a decision as to the federal question will control numerous other cases."[31] A state law action raising a "novel and untested theory of liability" with "serious ramifications" in federally controlled areas of law and procedure "clearly poses a substantial federal issue under *Grable*."[32] There is a significant federal interest in a federal forum to evaluate alleged tortious acts purportedly giving rise to a federal investigation and federal criminal proceeding—a potential discreditation of both executive and judicial authority.

### 1. Chaney's Complaint Challenges Executive Action by Federal Agencies.

Under Article II, Section III of the Constitution, the President "shall take Care that the Laws be faithfully executed," including enforcement of criminal statutes of the United States. The United States, by its Department of Justice and United States Attorneys, has a "direct interest in

---

[30] *See Goade v. Medtronic, Inc.*, No. 13-5123-CV-SW-ODS, 2013 WL 6237853, at *6 (W.D. Mo. Dec. 3, 2013)

[31] *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 570 (6th Cir. 2007) ("No single factor is dispositive") (citing *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 700 (2006)).

[32] *Gamoran v. Neuberger Berman Mgmt., LLC*, 2010 WL 4537056, at *4 (S.D.N.Y. 2010)

the availability of a federal forum to vindicate its own administrative action," classifying this dispute as "an important issue of federal law that sensibly belongs in federal court."[33]

***The Drug Enforcement Agency.*** Under the authority of Article II, Section II of the Constitution, Congress vested in the Attorney General "power to conduct the criminal litigation of the United States Government."[34] This vest of authority permits the Attorney General "to coordinate all activities of executive branch departments and agencies which are directly related to the enforcement of laws respecting narcotics and dangerous drugs."[35] The Controlled Substance Act allows the Attorney General to "delegate any of his functions . . . to any officer or employee of the Department of Justice."[36] The Attorney General has not hesitated to do so and has delegated *all* Controlled Substance Act powers to the Drug Enforcement Agency ("DEA").[37]

The DEA issues regulations in concert with enforcement of the Controlled Substance Act. DEA Regulations require prescriptions for controlled substances "be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice."[38] The primary "responsibility for the proper prescribing and dispensing of controlled

---

[33] *Grable*, 545 U.S. at 315.

[34] *United States v. Nixon*, 418 U.S. 683, 693 (1974) (citing 28 U.S.C. § 516).

[35] Executive Order No. 11727, 38 F.R. 18357 ( July 6, 1973, Nixon) Section 1.

[36] 21 U.S.C. § 871(a).

[37] 28 C.F.R. § 0.100(b) (assigning to the DEA "functions vested in the Attorney General by the Comprehensive Drug Abuse Prevention Control Act of 1970, as amended").

[38] 21 C.F.R. 1306.04(a) ("An order purporting to be a prescription issued not in the usual course of professional treatment or in legitimate and authorized research is not a prescription within the meaning and intent of section 309 of the [Controlled Substance Act, 21 U.S.C. § 829] and the person knowingly filling such a purported prescription, as well as the person issuing it, shall be subject to the penalties provided for violations of the provisions of law relating to controlled substances.").

10

substances is upon the prescribing practitioner."[39] A prescription issued in violation of these regulations subjects the prescriber to federal penalties under the Controlled Substance Act.[40]

Chaney's challenge of his federal investigation supplants the DEA's regulatory scheme. At best, his claims second-guess the federal enforcement mechanisms of the Attorney General and DEA. At worst, Plaintiff's claims seek to bypass these federal enforcement mechanisms altogether. To be clear, Defendants do not claim federal jurisdiction is proper because Chaney's Complaint is a vehicle to privately enforce DEA Regulations and the CSA. Rather, federal jurisdiction is necessary because Chaney's claims demand assessment of whether enforcement mechanisms executed by and through DEA regulations and the CSA were improperly grounded. Chaney cannot escape that central to this action is whether he violated federal laws and regulations, and whether the DEA—an executive agency charged with federal enforcement power—was wrong.

***The Federal Bureau of Investigation.*** The FBI is also an extension of the Department of Justice.[41] The Attorney General is vested with authority to appoint officials to detect and prosecute crimes against the United States.[42] While this authority confers investigative power upon FBI officials, it also confers a prosecutorial duty to follow up any investigation undertaken.[43] Indeed, "it cannot be denied that the government has a duty to maintain law and order."[44] Here, Chaney's allegation that Defendants knowingly and intentionally committed KASPER misattributions and

---

[39] *Id.*

[40] *Id.*

[41] 28 U.S.C. § 531.

[42] 28 U.S.C. § 533.

[43] *Bergman v. U.S.*, 551 F. Supp. 407 (W.D. Mich. 1982).

