# EXHIBIT 3

Case Numbers: 17-6239, 17-6351, 17-6240, and 17-6315

# IN THE
# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**UNITED STATES OF AMERICA**
*Plaintiff /Appellee,*
v.
**JAMES ALVIN CHANEY, M.D., aka Ace Chaney,**
*Defendant /Appellant,*
and
**ACE CLINIQUE OF MEDICINE, LLC**
*Defendant / Appellant.*

On Appeal from the United States District Court
For the Eastern District of Kentucky, Southern Division - London
(Case No. 6:14-cr-00037-1 and 3) Hon. Gregory F. Van Tatenhove

**JOINT CORRECTED BRIEF FOR DEFENDANT-APPELLANT
JAMES A. CHANEY, M.D. AND DEFENDANT-APPELLANT
ACE CLINIQUE OF MEDICINE, LLC**

For the Appellants:
CHRISTY J. LOVE (KBA# 90604)
LOVE LAW FIRM, PLLC
333 North Main St., Ste. B.
Post Office Box 3105
London, Kentucky 40743
TELEPHONE: (606) 877-5683
FAX: (606) 729-08
info@christylovelaw.com

# TABLE OF CONTENTS

| | |
|---|---|
| Disclosure of Corporate Affiliations and Financial Interest | 2 |
| Table of Authorities | 3 |
| Jurisdictional Statement | 7 |
| Statement Regarding Oral Argument | 8 |
| Statement of the Issues | 9 |
| Procedural Background | 10 |
| Factual Background | 15 |
| Summary of the Argument | 34 |
| Argument | 35 |
|     I. The District Court Erred in Denying Appellants' Suppression Motion | 35 |
|     II. Juror Misconduct Warrants a New Trial | 38 |
|     III. The Evidence Presented at Trial was Insufficient to Sustain Appellants' Convictions | 42 |
|     IV. The Sentence Imposed was Procedurally Unreasonable | 53 |
|     V. Other Arguments | 57 |
| Conclusion | 57 |
| Certificate of Compliance | 58 |
| Certificate of Service | 58 |
| Designation of Relevant District Court Documents | 59 |

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

**UNITED STATES OF AMERICA**
    Plaintiff – Appellee

v.

**JAMES A. CHANEY,**
**ACE CLINIQUE OF MEDICINE, LLC**

**CASE NUMBERS:**
17-6239, 17-6351,
17-6240, and 17-6315

    Defendants – Appellants

---

## APPELLANTS' JOINT DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST

---

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and also 6 Cir. R. 26.1, Defendants-Appellants James A. Chaney and Ace Clinique of Medicine, LLC hereby make the following disclosures:

1. The parties are not a subsidiary or affiliate of a publicly owned corporation.

2. There is no parent corporation or affiliate.

3. There is no financial interest in a parent corporation or affiliate.

                                       Respectfully Submitted,
                                       */s/Christy J. Love*
                                       Christy J. Love
                                       Attorney for Appellants
                                       James A. Chaney and Ace
                                       Clinique of Medicine, LLC

Case: 6:24-cv-00007-REW-HAI Doc #: 68-3 Filed: 02/29/24 Page: 5 of 6 - Page ID#: 2285
Case: 6:24-cv-00007-REW-HAI Doc #: 16-2 Filed: 01/23/24 Page: 28 of 65 - Page ID#: 752
Case: 17-6239 Document: 29 Filed: 05/02/2018 Page: 27

for pre-approval in an effort to "safeguard the jury's 'inherent right to be free from interrogation concerning internal influences on the decision-making process.'" (R.358, Order, Page ID# 5729). The court subsequently edited the proposed questionnaire and directed court personnel to contact Juror #34 to schedule a time to complete the form. (R. 365, Order, Page ID# 5884-5885). The trial court determined based on the answers to the questionnaire that Juror #34's concerns about the unanimity of the verdict were related only to internal influences of the deliberation process (R. 371, Order, Page ID# 5927, footnote 16).

### VI. Sentencing Materials and Proceeding

#### a. Presentence Investigation Report and Evidentiary Hearing

In Dr. Chaney's PSR, the U.S. Probation Office provided that 3,332,846 Schedule II prescriptions and 5,107, 652 Schedule III prescriptions were "improper" (*See* PSR ¶13).[2] This calculation was obtained by the FBI who reviewed KASPER records. (See PSR, Objection #2, Page 39-40). The prescriptions of oxycodone and hydrocodone were subsequently converted to the marijuana equivalency of 277,950.564 kilograms (PSR ¶ 15)[3], making Dr. Chaney's Base Offense Level a 38 (PSR ¶ 35). This drug quantity impacted the adjusted offense levels, the loss calculation, the restitution amount, and the Total

---

[2] ACM PSR ¶29
[3] ACM PSR ¶31

Offense Level was 43. (PSR ¶ 140). Dr. Chaney and ACM objected on the premise that these "all-inclusive" calculations failed to consider the prescriptions written with a legitimate medical purpose, and these calculations entirely relied upon KASPER data that is inaccurate and unreliable.

The PSR also increased the base offense level of 6 for Health Care Fraud by 20 levels because the loss amount of $16,524,541 was more than $9,500,000 but less than $25,000,000. (*See* PSR ¶ 20). Probation further recommended a three level increase pursuant to USSG §2B1.1(b)(7)(ii), due to the belief that loss to the government health care program was more than $7,000,000. This loss amount was determined due to Probation's belief that none of the services rendered were supported by a legitimate medical need or were medically necessary and appropriate for the patient. Dr. Chaney and ACM objected arguing that the loss amount should be based on the specific counts of conviction.

The district court held a two-day evidentiary hearing on August 17-18, 2017 to hear testimony concerning Appellants' drug quantity objection and objection on loss attributable to health care fraud. At the hearing, SA Lambdin testified (R.459, Evidentiary Hearing Transcript Day 1, Page ID# 9450-9497). He said he used Dr. Chaney's DEA Number to obtain the KASPER records (*Id.* at Page ID# 9456, and 9487-9488) from January 1, 2007 through August 8, 2014. (*Id.* at Page ID# 9457, and 9495). The KASPER data is entered by pharmacies as they fill prescriptions,