UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JAMES A. CHANEY, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | No. 6:24-CV-7-REW-HAI |
| v. | ) | |
| | ) | |
| CVS PHARMACY, *et al.*, | ) | ORDER |
| | ) | |
|    Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On February 22, 2024, the Court granted Plaintiff James A. Chaney's motion to stay all pending motions to dismiss until resolution of the pending motion to remand. *See* DE 61. Defendants Wal-Mart Stores East, L.P., Mike McIntosh, CVS Pharmacy, Inc., and Kentucky CVS Pharmacy, L.L.C. ("Defendants") now move for clarification on the DE 61 Order. *See* DE 63. Specifically, Defendants—who have yet to respond to Chaney's Complaint—request that the Court stay their responsive pleading deadlines and "set a deadline for . . . Defendants to file their motions to dismiss" in the event the Court denies the motion to remand. DE 63 at 1. In light of the DE 63 motion, the Court indicated that it was considering "staying all responsive pleading and motion deadlines—except for those relating to Chaney's DE 48 motion to remand—pending resolution of the jurisdictional question[,]" and ordered any party opposing a stay of that breadth to respond. DE 64. No party has responded, and the deadline to do so has passed.

The Court will stay all responsive pleading and motion deadlines in this matter, except for those pertaining to the DE 48 motion to remand. A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 117 S. Ct. 1636, 1639 (1997). In deciding whether to grant a stay, courts consider factors including "the

1

potentiality of another case having a dispositive effect on the case to be stayed, the judicial economy to be saved by waiting on a dispositive decision, the public welfare, and the hardship/prejudice to the party opposing the stay, given its duration." *Higgins v. BAC Home Loans Servicing*, LP, No. 5:12-CV-183-KKC, 2012 WL 5332476, at *2 (E.D. Ky. Oct. 29, 2012) (internal quotation marks omitted) (quoting *Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004)).

The relevant factors weigh in support of staying all responsive pleading and motion deadlines. The public interest is served by conserving time and resources as to a case that may be outside the Court's subject matter jurisdiction. As noted in DE 61, the Court cannot reach the merits of *any* motion to dismiss until resolving the subject matter jurisdiction question. *See Steel Co. v. Citizens for a Better Env't,* 118 S. Ct. 1003, 1020 (1998) (concluding that federal courts may not entertain the merits of an underlying claim where it lacks jurisdiction). Further, because federal courts apply a different standard than Kentucky state courts on motions to dismiss, if the Court ultimately remands the action, the parties would likely need to re-brief any motions to dismiss. *See Combs v. ICG Hazard, LLC,* 934 F. Supp. 2d 915, 923 (E.D. Ky. 2013) (noting that while Kentucky law "still follows the old notice-pleading regime" which is a "more lenient than the federal rules" (quoting *Williams v. Altman et al.*, No 12-CV-131-ART, 2013 WL 28378, at *3 (E.D. Ky. Jan. 2, 2013))). Finally, because no party objected to the stay, "any prejudice or hardship arguments have been waived[.]" *McDaniels v. United States*, No. 6:18-CV-57-DLB, 2019 WL 3996416, at *2 (E.D. Ky. July 25, 2019).

Finding that the applicable factors support a stay, and given the absence of objection, the Court **GRANTS** DE 63 and **STAYS** all responsive pleading and motion deadlines pending resolution of the DE 48 motion to remand.

This the 8th day of March, 2024.



Signed By:
*Robert E. Wier*
United States District Judge