**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION AT LONDON**

**ELECTRONICALLY FILED**

| | | |
|---|---|---|
| JAMES A. CHANEY<br>        PLAINTIFF | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NO.  6:24-cv-00007-REW-HAI |
| | ) | |
| | ) | |
| | ) | |
| | ) | Removed from Perry Circuit Court |
| | ) | Case Number 23-CI-00442 |
| JORDAN DRUG, INC., ET AL. | ) | |
|         DEFENDANTS | ) | |
| | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Comes the Defendant, Jordan Drug, Inc., d/b/a Jackson Apothecary and d/b/a Breathitt Prescription Center (hereinafter collectively referred to as "Defendant"), by counsel, and for its Response to the Plaintiff's Motion to Remand, states as follows:

**INTRODUCTION**

The Plaintiff's Motion to Remand should be denied because this Court has proper subject matter jurisdiction over the Plaintiff's claims, which are artfully pleaded and tactfully disguised as state law claims, but in reality, present federal causes of action that strictly belong in federal court. Federal question jurisdiction exists because the outcome of the Plaintiff's Complaint turns upon the interpretation and application of federal law concerning distribution of controlled substances.[1] The federal statute underlying the Plaintiff's Complaint, 21 U.S.C.A. § 843, of which the Plaintiff was convicted on 182 felony counts,[2] operates as the basis for the Defendants' removal on the

---

[1] 21 U.S.C.A. § 801 (1970).
[2] **Exhibit 1, Jury Verdict Form.**

grounds of federal question jurisdiction. Because a federal question exists and subject matter jurisdiction is properly before the Court, the Plaintiff's Motion to Remand should be denied. Moreover, because the Defendants properly removed this matter to federal court and had a reasonable basis for doing so, the Plaintiff's request for sanctions pursuant to 28 U.S.C.A. § 1447(c) should also be denied.

## FACTUAL BACKGROUND

### I.      The Plaintiff's Underlying Felony Convictions and Criminal Charges.

The Plaintiff was indicted on October 2, 2014 for felony counts of conspiracy to unlawfully dispense controlled substances.[3] One year later, on December 15, 2015, a superseding indictment was filed against the Plaintiff, which consisted of two-hundred and fifty-six (256) felony counts of conspiracy to unlawfully dispense controlled substances and Medicare fraud.[4] Following the Plaintiff's trial in February of 2016, a jury convicted the Plaintiff on 182 felony counts.[5] As a result, he was subsequently sentenced to serve one-hundred eighty (180) months in prison, three (3) years home incarceration, and ordered to pay $12,703,796 in restitution.

Despite his extensive list of convictions, the Plaintiff filed a civil action in Perry Circuit Court, Kentucky on December 11, 2023, alleging claims of negligence, fraudulent misrepresentation, false light, defamation and libel, defamation and libel per se, and identity theft. The essence of the Plaintiff's claims is that the Defendants caused him to be guilty of the crimes, despite the jury finding him to have acted intentionally in committing the various federal crimes.

### II.      The Defendants' Removal to Federal Court.

On January 16, 2024, Defendant Appalachian Regional Healthcare, Inc. ("ARH") filed a Notice of Removal in the Federal District Court for the Eastern District of Kentucky. The basis for ARH's removal, as indicated in the civil cover sheet, was that the Plaintiff's Complaint implicated

---

[3] See Plaintiff's Complaint, at ¶ 114.
[4] **Exhibit 2, Indictment p. 12-44.**
[5] **Exhibit 1, Jury Verdict Form.**

a federal question, that the Federal District Court for the Eastern District of Kentucky was the proper venue, that all served Defendants had consented to removal, and that the removal was timely made. The Plaintiff's Motion to Remand followed, which argues that he only presents state law claims and therefore removal was improper, thereby entitling him to attorney's fees.

## **ARGUMENT**

I.      **Subject Matter Jurisdiction is Properly Before the Court Pursuant to the Artful Pleading Doctrine.**

As the Sixth Circuit has long recognized, "[u]nder the artful-pleading doctrine, a federal court will have jurisdiction if a plaintiff has carefully drafted the complaint so as to avoid naming a federal statute as the basis for the claim, and the claim is in fact based on a federal statute." [6] In this case, the Plaintiff has artfully disguised federal claims as state law causes of action. Although the Plaintiff's Complaint characterizes his claims as those limited to negligence and other common law actions, the root of his Complaint, and ultimate resolution of this action, turns upon the interpretation and application of 21 U.S.C. § 843 and 21 U.S.C. § 856. Specifically, Section 843(a) requires a defendant to knowingly and intentionally obtain controlled substances by fraud, deceit, or misrepresentation. Section 856 requires a defendant to knowingly maintain a premises for the purpose of distributing a controlled substance.

As indicated by the facts in the Plaintiff's Complaint, his claims cannot be adjudicated without this Court's application and interpretation of 21 U.S.C. § 843 and 21 U.S.C. § 856. By way of example, Plaintiff alleges in his Complaint, in pertinent part, that:

> 118.    […] Plaintiff Chaney was found guilty of various criminal offenses
>
> and was sentenced to 180 months in prison.

