**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON
CIVIL ACTION NO. 6:24-CV-07-REW-HAI**

*ELECTRONICALLY FILED*

| | |
|---|---|
| **JAMES A. CHANEY,** | **PLAINTIFF** |
| v. | |
| **CVS PHARMACY, INC., et al.,** | **DEFENDANTS** |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND**

Defendants' Oppositions to Plaintiff James A. Chaney's Motion to Remand are a transparent attempt to manufacture federal jurisdiction by (1) misstating Plaintiff's complaint and (2) ambiguously defining the "issue" warranting federal jurisdiction so as to avoid the clear case law that Defendants' defenses cannot be a basis for federal jurisdiction. Further, Defendants have failed to establish that they complied with the "Rule of Unanimity" as required by 28 U.S.C. §1446(b)(2).

## LEGAL AGRUMENT

**I.  Defendants' Removal is Improper Because All Properly Joined and Served Defendants Did Not Timely Consent.**

For a notice of removal to be valid, "all defendants must join in the removal petition or file their consent to removal in writing within thirty days of [service]." *Loftis v. United Parcel Serv., Inc.*, 342 F. 3d 509, 516 (6th Cir. 2003). *See also* 28 U.S.C. §1446(b)(2) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."). "Failure to obtain unanimous

1

consent forecloses the opportunity for removal under Section 1446." *Id.* Mr. Chaney timely raised Defendants' breach of the rule of unanimity in his Motion to Remand.

According to the Defendants themselves, the following Defendants did not consent to removal within thirty days of service:

| **Defendant** | **Date Served:** | **Date of Consent:** |
|---|---|---|
| Hometown Pharmacy of Hazard, LLC | 12/15/2023 | 2/28/2024 |
| Manchester Pharmacist Group, LLC d/b/a Family Drug Center | 12/15/2023 | 2/28/2024 |
| R/X Discount Pharmacy of Hazard, Inc. | 12/15/2023 | 2/29/2024 |
| Value RX Bluegrass, LLC | 12/15/2023 | 2/29/2024 |
| Walter-Griffin Enterprise, Inc | 12/15/2023 | 2/29/2024 |

(Doc. No. 68, p. 16-19 and Exhibits 14, 18, 23, 29 and 30). Based on the acknowledged service date of December 15, 2023, each of the above-named defendants needed to remove *or* provide their written consent to removal by January 14, 2024 (within thirty days). The consents attached to Doc No. 68, however, are dated February 28th and February 29th of 2024 –**75 and 76 days** after those Defendants were first served. This is a clear violation of the rule of unanimity. For this reason alone, the attempted removal is defective and remand is required.

Similarly, Defendants have not established that all other Defendants timely consented to removal. In particular, counsel for Thompson Discount Drug, Inc. and F. Britton Thompson signed a consent on February 28, 2024, and counsel for "Brooks Webb, et al." signed a consent on February 29, 2024, on behalf of approximately fifty (50) Defendants (Doc. No. 68, Exhibits 27 and 7). Both consents were dated more than thirty days after service, in violation of the rule that all defendants must express their consent in writing within thirty days. *Loftis, supra.* Mr.

2

Chaney notes that those consents include a footnote that reads: "On January 15, 2024, the foregoing Defendants consented to removal via email to ARH Defendants' counsel."

Counsel who signed those consents spoke to undersigned counsel for Mr. Chaney on various occasions to advise which Defendants they were representing, and as of January 15, 2024, they had not advised that they were representing any of the following defendants: (1) Steve Dawson; (2) Alicia Dawson; (3) Boggs Pharmacy; (4) Complete Care Pharmacy, LLC; (5) Cynthia Williams; (6) Lori Johnson; (7) Powers Pharmacy, Inc.; (8) Stallard's Pharmacy; (9) James Craig Stallard; and (10) Broadway Clinic Pharmacy, Inc. dba Clay Discount Pharmacy. As a result, upon receipt of the above-described consents, on March 1, 2024, the undersigned asked counsel to identify (a) when they were engaged by each of the above defendants, and (b) to provide a copy of the January 15, 2024, email referenced in their consents. Not only did counsel refuse to answer those questions or provide the requested email, but contrary to the signed consent, one of them represented that she did NOT email the consent, but only provided the consent orally. *See* email exchange attached hereto as **Exhibit A** ("I gave verbal consent to the removing party's counsel as I was in the middle of trial. I had subsequent verbal conversations with counsel when I was in the middle of another trial. I did not have time to sit down and pen an email about it.").

