UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JAMES A. CHANEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:24-CV-7-REW-HAI |
| v. | ) | |
| | ) | |
| CVS PHARMACY, INC., *et al.*, | ) | ORDER |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

Defendants Appalachian Regional Healthcare, Inc., Helen Herald, and Hollie Harris move for leave to file a sur-reply to Plaintiff James A. Chaney's motion to remand. *See* DE 77. "Neither the Federal Rules of Civil Procedure nor the Court's local rules permit the filing of sur-replies." *N. Harris Comp. Corp. v. DSI Invs., LLC*, 608 F. Supp. 3d 511, 531 (W.D. Ky. 2022). Generally, "[s]ur-replies are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word in the matter." *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012) (alteration in original) (internal quotation marks omitted). That said, the Court may grant leave to file a sur-reply if it determines that "a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008).

Here, as grounds, Defendants argue that a sur-reply is necessary to "address and clarify:" (1) Chaney's "dispute of timeliness for written consents corroborating prior oral consent;" and (2) Chaney's "new assertion that earlier-served Defendants' failure to remove and/or consent to removal within their own 30-day period destroys the Rule of Unanimity." DE 77 at 1.

1

The Court will grant Defendants' motion for leave. In his reply, Chaney, for the first time, argues that certain Defendants failed to consent to removal within thirty days of service. *See* DE 76 at 2. Chaney's reply also attaches and bases arguments on emails with Defendants' counsel, dated March 1, 2024 and March 6, 2024. *See* DE 76-1. Given that Defendants filed their response on February 29, 2024—*i.e.*, before the email exchange even occurred—Defendants should have the opportunity to reply to argument based on these emails. The Court notes that the proposed sur-reply is two pages and confined to new arguments.

Thus, the Court **GRANTS** DE 77, Defendants' motion for leave to file a sur-reply.

This the 19th day of March, 2024.

Signed By:
*Robert E. Wier*  REW
United States District Judge