UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
CIVIL ACTION NO. 6:24-CV-07-REW-HAI

*ELECTRONICALLY FILED*

**JAMES A. CHANEY,**                                                                      **PLAINTIFF**

**V.**

**CVS PHARMACY, INC., et al.**                                                    **DEFENDANTS**

<u>**ARH DEFENDANTS' SUR-REPLY IN OPPOSITION TO MOTION TO REMAND**</u>

  Defendants Appalachian Regional Healthcare, Inc. d/b/a ARH Regional Medical Center Pharmacy and ARH Community Pharmacy, Helen Herald, and Hollie Harris a/k/a Hollie Crady ("ARH Defendants"), by counsel, state as follows for their sur-reply to Plaintiff's *Reply in Support of Motion to Remand*.

**I. All Properly Served and Joined Defendants Consented Prior to Removal.**

  Plaintiff's *Motion to Remand* disputed unanimous consent and "demand[ed] that ARH produce the written consent from each properly joined and served defendant."[1] ARH complied, responding with written consents, joinders, and proof of non-service for every named Defendant. To clarify, the written consents and joinders dated after January 16, 2024, the date of removal, merely corroborate timely verbal and/or written consent received prior to removal.[2] Even so, the Rule of Unanimity is not as rigid as Plaintiff characterizes. The written consents disputed in

---

[1] *See Plaintiff's Motion to Remand* at p. 12.

[2] ARH Defendants' *Notice of Removal* certified that all properly served and joined Defendants consented to removal. *See Harper v. AutoAlliiance Intern, Inc.*, 392 F.3d 195, 201 (6th Cir. 2004) (holding one attorney of record may certify consent of another Defendant).

1

Plaintiff's *Reply* were also joinders, and "the fact that [Defendants] subsequently opposed [Plaintiff's] motion to remand cured any purported defect in the removal petition."[3]

## II. Earlier-Served Defendants Timely Consented to Removal.

Plaintiff newly asserts that earlier-served Defendants' failure to remove or consent to removal within their own 30-day removal period destroys the Rule of Unanimity.[4] Not so. The "last-served defendant" rule provides that "any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."[5] As such, the consent and joinder of all Defendants, even those earlier-served, is timely.

## CONCLUSION

For the foregoing reasons, and in addition to the arguments set forth in *ARH Defendants' Memorandum of Law in Opposition to Motion to Remand*, Defendants Appalachian Regional Healthcare, Inc. d/b/a ARH Regional Medical Center Pharmacy and ARH Community Pharmacy; Helen Herald; and Hollie Harris a/k/a Hollie Crady, request that Plaintiff's *Motion to Remand* be denied.

---

[3] *Id.* at 202.

[4] *See Plaintiff's Reply in Support of Motion to Remand* at p. 2 ("each of the above-named defendants needed to remove *or* provide their written consent to removal by January 14, 2024 (within [their own] thirty days).")

[5] 28 U.S.C. § 1446(b)(2)(C); *see also Robertson v. U.S. Bank, N.A.*, 831 F.3d 757, 761–62 (6th Cir. 2016).

19506692.1

**APPALACHIAN REGIONAL HEALTHCARE, INC. D/B/A ARH REGIONAL MEDICAL CENTER PHARMACY AND ARH COMMUNITY PHARMACY; HELEN HERALD; HOLLIE HARRIS A/K/A HOLLIE CRADY**

**By Counsel:**

*/s/ Anders W. Lindberg*
Anders W. Lindberg (KY Bar No. 93983)
Stacey Richards-Minigh (KY Bar No. 91969)
Mattie F. Shuler (Motion for *Pro Hac Vice* Forthcoming)
STEPTOE & JOHNSON PLLC
825 Third Avenue, Suite 400
Huntington, West Virginia 25701
(304) 526-8149
(304) 526-8089 (Fax)

Nathaniel R. Kissel (Ky. Bar No. 93162)
STEPTOE & JOHNSON PLLC
100 W. Main Street, Suite 400
(859) 219-8200
(859) 255-6903 (Fax)

19506692.1