[44] *Redmond v. United States*, 518 F.2d 811, 816–817 (7th Cir. 1975)

11

concealed this information from authorities should not be construed lightly.[45] To sustain this allegation, a court must determine whether the FBI failed to properly exercise its investigative power by pursuing Chaney for violations of federal law on improper grounds. Chaney cannot escape that central to this action is whether probable cause supporting his investigation existed, and whether the FBI—an executive agency charged with federal investigative power—was wrong.

*Attorneys of the United States.* This action further implicates a "judicial proceeding in a federal court, alleging violation of federal laws and is brought in the name of the United States as sovereign."[46] The "Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."[47] "It follows, as an incident of the constitutional separation of powers, that the courts are not to interfere with the free exercise of the discretionary powers of the attorneys of the United States in their control over criminal prosecutions."[48] Chaney's Complaint alleges the acts of Defendants invoked "the assistance of the United States Attorneys' Office to . . . indict him based on [Defendants'] inaccurate information."[49] To support this allegation, a court must inquire into the prosecutorial control of United States Attorneys, and determine whether the exercise of their exclusive and absolute discretion to prosecute Chaney was wrong. Given Chaney's claim that Defendants caused an improper investigation and prosecution by the Department of Justice, executive interests in this proceeding are substantial.

---

[45] *See* Pl's Compl. ¶¶131–134.

[46] *Nixon*, 418 U.S. at 694.

[47] *Id.* at 693.

[48] *U.S. v. Cox*, 342 F.2d 167, 171 (5th Cir. 1965).

[49] Pl's Compl. at ¶109

19368175.1

### 2. Chaney's Complaint Challenges Judicial Action by Federal Courts.

The starting point to appraise the interests of the judicial branch is the nature of the proceeding from which Chaney's claims stem, and from where dispositive evidence will be obtained. Under 18 U.S.C. § 3231, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Chaney's criminal action was litigated to jury verdict under the original and exclusive of *this Court*. This civil action now asks, *had the alleged KASPER misattributions by Defendants been known*, is it clear beyond a reasonable doubt that a jury would have returned a verdict of guilty. An answer requires examination of a proceeding under exclusive federal jurisdiction, including its record, pleadings, evidence, charge, validity of rulings on fact and law. Another proper focus of this action is federal statutory sentencing requirements—that is, whether the unlawful distributions of controlled substances were properly calculated, and whether the calculations were properly applied at sentencing by this Court.[50]

To remand is to grant unprecedented authority in a Kentucky state court to review the substance and procedure of a federal criminal action arising under the exclusive jurisdiction of this federal Court. This would place the state court "in a bizarre position of potentially setting aside" grounds for a federal conviction,[51] of reviewing the rulings of this Court and the United States Court of Appeals for the Sixth Circuit. The question is not whether a Kentucky state court may overturn Chaney's conviction or sentence—surely it cannot. It is whether a state court is the appropriate

---

[50] "Under section 2D1.1(c) of the Sentencing Guidelines, the district court must determine the quantity of drugs for which a defendant is responsible in order to determine [his] base offense level." *United States v. Huffman*, F29 F.App'x 426, 430 (6th Cir. 2013).

[51] *See Broughton v. Holland*, No. 6:13-CV-1-DLB-REW, 2013 WL 624580 (E.D. Ky. Jan. 25, 2013), *report and recommendation adopted*, No. 6:13-CV-2-KSF-REW, 2013 WL 623040 (E.D. Ky. Feb. 20, 2013) ( Judge Wier).

13

forum to re-litigate a federal jury verdict, this Court's sentencing, and proceedings affirmed twice by the Sixth Circuit. "The untainted administration of justice is certainly one of the most cherished aspects of our institutions."[52] "To defend or re-prosecute cases years after the verdict has been delivered and the sentence has been served, would result in mixed consequences, at best, and inefficiencies and disorder at worst."[53]

The interests of the judicial branch are not so limited in its exercise of jurisdiction. It also has a substantial interest in resolving Chaney's misattribution claim because it may impact the federal conviction he still serves and open fresh avenues[54] for post-conviction relief.[55] It is peculiar that Chaney opposes this Court's exercise of jurisdiction when—unlike a state court—if his claims hold merit, it may impose monetary damages *and* full relief of his federal conviction.

### C. The Exercise of Federal Jurisdiction Will Maintain the Congressionally Approved Balance Between Federal and State Jurisdiction.

The exercise of federal jurisdiction will not simply maintain balance between federal and state jurisdiction; the exercise of federal jurisdiction is *necessary* to do so. As framed by the Sixth Circuit, the relevant inquiry at this point is whether there is "reason to think Congress would

---

[52] *Communist Party of U.S. v. Subversive Activities Control Bd.*, 351 U.S. 115, 124 (1956).