---

[6] *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 561 (6th Cir. 2007)("Accepting the possibility that the plaintiffs may have carefully structured their complaint to avoid federal jurisdiction, we consider whether the facts alleged in the complaint actually implicate a federal cause of action.").

131.    Defendants, acting individually and in concert with one another and Rite Aid, negligently and/or knowingly attributed to Plaintiff Chaney prescriptions that Plaintiff Chaney did not write, were not authentic or accurate, and/or were invalid or fictitious.

132.    Defendants submitted this information to KASPER, and in doing so, represented to government authorities that the information they submitted was accurate and could be relied upon for purposes of monitoring and investigating the prescription activities of physicians, including Plaintiff Chaney.

133.    Defendants anticipated that government authorities would rely on information they submitted and intended for government authorities to rely on that information.

135.    The information provided by Defendants was false, and Defendants knew or should have known of its falsity.

137.    Defendants made these misrepresentations for the purpose of filling prescriptions and realizing a profit. [7]

While ignoring the fact that the criminal statutes of which the Plaintiff was convicted required him to knowingly or intentionally violate controlled substances law, he conflates his state law claims with elements of intent – an element that was required for him to be convicted on 182 felony counts. In essence, the Plaintiff's Complaint alleges that the Defendants knowingly violated the same statutes of which he was convicted, but instead labels them as state law claims in an obvious effort to avoid this Court's jurisdiction. Accordingly, under the artful pleading doctrine, this action is properly before the Court.

---

[7] *See* Plaintiff's Complaint, at ¶ 131-38.

## II.      Removal by the Defendants is Proper Under the Rule of Unanimity.

The Defendants' removal of this action is proper because every Defendant either represented to the Court that consent to the removal was obtained, or alternatively, filed a responsive motion or pleading indicating consent to the removal. [8] Additionally, U.S.C. 1446(b)(2) has not been interpreted so strictly as to require all defendants to "actually execute the petition." [9] ARH's Notice of Removal provides that "all properly joined and served Defendants have consented to removal." No evidence has been produced to the contrary. Because Jordan Drug, Inc., and all other Defendants have consented to removal or otherwise filed a responsive motion indicating the same, the Plaintiff's motion to remand should be denied. For any absence of doubt, Jordan Drug, Inc. hereby reasserts its consent to removal. As such, Jordan Drug, Inc., has satisfied its removal filing requirements under Rule 11, and the unanimous removal of this action was proper. [10]

## III.     Plaintiff's Request for Sanctions Is Improper and Should be Denied.

The Plaintiff's request for sanctions, although not made by separate motion as required by Rule 11(c)(2),[11] should be denied because the Defendants have asserted reasonable, good faith arguments regarding the artful pleading doctrine and grounds for removal to federal court. Moreover, all Defendants have consented to the removal. An award of attorney's fees simply because a party *may* not prevail on its removal argument is not grounds for sanctions, and certainly is not supported by law. [12] Accordingly, the Court should deny the Plaintiff's request for sanctions.

---

[8] *Harper v. AutoAlliance Intern., Inc*., 392 F.3d 195 (6th Cir. 2004)(holding statement of individual defendant's concurrence in other defendants' notice of removal complied with "rule of unanimity" even though neither that defendant nor his counsel directly expressed that concurrence).

[9] *Adams v. Lederle Lab'ys*, 569 F. Supp. 234, 243 (W.D. Mo. 1983).

[10] *Harper v. AutoAlliance Intern., Inc*., 392 F.3d 195, 201-02 (6th Cir. 2004.

[11] Rule 11(c)(2) mandates that a "motion for sanctions <u>must</u> be made separately from any other motion[…]".

[12] *Martin v. Franklin Capital Corp*., 546 U.S. 132 (2005) (Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.")

## CONCLUSION

Based on the foregoing, the Plaintiff's Motion to Remand should be denied because this Court has subject matter jurisdiction, as the Plaintiff's claims arise under federal law and present federal questions under the artful pleading doctrine. Likewise, the Plaintiff's request for attorney's fees are not supported by the facts or controlling law. Accordingly, the Plaintiff's Motion to Remand should be denied.

Respectfully submitted,

GOLDBERG SIMPSON, LLC

*/s/ Anthony R. Johnson*
Charles H. Cassis
Anthony R. Johnson
Goldberg Simpson LLC
Norton Commons
9301 Dayflower Street
Prospect, Kentucky 40059
Telephone:(502) 589-4440
Email:  ccassis@goldbergsimpson.com
Email:  ajohnson@goldbergsimpson.com
Counsel for Defendant, Jordan Drug, Inc.,
d/b/a Jackson Apothecary and d/b/a Breathitt
Prescription Center

## CERTIFICATE OF SERVICE

This is to certify that the Court's ECF System will send notice of the foregoing on this the 8th day of March, 2024, to all counsel of record.

*/s/ Anthony R. Johnson*
Anthony R. Johnson