Defendants have not established that all Defendants provided timely written consents. It is their burden to do so. If written consent was provided on behalf of each, it would be easy to confirm that fact, yet Defendants have not done so, and instead have offered conflicting statements. Because Defendants have not demonstrated timely, written consent by all Defendants, remand is required.

3

### II. Mr. Chaney's Allegations Do NOT Raise a Substantial Federal Question.

In order to craft a narrative to support their argument that Mr. Chaney's allegations raise a substantial federal question, Defendants mischaracterize Mr. Chaney's claims, and attempt to recast their anticipated defenses as part of Mr. Chaney's prima facie case. Mr. Chaney does not raise a federal issue, and certainly not a substantial federal issue. Therefore, removal was improper.

#### a. Defendants Misstate Mr. Chaney's Claims.

Defendants' Opposition Briefs grossly mischaracterize Mr. Chaney's claims in order to manufacture a basis for federal jurisdiction. Mr. Chaney's claims are set forth in his Complaint, and Defendants' attempt to recharacterize those claims are of no moment.

First, Defendants state:

> "The claims in Plaintiff's Complaint, as alleged, include the same elements as the federal criminal statutes. His claims are therefore analogous to alleging Defendants aided and abetted in violating the very same federal laws for which he was convicted."

(Doc. No. 66, at 8). That statement is flatly false. The state-law civil claims asserted by Mr. Chaney are substantially different, and do not overlap with, the federal criminal statutes at play in the criminal proceeding.

Second, Defendants state:

> "Plaintiff's Complaint implicates a federal cause of action by essentially arguing that Defendants failed their duty of care by documenting the criminal activities that led to his conviction."

(Doc. No. 66, at 9). Again, that is flatly false. Mr. Chaney alleges that Defendants *mis*-documented his activities and attributed to him activities that were not his at all.

Third, Defendants state:

4

> "Plaintiff has filed the instant action which argues that he did not possess the *mens rea* that formed the basis of his criminal activities."

(Doc. No. 66, at 10). Once again, false. Mr. Chaney is not seeking to undo his conviction and is not arguing anything about his own *mens rea*.

Fourth, Defendants return to their bald assertion that Plaintiff is "collaterally attacking" his conviction (Doc. No. 68, at 1). But Mr. Chaney has **not** named any federal agency or employee as a defendant, does **not** challenge any conduct of any federal official or agency, and does **not** seek any relief designed to vacate, repeal or modify his conviction. It is noteworthy that Defendants do not even try to cite to allegations in the Complaint to support their mischaracterizations. Further, Mr. Chaney notes that KASPER is a state creation run by a Kentucky state agency.

Fifth, Defendants argue that Plaintiff's complaint "necessarily raises issues of legal error or misconduct . . . during . . . the federal proceedings" (Doc. No. 68, at 7). Again, false. Mr. Chaney does NOT contend that the U.S. government knew about Defendants' false statements and misattributions. The errors, Mr. Chaney contends in this lawsuit, were not by the U.S. Government, but rather, by the Defendants. If Defendants intend to try to shift the blame from themselves to the government, they are free to do so—but that is a defense and is not a basis for federal jurisdiction. See Section II(c) of this Brief.

Sixth, Defendants boldly state that "Chaney's Complaint Challenges Executive Action by Federal Agencies" (Doc. No. 68, at 9). They go so far as to argue that "Chaney's challenge of his federal investigation supplants the DEA's regulatory scheme" (at 11), that "a court must determine whether the FBI failed to properly exercise its investigative power" (at 12), and "a court must inquire into the prosecutorial control of United States Attorneys" (at 12). Finally, they assert that Chaney's Complaint "challenges judicial action by federal courts" (at 13). These

statements are simply not true. Defendants can cite to no allegation in the Complaint that challenges the DEA regulatory scheme, the FBI, the U.S. Attorneys, the courts, or any federal agency. While the federal machinery was instigated by the Defendants, Mr. Chaney is not challenging that federal machinery in this lawsuit. Defendants' statements do not make it so, and if Defendants want to claim that the federal machinery insulates them from liability, they can so argue. But that is a defense.