[53] *Jian Tian Lin v. U.S.*, No. 3:12-CV-813-H, 2013 WL 2900181 (W.D. Ky. June 13, 2023), *aff'd*, 555 Fed. Appx. 560 (6th Cir. 2014) (unpublished).

[54] Traditional avenues of relief from an improper conviction include appeal, a timely motion under Federal Rule of Criminal Procedure 35, or seeking to vacate, set aside, or correct sentences under 28 U.S.C. § 2255. Chaney navigated, and exhausted, each of these routes.

[55] *Compare Gunn*, 568 U.S. at 261 (2013) ("No matter how the state courts resolve that hypothetical 'case within a case,' it will not change the real-world result of the prior federal patent litigation."); *see also Stevens v. Bispham*, 851 P.2d 556, 562 (Or. 1993) ("The panoply of protections accorded to the criminally accused [including direct appeal and post-conviction relief] is so inclusive, and the significance of a conviction so important to vindication of the rule of law, that it would appear most unusual to permit a person to prosecute a legal malpractice action premised on some flaw in the process that led to that person's conviction at the same time that the person's conviction remained valid for all other purposes. In other words, while the conviction and sentence remain valid for all other purposes, it is inappropriate to treat a complaining convicted offender as having been 'harmed' in a legally cognizable way by that conviction."); *accord Connecticut Fire Ins. Co. v. Ferrara*, 277 F.2d 388 (8th Cir. 1960).

prefer" that the federal questions presented here "be resolved by state courts."[56] As demonstrated by the above federal interests, to allow a federal prisoner to proceed with a state action challenging the grounds of federal proceedings would wholly frustrate congressional intent. Chaney's Complaint places into controversy the validity of actions by two Department of Justice agencies, and the proceedings of a federal district court vested with an exclusive grant of jurisdiction—all of which were statutorily created by Congress. As such, all factors of *Grable* are satisfied, and this Court may properly exercise substantial federal jurisdiction pursuant to 28 U.S.C. § 1331.

## II.    Defendants' Notice of Removal Complies with the Procedural Requirements of 28 U.S.C. § 1446.

To remove a civil action from state court to federal court, the following pleading requirements must be met: (1) the defendant or defendants must file in the district court a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure containing a short and plain statement of the grounds for removal, along with a copy of all pleadings and orders served upon the defendant or defendants; and (2) the notice of removal must be filed within 30 days of receiving the complaint or summons, whichever period is shorter, or within 30 days of receiving an amended pleading, motion, order, or "other paper" from which the removability of the action may first be ascertained.[57]  There is no dispute Defendants filed a timely *Notice of Removal* on January 16, 2024. The Sixth Circuit, pursuant to Rule 11, permits "at least one attorney of record" to sign a removal pleading, certifying that, *inter alia*, "the allegations and other factual contentions have evidentiary support."[58] ARH Defendants did so. In anticipation that Chaney would dispute

---

[56] *Michigan v. Bay Mills Indian Community,* 695 F.3d 406, 413 (6th Cir. 2012) (citing *Grable,* 545 U.S. at 314).

[57] 28 U.S.C. § 1446(a), (b).

[58] *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 201 (6th Cir. 2004) (citing Fed. R. Civ. P. 11(a), (b)(3)).

removal, ARH Defendants also obtained timely consents from all properly joined and served Defendants via pleading or email.[59] To be thorough, *all named Defendants* are accounted for in the following chart, with parties not originally listed in Chaney's *Motion to Remand* italicized:

| Defendant | Date of Service per State Court Record[60] | Written Consent Exhibit No. |
|---|---|---|
| ARH | December 14, 2023 | **Filing Party** |
| Banks, Verlon | December 15, 2023 | **Exhibit 7**[61] |
| Boggs Pharmacy, Inc. | December 18, 2023 | **Exhibit 7** |
| Broadway Clinic Pharmacy, Inc. | December 15, 2023 | **Exhibit 7** |
| Burton, Robert | December 15, 2023 | **Exhibit 7** |
| *Community Drug of Manchester, Inc.* | N/A[62] | **Exhibit 7** |
| Complete Care Pharmacy, PLLC | December 15, 2023 | **Exhibit 7** |
| CVS Pharmacy, Inc. | December 15, 2023 | **Exhibit 8**[63] |
| D.B. Coyle Enterprises, Inc. | December 18, 2023 | **Exhibit 9**[64] |
| Dawson, Alicia | December 15, 2023 | **Exhibit 7** |
| Dawson, Steve | December 15, 2023 | **Exhibit 7** |
| Downtown Drug, Inc. | December 15, 2023 | **Exhibit 7** |
| *DSSK Pharmaceutical, Inc.* | N/A[65] | **Not Proper** |
| Duff, Charles | December 15, 2023 | **Exhibit 7** |
| East Main Street Pharmacy, LLC | December 15, 2023 | **Exhibit 7** |
| Family Pharmacy of Jackson | December 19, 2023 | **Exhibit 7** |
| *Fields, Susan* | N/A[66] | **Not Proper** |
| *Hall, Christopher* | N/A[67] | **Exhibit 7** |

---

[59] The consent of improperly joined or improperly served defendants is not required. *See* 28 U.S.C § 1446(b)(2)(A) ("When a civil action is removed solely under section 144(a), all defendants who have been *properly joined and served* must join in or consent to the removal of the action.") (emphasis added); *see also Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564 (6th Cir. 2015) ("By its terms, however, § 1446(b)(2) only requires the consent of *properly* joined defendants.") (emphasis added).