Finally, Defendants argue that "a court will be required to decide, as a threshold question, whether Chaney actually violated federal law" (Doc. No. 68, at 7). But Mr. Chaney will present evidence that, had Defendants not engaged in the described misconduct, *he would not even have been investigated at all, let alone indicted.* There is no question that Mr. Chaney prescribed controlled substances, as do most physicians in Kentucky and nationally. It was the total number of prescriptions attributed to Mr. Chaney (as dramatically inflated by Defendants' misconduct) that caused the government to investigate and indict Mr. Chaney and which formed the basis for the prosecution. Defendants are free to try to cast Mr. Chaney as a crook and to argue that he would have been indicted and convicted even without their misconduct. That is an alleged defense—again, not relevant for purposes of remand. See Section II(c) of this Brief.

The Court's decision on Mr. Chaney's Motion to remand should be based on Mr. Chaney's actual allegations, not Defendants' repeated mischaracterizations of those allegations.

### b.  The Substantial Federal Question Doctrine Does Not Apply Here.

Defendants rely on what they call the "Substantial Federal Question," citing to *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005) (Doc. No. 68, at 6). In *Grable*, the Internal Revenue Service seized Grabel's property to satisfy its

6

federal tax delinquency. The IRS gave notice to Grable pursuant to federal statute, 26 U.S.C. §6335(a), and sold the property. *Id.* at 310. Many years later, Grable brought a quiet title action against the new owner, claiming that record title was invalid because the IRS failed to provide notice to Grable personally (rather than by certified mail), which was required by the federal statute. The Court recognized that Grable's claim was premised, not on any conduct of the defendant (the new owner), but rather, on the failure of the IRS to provide adequate notice. Indeed, the Court stated, "the meaning of the federal statute is actually in dispute; it appears to be the only legal or factual issue contested in the case." *Id.* at 315. The Court further noted that the government therefore "has a direct interest in the availability of a federal forum to vindicate its own administrative action." *Id.*

In holding federal jurisdiction appropriate in that case, the Court was careful to note the narrow nature of its holding. Noting some more general pronouncements, the Court found that this doctrine should be limited to claims that "really and substantially involve[s] a dispute or controversy respecting the validity, construction or effect of [federal] law." *Id.* at 313 (*quoting Shulthis v. McDougal*, 225 U.S. 561, 569, 32 S. Ct. 704)). Even then, federal jurisdiction only is appropriate when "consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of" 28 U.S.C. §1331. *Id.* The Court concluded:

> the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.

*Id.* at 314. And the Court noted that the issue in that case was so rare that it would "portend only a microscopic effect on the federal-state division of labor." *Id.* at 315.

The *Grable* Court distinguished its holding from *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 106 S. Ct. 3229 (1986). There, the plaintiffs asserted state law claims, some of which depended on the defendant's compliance (or lack thereof) with federal labeling requirements. Plaintiffs' complaint specifically alleged that the violation of federal statute constituted negligence per se, thus explicitly including the federal statute in its cause of action. *Id.* at 806. The Court started with the "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Id.* at 813. Noting the lack of any federal cause of action for the alleged violations, the Court concluded that "the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system." *Id.* at 814. The Court therefore found that there was no federal jurisdiction. *Id.* at 817.

What is the substantial and disputed "federal issue" supposedly raised by Mr. Chaney? Defendants argue that Mr. Chaney's claims "necessarily raise[s] issues of legal error or misconduct for" the federal investigation, indictment and trial, but do not identify the specific "legal error or misconduct" to which they refer (Doc. No. 68, at 7). This assertion is not true. Mr. Chaney is NOT alleging in this lawsuit that the investigators or prosecutors made errors or engaged in misconduct. Rather, he alleges that Defendants (private individuals and companies) engaged in misconduct, and it is Defendants' conduct (not the government's conduct) that caused him harm.