[60] *See* Pl's Mot. Remand, Exhibit 2.

[61] *See Consent of Verlon Banks, et al.*, attached as **Exhibit 7**; *see also Verlon Banks, et al. Memorandum in Opposition to Motion to Remand*, Doc #66 (filed Jan. 29, 2024).

[62] Community Drug of Manchester, Inc. was not properly served at the time of removal. Although not necessary, Defendant consented prior to removal. *See* **Exhibit 7**.

[63] *See Consent of CVS Pharmacy, Inc. and Kentucky CVS Pharmacy, LLC*, attached as **Exhibit 8**.

[64] *See Consent of D.B. Coyle Enterprises, Inc., d/b/a The Medicine Shoppe*, attached as **Exhibit 9**.

[65] DSSK Pharmaceutical, Inc. was not properly served at the time of removal. *See Nonservice of DSSK Pharmaceutical*, attached as **Exhibit 10**.

[66] Susan Fields was not properly served at the time of removal. *See Nonservice of Susan Fields*, attached as **Exhibit 11**.

[67] Christopher "Todd" Hall was not properly served at the time of removal. Although not necessary, Defendant consented prior to removal. *See* **Exhibit 7**.

19368175.1

| | | |
|---|---|---|
| *Hall, William Reed* | N/A[68] | **Not Proper** |
| Harlan Medical Center Pharmacy, Inc. | December 15, 2023 | **Exhibit 7** |
| *Harris a/k/a Crady, Hollie* | December 15, 2023 | **Filing Party** |
| Herald, Helen | December 27, 2023 | **Filing Party** |
| Holmes, Jeffrey | December 15, 2023 | **Exhibit 13**[69] |
| Hometown Pharmacy of Hazard, LLC | December 15, 2023 | **Exhibit 14**[70] |
| Hometown Pharmacy of Jackson, LLC | December 14, 2023 | **Exhibit 7** |
| *Hometown Pharmacy of Manchester, LLC* | N/A[71] | **Not Proper** |
| Hometown Pharmacy, Inc. | December 20, 2023 | **Exhibit 7** |
| Hospice of the Bluegrass, Inc. | December 15, 2023 | **Exhibit 13** |
| Howard Family Pharmacy, Inc. | December 22, 2023 | **Exhibit 7** |
| Howard, Wesley | December 22, 2023 | **Exhibit 7** |
| *Hutera, Matthew* | N/A[72] | **Not Proper** |
| *Johns Creek Drug Center, Inc.* | N/A[73] | **Exhibit 7** |
| Johnson, Lori | December 21, 2023 | **Exhibit 7** |
| Jordan Drug, Inc. | December 15, 2023 | **Exhibit 17**[74] |
| Kentucky CVS Pharmacy, LLC | December 15, 2023 | **Exhibit 8** |
| Key, Brian | January 2, 2024 | **Exhibit 7** |
| King Pharmacy, Inc. | December 15, 2023 | **Exhibit 7** |
| *King, Leslie Scott* | December 15, 2023 | **Exhibit 7** |
| Knott Prescription Center, Inc. | December 27, 2023 | **Exhibit 7** |
| Lackey Pharmacy, Inc. | December 15, 2023 | **Exhibit 7** |
| *Lewis, Joe* | N/A[75] | **Exhibit 7** |
| Manchester Pharmacist Group, LLC | December 15, 2023 | **Exhibit 18**[76] |
| *Martin, Barry* | December 18, 2023 | **Exhibit 7** |
| McDowell Professional Pharmacy, Inc. | December 15, 2023 | **Exhibit 7** |
| *McGrainer, Ryan* | N/A[77] | **Not Proper** |

---

[68] William Reed Hall was not properly served at the time of removal. *See Nonservice of William Reed Hall*, attached as **Exhibit 12.**

[69] *See Consent of Hospice of the Bluegrass, Inc., Jeffrey Holmes, and Wendell Short*, attached as **Exhibit 13.**

[70] *See Consent of Hometown Pharmacy of Hazard, LLC*, attached as **Exhibit 14.**