Defendants then argue that "whether Defendants' KASPER data was a 'primary basis' of Chaney's criminal proceedings also raises the type of 'dispute or controversy respecting the validity, construction or effect of federal law'" (Doc. No. 68, at 7). First, KASPER is a creation

8

of state law and is run by a Kentucky state agency. Second, federal investigators' reliance primarily on KASPER data is a fact that already has been established by the testimony of those investigators. That reliance is not a "dispute or controversy" at all, let alone one that requires construction or interpretation of federal law.

Finally, Defendants argue that Mr. Chaney cannot succeed on his claims without proving his innocence of any federal crime (Doc. No. 68, at 7 ("whether Chaney actually violated federal law"); at 8 ("If evidence from the criminal proceedings support that Chaney did violate federal law, there are no damages")). Again, that is simply not true. Mr. Chaney cannot be forced to prove a negative (his lack of violation of any law), and Defendants offer no support for their statement.

Rather, in his prima facie case, Mr. Chaney need only show that Defendants' false statements and misattributions caused him to be investigated and indicted, and he can do this through expert testimony. There is no question that Mr. Chaney prescribed controlled substances, as do most physicians in Kentucky and nationally. The investigation against him, and subsequent indictment, were based on the volume of such prescriptions—a volume that was substantially inflated by Defendants' misconduct. In other words, Defendants' false statements about him, and attributions to him of prescriptions written by others, made it more likely that he would be investigated and indicted. Mr. Chaney can meet his burden of proof on causation without "re-trying" the underlying criminal proceeding.

In any event, even if this constituted a "federal issue," it is not substantial for purposes of this Substantial Federal Question Doctrine. Whether a federal interest is "substantial" is measured by four facts: "(1) whether a federal agency is involved; (2) whether the federal question is important; (3) whether a decision on the federal question will resolve the parties'

9

dispute; and (4) how many other cases a decision on the issue in this case will resolve." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 476 (6th Cir. 2008) (*citing Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 570 (6th Cir. 2007)). Further, for a federal issue in a state law claim to be "substantial" the plaintiff's right to relief must "necessarily turn on some construction of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Tr.*, 462 U.S. 1, 9 (1983.)

First, Mr. Chaney's complaint does not name a government official or state actor, no relief is sought against the government, and the requested relief does not impact Mr. Chaney's conviction or the government's ability to investigate and indict others in any way it deems appropriate. *See Mikulski*, at 570. Rather, Mr. Chaney's claims are against pharmacies and pharmacists for their own wrongful conduct. Defendants go to great lengths to conflate his claims with a challenge to executive and judicial authority. Yet Defendants do not point to a single allegation challenging the DEA regulatory scheme, the FBI, the US Attorneys, the courts, or any federal agency. While Defendants' actions instigated the federal machinery, Mr. Chaney is not challenging that federal machinery in this lawsuit.

Second, whether a federal conviction bars ***state law*** claims against ***non-state actors*** is not "important" to the federal system. Defendants cite no authority to support such a contention, and it makes no sense. The impact of a federal conviction on state law claims is a matter for state law. Further, Mr. Chaney's complaint does not implicate the federal government's ability to "vindicate its own administrative action." Mr. Chaney is not challenging in this lawsuit any action taken by the federal government, nor is he challenging any federal statute or regulation that would interfere with the federal government's processes.

Third, resolution of this issue does not necessarily resolve the case. Rather, if that question is resolved in Mr. Chaney's favor (the conviction does not bar his claims), Mr. Chaney

10

still must prove the elements of his state law claims. Under similar circumstances, the Court in *Mikulski* found that this factor weighs against a finding that the federal issue was substantial. *Id.* at 571. Finally, this issue (if it is one at all) necessarily requires a case-by-case analysis. There is no evidence that a decision on the alleged federal issue here would resolve any other present or future case. Instead, it would bind only the parties to this case.

Thus, the circumstances here do not warrant a finding of any substantial issue of federal law. The circumstances here more closely resemble *Merrell Dow* (violation of federal statute dictated whether Defendants were negligent per se) than *Grable* (where the only issue was the interpretation of a federal statute). This is not one of those narrow cases in which Mr. Chaney's state-law claims can be said to "arise under" federal law. Rather, the "federal issue" here stems more from Defendants' anticipated defenses.