[71] Hometown Pharmacy of Manchester, LLC was not properly served at the time of removal. *See Nonservice of Hometown Pharmacy of Manchester*, attached as **Exhibit 15.**

[72] Matthew Hutera was not properly served at the time of removal. *See Nonservice of Matthew Hutera*, attached as **Exhibit 16.**

[73] John's Drug Creek Center, Inc. was not properly served at the time of removal. Although not necessary, Defendant consented prior to removal. *See* **Exhibit 7.**

[74] *See Consent of Jordan Drug, Inc., d/b/a Jackson Apothecary and d/b/a Breathitt Prescription Center*, attached as **Exhibit 17.**

[75] Joe Lewis is deceased. He passed away on February 22, 2020. Although not necessary, Defendant, by counsel, consented prior to removal. *See* **Exhibit 7.**

[76] *See Consent of Manchester Pharmacist Group, LLC d/b/a Family Drug Center*, attached as **Exhibit 18.**

[77] Ryan McGrainer was not properly served at the time of removal. *See Nonservice of Ryan McGrainer*, attached as **Exhibit 19.**

19368175.1

| | | |
|---|---|---|
| *Med-Mart Pharmacy, Inc.* | N/A[78] | **Exhibit 7** |
| *Doug, Morgan* | N/A[79] | **Exhibit 7** |
| McIntosh, Mike | December 20, 2023 | **Exhibit 20**[80] |
| Mountain Clinic Pharmacy, LLC | December 15, 2023 | **Exhibit 7** |
| Mountain Comprehensive Health Corp.[81] | December 15, 2023 | **Exhibit 21**[82] |
| Napier, Rebecca Wooton | N/A[83] | **Not Proper** |
| Parkview Pharmacy, Inc. | December 20, 2023 | **Exhibit 7** |
| PEJ, Inc. | December 26, 2023 | **Exhibit 7** |
| Powers Pharmacy, Inc. | December 15, 2023 | **Exhibit 7** |
| *Professional Pharmacy of Hazard, PLLC* | December 19, 2023 | **Exhibit 7** |
| R/X Discount Pharmacy, Inc. | December 15, 2023 | **Exhibit 7** |
| *R/X Discount Pharmacy of Hazard, Inc.* | December 15, 2023 | **Exhibit 23**[84] |
| *R/X Discount Pharmacy of Harlan Co., Inc.* | N/A[85] | **Exhibit 7** |
| *Shackleford, James* | N/A[86] | **Not Proper** |
| Short, Wendell | December 15, 2023 | **Exhibit 13** |
| Sizemore, Michael | December 21, 2023 | **Exhibit 7** |
| *Slone, Richard K.* | N/A[87] | **Exhibit 7** |
| Specialty Care Center Pharmacy of E. KY | December 16, 2023 | **Exhibit 7** |
| Stallard, James | December 26, 2023 | **Exhibit 7** |
| *Stallards Pharmacy, Inc.* | N/A[88] | **Exhibit 7** |
| Starnes, Donnie | December 16, 2023 | **Exhibit 7** |
| Stewart, Ronnie | December 15, 2023 | **Exhibit 25**[89] |

[78] Med-Mart Pharmacy, Inc. was not properly served at the time of removal. Although not necessary, Defendant consented prior to removal. *See* **Exhibit 7.**

[79] Doug Morgan was not properly served at the time of removal. Although not necessary, Defendant consented prior to removal. *See* **Exhibit 7.**

[80] *See Consent of Wal-Mart Stores East, Limited Partnership and Mike McIntosh*, attached as **Exhibit 20.**

[81] Mountain Comprehensive Health Corporation d/b/a Leatherwood-Blackey Medical Clinic is incorrectly named in Plaintiff's Complaint as "Mountain Comprehensive Healthcare."

[82] *See Consent of Mountain Comprehensive Health Corporation d/b/a Leatherwood-Blackey Medical Clinic*, attached as **Exhibit 21.**

[83] The wrong "Rebecca Napier" was served at the time of removal. The address of service is not the address of "Rebecca Wooton Napier." *See Nonservice of Rebecca Wooton Napier*, attached as **Exhibit 22.**

[84] *See Consent of R/X Discount Pharmacy of Hazard, Inc.*, attached as **Exhibit 23.**

[85] R/X Discount Pharmacy of Harlan County, Inc. d/b/a Clay Discount Pharmacy was not properly served at the time of removal. Although not necessary, Defendant consented prior to removal. *See* **Exhibit 7.**

[86] James Shackleford was not properly served at the time of removal. *See Nonservice of James Shackleford*, attached as **Exhibit 24.**

[87] Richard K. Slone was not properly served at the time of removal. Although not necessary, Defendant consented prior to removal. *See* **Exhibit 7.**

[88] Stallard's Pharmacy, Inc. was not properly served at the time of removal. Although not necessary, Defendant consented prior to removal. *See* **Exhibit 7.**