### c. Removal Cannot Be Based on Anticipated Defenses.

The Supreme Court has explicitly held that defenses, even "a defense that relies on the preclusive effect of a prior federal judgment or the pre-emptive effect of a federal statute will not provide a basis for removal." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (citing *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003)); *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474-75 (6th Cir. 2008); *Richardson v. Childers Oil Co.*, 2010 WL 11530708, at * 2 (E.D. Ky. March 17, 2010). That is precisely the case here. Defendants contend that Dr. Chaney's conviction effectively bars his claims. That is a defense, irrelevant to the Motion to remand, and one that the state court can easily address.

Similarly, Defendants' attempts to argue their statute of limitations defense are irrelevant at this point. Mr. Chaney will respond to the merits of that defense in the appropriate jurisdiction

when Defendants' Motions to Dismiss are considered. Mr. Chaney notes Defendants assertion that "Plaintiff should have been checking KASPER to see if any prescriptions were misattributed to him. But he was not" (Doc. No. 66, at 10). As Mr. Chaney explains in his complaint, he no longer had access to KASPER after his indictment (Complaint, ¶124). And many of his patient records were seized, and he still does not have all those records returned. In any event, the statute of limitations defense is not a basis for creating federal jurisdiction, so it has no relevance to the present motion.

Finally, Defendants contend their inability to subpoena the U.S. Attorneys involved in Mr. Chaney's criminal proceedings in state court warrants federal question jurisdiction (Doc No. 66 p. 6). These Defendants cite no legal authority to support their contention that this anticipated defense warrants or permits federal jurisdiction. In any event, Defendants overstate their case. There are avenues available to state court litigants to request discovery from federal agencies including "Touhy Requests." *See Rimmer v. Holder*, 700 F.3d 246, 262-63 (6th Cir. 2012) (describing Touhy framework and process for obtaining information from federal agencies in state court).

## CONCLUSION

Defendants have the burden of establishing that removal to federal court is appropriate and they have failed to do so. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948-49 (6th Cir. 1994). The Defendants' anticipated affirmative defenses are not grounds for removal. Further, not all properly joined and served defendants timely consented to the removal. For all these reasons, the Court should remand this action to the state court.

Respectfully Submitted,

/s/ *Masten Childers, III*
Masten Childers, III, Esq. (KBA # 94898)
Aaron M. Oppegard, Esq. (KBA # 98766)
Michael W. Durborow, Esq. (KBA #96710)
Sarah E. Cooley, Esq. (KBA # 99993)
Madeleine R. Hamlin, Esq. (KBA #100019)
*Whiteford, Taylor & Preston, LLP*
161 N. Eagle Creek Drive, Suite 210
Lexington, Kentucky 40509
Telephone:    (859) 687-6699
Facsimile:    (859) 263-3239
mchilders@whitefordlaw.com
aoppegard@whitefordlaw.com
mdurborow@whitefordlaw.com
scooley@whitefordlaw.com
mhamlin@whitefordlaw.com
*Counsel for Plaintiff James A. Chaney*

AND

Keith E. Whitson, Esq.
    (motion for *pro hac vice* forthcoming)
Jordan E. Kelly, Esq.
    (motion for *pro hac vice* forthcoming)
*Whiteford, Taylor & Preston, LLP*
11 Stanwix Street, Suite 1400
Pittsburgh, Pennsylvania 15222
Telephone:    (412) 286-1695
Facsimile:    (412) 286-1724
kwhitson@whitefordlaw.com
jkelly@whitefordlaw.com
*Counsel for Plaintiff James A. Chaney*

AND

Justin S. Peterson, Esq. (KBA #92633)
Kellie M. Collins, Esq. (KBA #92509)
Laura Jane Phelps, Esq. (KBA #98567)
*Peterson Law Office, PLLC*
2424 Harrodsburg Road, Suite 205
Lexington, Kentucky 40503
Telephone:    (859) 469-6390
Facsimile:    (859) 469-6391
justin@justinpetersonlaw.com

13

kellie@justinpetersonlaw.com
laurajane@justinpetersonlaw.com
*Counsel for James A. Chaney*

## **CERTIFICATE OF SERVICE**

It is hereby certified that on the 14th day of March 2024, a true copy of the foregoing was electronically filed using the CM/ECF system.