[89] *See Consent of The Medicine Shoppe Hyden and Ronnie Stewart*, attached as **Exhibit 25.**

| Sutherland, Sherry | N/A[90] | **Not Proper** |
|---|---|---|
| The Medicine Shoppe Hyden | December 15, 2023 | **Exhibit 25** |
| *The Plaza Pharmacy, PLLC* | N/A[91] | **Not Proper** |
| Thies, Daniel | December 19, 2023 | **Exhibit 7** |
| Thompson, F. Britton | December 15, 2023 | **Exhibit 27**[92] |
| Thompson Discount Drug, Inc. | December 15, 2023 | **Exhibit 27** |
| Tombert, Inc. | December 16, 2023 | **Exhibit 28**[93] |
| Value RX Bluegrass, LLC | December 15, 2023 | **Exhibit 29**[94] |
| Value RX II, LLC | December 15, 2023 | **Exhibit 7** |
| Wal-Mart Stores East, LP | December 16, 2023 | **Exhibit 20** |
| *Walters Sr., Robert* | N/A[95] | **Exhibit 30** |
| Walters, Todd | December 20, 2023 | **Exhibit 7** |
| Walter-Griffen Enterprise, Inc. | December 15, 2023 | **Exhibit 30** |
| *Watts, Ernest* | N/A[96] | **Exhibit 7** |
| *Webb, Brooks* | N/A[97] | **Exhibit 7** |
| *Williams, Cynthia* | N/A[98] | **Exhibit 7** |
| Wooton, Dachea | December 26, 2023 | **Exhibit 7** |

## III.   ARH Defendants Removed this Action to Federal Court on a Good Faith Basis and Attorney Fees are Not Warranted.

ARH Defendants did not remove this action for delay. Prior to removal, Plaintiff's counsel granted ARH Defendants a responsive pleading extension for January 26, 2024. ARH Defendants filed their *Motion to Dismiss* on January 23, 2024, seven days after removal and three days before

---

[90] Sherry Sutherland has never been a registered pharmacist in the State of Kentucky. As such, Defendant was not a proper party necessary for removal.

[91] The Plaza Pharmacy, PLLC was not properly served at the time of removal. *See Nonservice of The Plaza Pharmacy*, attached as **Exhibit 26.**

[92] *See Consent of Thompson Discount Drug, Inc., and F. Britton Thompson*, attached as **Exhibit 27**; *see also Thompson Defendants Response in Opposition to Plaintiff's Motion to Remand*, Doc # 67 (filed Jan. 29, 2024).

[93] *See Consent of Tombert, Inc., d/b/a The Medicine Shoppe*, attached as **Exhibit 28.**

[94] *See Consent of Value RX Bluegrass, LLC*, attached as **Exhibit 29.**

[95] Robert Walters, Sr. was not properly served at the time of removal. Although not necessary, Defendant consented prior to removal. *See Walter-Griffin Enterprise, Inc. d/b/a Superior Drug, William Reed Hall, and Robert Walters, Sr*, attached as **Exhibit 29.**

[96] Ernest Watts was not properly served at the time of removal. Although not necessary, Defendant consented prior to removal. *See* **Exhibit 7.**

[97] Brooks Webb was not properly served at the time of removal. Although not necessary, Defendant consented prior to removal. *See* **Exhibit 7.**

[98] Cynthia Williams was not properly served at the time of removal. Although not necessary, Defendant consented prior to removal. *See* **Exhibit 7.**

19368175.1

the agreed extension date. ARH Defendants removed this action on a good faith basis that this Court may properly exercise federal question jurisdiction. In doing so, counsel for ARH Defendants diligently contacted other Defendants and their respective counsel to obtain consent. Accordingly, in the event this Court declines jurisdiction, an award of attorney fees is unwarranted.

## CONCLUSION

For the foregoing reasons, Defendants Appalachian Regional Healthcare, Inc. and d/b/a ARH Regional Medical Center Pharmacy and ARH Community Pharmacy; Helen Herald; and Hollie Harris a/k/a Hollie Crady, request that Plaintiff's *Motion to Remand* be denied.

**APPALACHIAN REGIONAL HEALTHCARE, INC. AND D/B/A ARH REGIONAL MEDICAL CENTER PHARMACY AND ARH COMMUNITY PHARMACY; HELEN HERALD; HOLLIE HARRIS A/K/A HOLLIE CRADY**

**By Counsel:**

*/s/ Anders W. Lindberg*
Anders W. Lindberg (KY Bar No. 93983)
Stacey Richards-Minigh (KY Bar No. 91969)
Mattie F. Shuler (Motion for *Pro Hac Vice* Forthcoming)
STEPTOE & JOHNSON PLLC
825 Third Avenue, Suite 400
Huntington, West Virginia 25701
(304) 526-8149
(304) 526-8089 (Fax)

Nathaniel R. Kissel (Ky. Bar No. 93162)
STEPTOE & JOHNSON PLLC
100 W. Main Street, Suite 400
(859) 219-8200
(859) 255-6903 (Fax)

19368175.1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**
**CIVIL ACTION NO. 6:24-CV-07-REW-HAI**

*ELECTRONICALLY FILED*

JAMES A. CHANEY,                                                    **PLAINTIFF**

**V.**

CVS PHARMACY, INC., et al.                                      **DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of February 2024, a copy of the foregoing "***ARH Defendants Memorandum of Law in Opposition to Motion to Remand***" was filed electronically with the Court. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system and U.S. Mail, postage prepaid. Parties may access this filing through the Court's system:

Masten Childers, III, Esq.
Aaron M. Oppegard, Esq.
Michael W. Durborow, Esq.
Sarah E. Cooley, Esq.
Madeleine R. Hamlin, Esq.
WHITEFORD TAYLOR & PRESTON, LLP
161 N. Eagle Creek Dr., Suite 210
Lexington, Kentucky 40509
mchilders@whitefordlaw.com
aoppegard@whitefordlaw.com
mdurborow@whitefordlaw.com
scooley@whitefordlaw.com
mhamlin@whitefordlaw.com
*Counsel for Plaintiff*

Keith E. Whitson, Esq.
Jordan N. Kelly, Esq.
WHITEFORD TAYLOR & PRESTON, LLP
11 Stanwix Street, Suite 1400
Pittsburgh, Pennsylvania 15222
kwhitson@whitefordlaw.com
jkelly@whitefordlaw.com
*Co-Counsel for Plaintiff*

Christopher Chaisson, Esq.
WHITEFORD TAYLOR & PRESTON, LLP
1800 M Street NW, Suite 450N
Washington, District of Columbia 20036
*Co-Counsel for Plaintiff*

Justin S. Peterson, Esq.
Kellie M. Collins, Esq.
Laura Jane Phelps, Esq.
PETERSON LAW OFFICE, PLLC
2424 Harrodsburg Road, Suite 205
Lexington, Kentucky 40503
justin@justinpetersonlaw.com
kellie@justinpetersonlaw.com
laurajane@justinpetersonlaw.com
*Co-Counsel for Plaintiff*

Gene Smallwood, Esq.
P.O. Box 40
Whitesburg, KY 41858
Gslex1127@yahoo.com
*Counsel for Mountain Comprehensive Health Corporation d/b/a*

21

*Leatherwood-Blackey Medical Clinic*

Darryl W. Durham, Esq.
SEILLER WATERMAN, LLC
462 South Fourth Street, 22nd Floor
Louisville, KY 40202
ddurham@derbycitylaw.com
*Counsel for Defendants, CVS Pharmacy, Inc.
and Kentucky CVS Pharmacy, L.L.C.*

Randall Scott May
DAVIDSON & ASSOCIATES
Post Office Drawer 986
Hazard, KY 41702
rmay@windstream.net
*Counsel for Defendants, CVS Pharmacy, Inc.
and Kentucky CVS Pharmacy, L.L.C.*

Jay Milby Ridings, Esq.
Marcia Milby Ridings, Esq.
HAMM, MILBY & RIDINGS PLLC
120 N. Main St.
London, KY 40741
jridings@hmrkylaw.com
marcia@hmrkylaw.com
*Counsel for Defendants Walmart Stores East,
L.P. and Mike McIntosh*

Kyle M. Virgin, Esq.
FREEMAN MATHIS & GARY, LLP
2525 Harrodsburg Road, Suite 500
Lexington, KY 40504
Kyle.virgin@fmglaw.com
*Counsel for Defendant Hospice of the
Bluegrass, Inc., Jeffrey Holmes, and Wendell
Short*

Joshua J. Leckrone
RICHARDSON LAW GROUP, PLLC
334 Beechwood Road, Suite 304
Ft. Mitchell, KY 41017
josh@RichardsonLawGrp.com

*Counsel for Defendants Thompson Discount
Drug, Inc. and F. Britton Thompson*

Bradley C. Hooks
Addison S. Thompson
LANDRUM & SHOUSE, LLP
P.O. Box 951
Lexington, KY 40588-0951
bhooks@landrumshouse.com
athompson@landrumshouse.com
*Counsel for Walters-Griffin Enterprise Inc.
d/b/a Superior Drug and Robert Walters, Sr.*

Clayton O. Oswald
Ashley P. Hoover
TAYLOR, KELLER & OSWALD, PLLC
P.O. Box 3440
1306 W. 5th St., Suite 100
London, KY 40743-3440
coswald@tkolegal.com
ahoover@tkolegal.com
*Counsel for D.B. Coyle Enterprises, Inc. d/b/a
The Medicine Shoppe, The Medicine Shoppe of
Hyden*

Charles H. Cassis
J.W. Hall
GOLDBERG SIMPSON, LLC
Norton Commons
9301 Dayflower Street
Prospect, KY 40059
*Counsel for Defendant Jordan Drug, Inc.*

Melissa Thompson Richardson
RICHARDSON LAW GROUP, PLLC
771 Corporate Drive, Suite 900
Lexington, KY 40503
Melissa@RichardsonLawGrp.com
*Counsel for Broadway Clinic Pharmacy, Inc.
d/b/a Medicine Cabinet Pharmacy, Brooks
Webb, The Mountain Clinic Pharmacy,
McDowell Professional Pharmacy, Steve
Dawson, Alicia Dawson, Donnie K. Starnes,
John's Creek Drug Center Inc., Hometown*

22

19368175.1

*Pharmacy Inc., Doug Morgan, Joe Lewis, RX Discount Pharmacy, Inc., Richard K. Slone, RX Discount Pharmacy of Harlan County, Inc. d/b/a Clay Discount Pharmacy, Boggs Pharmacy, Inc., Michael Sizemore, Community Drug of Manchester, Inc., Med-Mart Pharmacy, Inc., Complete Care Pharmacy, PLLC, Cynthia Williams, Lori Johnson, East Main Street Pharmacy, LLC, Dachea Wooten, Family Pharmacy of Jackson, Harlan Medical Center Pharmacy, Inc., Ernest Watts, Brian Key, Howard Family Pharmacy, Inc., Wesley Howard, King Pharmacy, Inc., Leslie Scott King, Knott Prescription Center, Inc., Christopher "Todd" Hall, Charles Stuart Duff, Lackey Pharmacy, Inc., Verlon Banks, Parkview Pharmacy, Inc., PEJ, Inc., Hometown Pharmacy of Jackson, Powers Pharmacy, Inc., Professional Pharmacy of Hazard, PLLC, Daniel Thies, Barry Martin, Specialty Care Center Pharmacy of E. Kentucky, Robert Burton, Stallard's Pharmacy, Inc., James Craig Stallard, Value RX II, LLC, Todd Walters, and Downtown Drug, Inc.*

David F. Latherow
Geoffrey D. Marsh
WILLIAMS, HALL & LATHEROW, LLP
1505 Carter Avenue, Suite 200
P.O. Box 2008
Ashland, KY 41105-2008
dlatherow@whl-law.com
gmarsh@whl-law.com
*Counsel for Tombert, Inc.*

Jason S. Morgan
Alex W. Wilcox
WARD, HOCKER & THORNTON, PLLC
333 West Vine Street, Suite 1100
Lexington, KY 40507
jason.morgan@whtlaw.com
*Counsel for Hometown Pharmacy of Hazard, LLC*

Ryan McGrainer
c/o CVS Pharmacy
30 South Kentucky Highway 15
Hazard, KY 41701

James Shackleford
1033 Bee Hive Rd.
Slemp, KY 41763-8910

Sherry Sutherland
131 Sutherland Dr.
Bimble, KY 40915-6131

R/X Discount Pharmacy of Hazard, Inc.
c/o Richard K. Slone, Registered Agent
500 Morton Blvd.
Hazard, KY 41701

Rebecca Wooten Napier
10664 N Ky Highway 15
Chavies, KY 41727

DSSK Pharmaceutical, Inc. and
d/b/a The Medicine Shoppe Hazard
c/o Danny Rose, Registered Agent
941 North Main Street, Suite 102
Hazard, KY 41701

Susan Fields
120 Holly Drive
Hazard, KY 41701

Hometown Pharmacy of Manchester, LLC
c/o Robert Goforth, Registered Agent
2163 East Highway 30
East Bernstadt, KY 40729

Matthew Hutera
c/o Hometown Pharmacy of Manchester, LLC
2163 East Highway 30
East Bernstadt, KY 40729

19368175.1

Manchester Pharmacist Group, LLC
d/b/a Family Drug Center
c/o Justin Bell, Registered Agent
2425 Williamsburg Estates Ln
Lexington, KY 40504

Ronnie Stewart
16 Hickory Street
Hyden, KY 41749

The Plaza Pharmacy, PLLC
c/o Theresa Merced, Registered Agent
1389 HWT 15 N.
Box 606
Jackson, KY 41339

William Reed Hall
74 Ohio Street
Whitesburg, KY 41858

Value RX Bluegrass, LLC
c/o Todd Walters, Registered Agent
21 Mink Lane
Pineville, KY 40977

*/s/ Anders W. Lindberg*

24

19368175.1