UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
AT LONDON

| | |
|---|---|
| JAMES A. CHANEY | ) |
| | ) _Electronically Filed_ |
| | ) **CASE NO. 6:24-cv-00007-REW-HAI** |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) |
| | ) |
| CVS PHARMACY, INC.; KENTUCKY CVS | ) |
| PHARMACY, LLC; RYAN MCGRAINER, | ) |
| Employee of CVS PHARMACY, INC.; JAMES | ) |
| SHACKLEFORD, Employee of CVS PHARMACY, | ) |
| INC.; SHERRY SUTHERLAND, Employee of CVS | ) |
| PHARMACY, INC.; R/X DISCOUNT PHARMACY, | ) |
| INC.; R/X DISCOUNT PHARMACY OF HAZARD, | ) |
| INC.; RICHARD K. SLONE, Owner or Employee of | ) |
| R/X DISCOUNT PHARMACY, INC. and/or R/X | ) |
| DISCOUNT PHARMACY OF HAZARD, INC.; | ) |
| R/X DISCOUNT PHARMACY OF HARLAN | ) |
| COUNTY, INC. d/b/a CLAY DISCOUNT | ) |
| PHARMACY; APPALACHIAN REGIONAL | ) |
| HEALTHCARE, INC. in its own name and d/b/a | ) |
| ARH REG. MED. CTR. PHARMACY and ARH | ) |
| COMMUNITY PHARMACY; HELEN HERALD, | ) |
| Owner or Employee of APPALACHIAN REGIONAL | ) |
| HEALTHCARE, INC. and/or ARH REG. MED. CTR. | ) |
| PHARMACY and/or ARH COMMUNITY | ) |
| PHARMACY; REBECCA WOOTEN NAPIER, | ) |
| Owner or Employee APPALACHIAN REGIONAL | ) |
| HEALTHCARE, INC. and/or of ARH REG. MED. | ) |
| CTR. PHARMACY and/or ARH COMMUNITY | ) |
| PHARMACY; HOLLY HARRIS a/k/a HOLLY | ) |
| CRADY, Owner or Employee of APPALACHIAN | ) |
| REGIONAL HEALTHCARE, INC. and/or ARH | ) |
| REG. MED. CTR. PHARMACY and/or ARH | ) |
| COMMUNITY PHARMACY; BOGGS PHARMACY, | ) |
| INC.; BROADWAY CLINIC PHARMACY, INC. | ) |
| d/b/a MEDICINE CABINET PHARMACY; | ) |
| COMMUNITY DRUG OF MANCHESTER, | ) |
| INC.; MICHAEL SIZEMORE, Owner or Employee | ) |
| of COMMUNITY DRUG OF MANCHESTER, | ) |
| INC. and/or MED-MART PHARMACY, LLC; | ) |
| COMPLETE CARE PHARMACY, PLLC; | ) |
| CYNTHIA WILLIAMS, Owner or Employee of | ) |

COMPLETE CARE PHARMACY, PLLC; LORI          )
JOHNSON, Owner or Employee of COMPLETE      )
CARE PHARMACY, PLLC; D.B. COYLE             )
ENTERPRISES, INC. d/b/a THE MEDICINE        )
SHOPPE; TOMBERT, INC. d/b/a THE MEDICINE    )
SHOPPE; DOWNTOWN DRUG, INC.; DSSK           )
PHARMACEUTICAL, INC. in its own name and    )
d/b/a THE MEDICINE SHOPPE HAZARD; SUSAN     )
FIELDS, Owner or Employee of THE MEDICINE   )
SHOPPE HAZARD; EAST MAIN STREET             )
PHARMACY, LLC; DACHEA WOOTON, Owner         )
or Employee of EAST MAIN STREET             )
PHARMACY, LLC; FAMILY PHARMACY OF           )
JACKSON; HARLAN MEDICAL CENTER              )
PHARMACY, INC.; ERNEST WATTS, Owner or      )
Employee of HARLAN MEDICAL CENTER           )
PHARMACY; BRIAN KEY, Owner or Employee      )
of HARLAND MEDICAL CENTER PHARMACY;         )
HOMETOWN PHARMACY OF HAZARD, LLC;           )
HOMETOWN PHARMACY OF JACKSON,               )
LLC; HOMETOWN PHARMACY, INC.; JOE           )
LEWIS, Owner or Employee of HOMETOWN        )
PHARMACY, INC.; DOUG MORGAN, Owner or       )
Employee of HOMETOWN PHARMACY, INC.;        )
HOMETOWN PHARMACY OF MANCHESTER,            )
LLC; MATTHEW HUTERA, Owner or Employee      )
of HOMETOWN PHARMACY OF MANCHESTER,         )
LLC; HOSPICE OF THE BLUEGRASS, INC.;        )
JEFFREY HOLMES, Owner or Employee of        )
HOSPICE OF THE BLUEGRASS, INC.;             )
WENDELL SHORT, Owner or Employee of         )
HOSPICE OF THE BLUEGRASS, INC.;             )
HOWARD FAMILY PHARMACY, INC.;               )
WESLEY HOWARD, Owner of Employee of         )
HOWARD FAMILY PHARMACY, INC.; JOHNS         )
CREEK DRUG CENTER, INC.; DONNIE K.          )
STARNES, Owner or Employee of JOHNS CREEK   )
DRUGCENTER, INC.; JORDAN DRUG, INC.         )
d/b/a JACKSON APOTHECARY and d/b/a          )
BREATHITT PRESCRIPTION CENTER; KING         )
PHARMACY, INC.; LESLIE SCOTT KING, Owner    )
or Employee of KING PHARMACY, INC.; KNOTT   )
PRESCRIPTION CENTER, INC.; CHRISTOPHER      )
HALL, Owner or Employee of KNOTT            )
PRESCRIPTION CENTER, INC.; CHARLES          )
STUART DUFF, Owner or Employee of KNOTT     )

2

PRESCRIPTION CENTER, INC.; LACKEY                )
PHARMACY, INC.; MOUNTAIN                          )
COMPREHENSIVE HEALTH CARE d/b/a                   )
LEATHERWOOD-BLACKEY MEDICAL CLINIC;              )
VERLON BANKS, Owner or Employee of               )
MOUNTAIN COMPREHENSIVE HEALTH CARE               )
d/b/a LEATHERWOOD-BLACKEY MEDICAL                 )
CLINIC; MANCHESTER PHARMACIST                     )
GROUP, LLC d/b/a FAMILY DRUG CENTER;             )
MCDOWELL PROFESSIONAL PHARMACY,                   )
INC.; STEVE DAWSON, Owner or Employee of         )
MCDOWELL PROFESSIONAL PHARMACY,                   )
INC.; ALICIA DAWSON, Owner or Employee of        )
MCDOWELL PROFESSIONAL PHARMACY,                   )
INC.; MED-MART PHARMACY, LLC; THE                 )
MEDICINE SHOPPE HYDEN; RONNIE                     )
STEWART, Owner or Employee of THE MEDICINE       )
SHOPPE HYDEN; MOUNTAIN CLINIC                     )
PHARMACY, LLC; BROOKS WEBB,                       )
Owner or Employee of MOUNTAIN CLINIC             )
PHARMACY, LLC; PARKVIEW PHARMACY,                 )
INC.; PEJ, INC. in its own name and d/b/a        )
HOMETOWN PHARMACY OF JACKSON; THE                 )
PLAZA PHARMACY, PLLC; POWERS                      )
PHARMACY, INC.; PROFESSIONAL                      )
PHARMACY OF HAZARD, PLLC; DANIEL                  )
THIES, Owner or Employee of PROFESSIONAL         )
PHARMACY OF HAZARD, PLLC; SPECIALTY              )
CARE CENTER PHARMACY OF E. KENTUCKY;            )
BARRY MARTIN, Owner or Employee of               )
SPECIALTY CARE CENTER PHARMACY OF                )
E. KENTUCKY and/or EAST MAIN STREET              )
PHARMACY, LLC; ROBERT BURTON, Owner or          )
Employee of SPECIALTY CARE CENTER                )
PHARMACY OF E. KENTUCKY and/or EAST              )
MAIN STREET PHARMACY, LLC; STALLARD'S           )
PHARMACY, INC. in its own name and d/b/a         )
FAMILY DRUG OF NEON; JAMES CRAIG                  )
STALLARD, Owner or Employee of STALLARD'S        )
PHARMACY, INC. and/or FAMILY DRUG OF             )
NEON; WALTERS-GRIFFIN ENTERPRISE,               )
INC. d/b/a SUPERIOR DRUG; WILLIAM REED           )
HALL, Owner or Employee of WALTER-GRIFFIN        )
ENTERPRISES, INC. d/b/a SUPERIOR DRUG;          )
ROBERT WALTERS, SR., Owner or Employee of        )
WALTER-GRIFFIN ENTERPRISES, INC. d/b/a           )

3

SUPERIOR DRUG; THOMPSON DISCOUNT )
DRUG, INC.; F. BRITTON THOMPSON, Owner )
or Employee of THOMPSON DISCOUNT DRUG, )
INC.; VALUE RX BLUEGRASS, LLC; VALUE )
RX II, LLC; TODD WALTERS, Owner or )
Employee of VALUE RX BLUEGRASS, LLC )
and/or VALUE RX II, LLC; WAL-MART STORES )
EAST, LIMITED PARTNERSHIP; MIKE )
MCINTOSH, Owner or Employee of WAL-MART )
STORES EAST, LIMITED PARTNERSHIP; and )
JOHN DOE I THROUGH JOHN DOE XL, the )
Unknown Employees and/oor Owners of the )
Defendants named herein )
  )
DEFENDANTS )
  )

## SUR-REPLY IN OPPOSITION TO MOTION TO REMAND

Come the Defendants, RX Discount Pharmacy, Inc., Richard K. Slone, RX Discount
Pharmacy of Harlan County, Inc., d/b/a Clay Discount Pharmacy, Boggs Pharmacy, Inc.,
Broadway Clinic Pharmacy, Inc. d/b/a Medicine Cabinet Pharmacy, Community Drug of
Manchester, Inc., Michael Sizemore, Complete Care Pharmacy, PLLC, Cynthia Williams, Lori
Johnson, Downtown Drug, Inc., East Main Street Pharmacy, LLC, Dachea Wooten, Family
Pharmacy of Jackson, Harlan Medical Center Pharmacy, Inc., Ernest Watts, Brian Key, Hometown
Pharmacy of Jackson, LLC, Hometown Pharmacy, Inc., Joe Lewis, Doug Morgan, Howard Family
Pharmacy, Inc., Wesley Howard, John's Creek Drug Center, Inc., Donnie K. Starnes, King
Pharmacy, Inc., Leslie Scott King, Knott Prescription Center, Inc., Christopher "Todd" Hall,
Charles Stuart Duff, Lackey Pharmacy, Inc., McDowell Professional Pharmacy, Inc., Steve
Dawson, Alicia Dawson, Med-Mart Pharmacy, Inc., The Mountain Clinic Pharmacy, LLC, Brooks
Webb, Parkview Pharmacy, Inc., PEJ, Inc., Powers Pharmacy, Inc., Professional Pharmacy of
Hazard, PLLC, Daniel Thies, Specialty Care Center Pharmacy of E. Kentucky, Barry Martin,

Robert Burton, Stallard's Pharmacy, Inc., in its own name and d/b/a Family Drug of Neon, James Craig Stallard, Value RX II, LLC, and Todd Walters, (hereinafter "Defendants"), by counsel, and for their Sur Reply to the Motion to Remand, states as follows:

## I.     All Properly Joined and Served Defendants Consented Prior to Removal

In his Reply, Plaintiff argues that January 14, 2024 was the date by which Defendants must have consented to Removal.  Plaintiff identifies December 15, 2023, as the "acknowledged service date." However, Defendant East Main Street Pharmacy, LLC would not be served for another 11 days.  One attorney of record may certify consent of another Defendant.[1] As such, when the undersigned counsel consented to removal by email dated January 15, 2024[2], any "earlier served defendant [could have] consent[ed] to the removal…"[3] Plaintiff noted this position in his Reply. Additionally, Plaintiff's reading of *Loftis* squares with Defendants' argument above regarding removal by previously-served defendants.[4]

## II.     Defendants have properly characterized Plaintiff's allegations which implicate the elements of the criminal statutes under which he was convicted.

Plaintiff's claims as alleged, including Negligent/Fraudulent Misrepresentation, False Light, Defamation and Libel Per Se, and Identity Theft all require an element of knowledge.  The federal criminal statutes of which Plaintiff was convicted including conspiracy to commit drug trafficking, conspiracy to commit money laundering, and conspiracy to commit health care fraud all require an element of knowledge.  Knowledge is the tie that binds Plaintiffs Complaint to his criminal conviction.  Knowledge directly implicates the very federal drug control law under which

---

[1] *Harper v. AutoAlliance Intern, Inc.*, 392 F.3d 195, 201 (6th Cir. 2004).
[2] See email exchange dated January 15, 2024 attached hereto as **Exhibit A**.
[3] 28 U.S.C.A §1446.
[4] See Plaintiff's Reply at 1.

Plaintiff was convicted and this Court should not allow Plaintiff to use said law to mount a civil attack against Defendants that were in compliance with the same.

Because Plaintiff was convicted under federal drug control law, it can only be inferred that whether Plaintiff possessed the appropriate *mens rea* and did so beyond a reasonable doubt has been resolved.  The transcript of Plaintiff's sentencing hearing shows that 60% percent of Plaintiff's billings during the relevant time period were fraudulent.[5] However, in his Reply to Defendants Opposition to Remand, Plaintiff stated that he was not "arguing anything about his own *mens rea*."[6]  Plaintiff cannot simultaneously argue in good faith that he is taking responsibility for his crimes *and* that he never would have been investigated but for the actions of the Defendants.

## III.   Plaintiff's KASPER access during the relevant time is responsive to the jurisdictional question because Plaintiff's allegations implicate federal drug control law.

In his reply, Plaintiff asserts that jurisdiction in this Court is improper under the Substantial Federal Question Doctrine.[7]  However, nowhere does Plaintiff rebut Defendants argument that jurisdiction in this Court is <u>proper</u> under the Artful Pleading Doctrine.  Plaintiff is alleging that Defendants misattributed prescriptions for controlled drugs in KASPER, a state-administered program which requires that a prescriber maintain a federal DEA number and that these alleged misattributions drew the federal government's attention to his criminal enterprise.[8] At its core, Plaintiff's Complaint implicates federal drug control law and sufficient federal-state cooperation exists such that the Artful Pleading Doctrine applies.

---

[5] See Transcript of Dr. Chaney's Sentencing Hearing at P. 27 hereafter referred to **Exhibit B**.
[6] Plaintiff's Reply in Support of Motion to Remand at P. 5.
[7] See Doc. 76 at 5.
[8] Plaintiff's Complaint at ¶ 109.

Plaintiff has asserted that he "no longer had access to any KASPER data after 2014."[9] That is inaccurate. Plaintiff was indicted on October 2, 2014.[10] Then, 19 days later, Plaintiff's medical license was suspended by emergency order of the Kentucky Board of Medical Licensure.[11] By agreement between the parties, an administrative hearing regarding the emergency order of suspension was postponed until after resolution of the criminal charges.[12]   During Plaintiff's criminal trial, the Governments' response to Plaintiff's Motion to Compel underlying KASPER data argued that Plaintiff, as a physician, was "capable of obtaining a KASPER report…himself."[13] Apparently, the United States believed Plaintiff continued to have KASPER access.  Nonetheless, said Motion to Compel was granted on May 1, 2015.  As a result, Plaintiff had access to KASPER data that was being used to prosecute his criminal case and the opportunity to analyze that data. Plaintiff likely continued to have KASPER access until the Kentucky Board of Medical Licensure's Recommended Order Granting Summary Disposition dated August 3, 2016. However, it is indisputable that Plaintiff had access to KASPER data after his Motion to Compel was granted on May 1, 2015 and to argue that Plaintiff was without KASPER access after 2014 is inaccurate.

**V.      The Department of Justice has access to KASPER records from the relevant time and its employees can only be subpoenaed to federal court.**

This Defendant cited to two cases in support of its contention that their inability to subpoena U.S. Attorneys to state court warrants federal question jurisdiction.[14] While a "Touhy Request" is an avenue to request discovery from a federal agency, once a Touhy Request is denied,

---

[9] Plaintiff's Complaint at ¶ 124.
[10] See Commonwealth of Kentucky Board of Medical Licensure Case No. 1615 Findings of Fact, Conclusions of Law, And Recommended Order Granting Summary Disposition at P. 30 attached hereto as **Exhibit C**.
[11] See Exhibit C at P. 71.
[12] See Exhibit C at P. 2.
[13] See Plaintiff's Motion to Compel Discovery P. 3 attached hereto as **Exhibit D**.
[14] See Doc 66 at 6.

the only venue that can compel the testimony of a Department of Justice employee is the Federal District Court.[15] Additionally, in support of his argument, Plaintiff cited to a case in which the United States was a party.[16] The Government is not a party here and Department of Justice rules governing DOJ employees as witnesses differ where the Government is a nonparty.

Plaintiff's citation to *Rimmer v. Holder* case illustrates the difficulties that Defendants likely will face in obtaining sufficient information from the DOJ through the Touhy framework. In *Rimmer v. Holder*, when the FBI turned over 704 potentially exculpatory documents to the appellant, 539 of them were heavily redacted.[17] Yes, a party may negotiate for records access with the Department of Justice, but the bargaining power between Defendants and the DOJ is far from equal. And if Defendants are forced to attempt to compel the testimony of the U.S. Attorneys that prosecuted Plaintiff, the decision to grant or quash the subpoena will bring the parties back to this very Court.

## CONCLUSION

For the foregoing reasons, and in addition to the arguments set forth in Defendants Memorandum in Opposition to Motion to Remand, Defendants request that Plaintiff's Motion to Remand be denied.

---

[15] Justice Manual 1-6.000 - DOJ Personnel As Witnesses | United States Department of Justice
[16] *Rimmer v. Holder*, 700 F.3d 246 (6th Cir. 2012).
[17] *Id.*, at 255.

Respectfully submitted,

RICHARDSON LAW GROUP, PLLC


*/s/ Melissa Thompson Richardson*
Melissa Thompson Richardson
R. Scott Jones
771 Corporate Drive, Suite 900
Lexington, Kentucky 40503
Telephone:     (859) 219-9090
Facsimile:      (859) 219-9292
Email:          Melissa@RichardsonLawGrp.com
                SJones@RichardsonLawGrp.com
COUNSEL FOR DEFENDANTS


## CERTIFICATE OF SERVICE

On March, 22, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.


*/s/ Melissa Thompson Richardson*
COUNSEL FOR DEFENDANTS


6057.008190C:\NRPortbl\Golden_and_Walters\JULIE\2405392_1.docx

9

**Nicole Lozano**

---

**From:** Melissa Thompson Richardson
**Sent:** Monday, January 15, 2024 11:55 AM
**To:** Stacey Minigh; Josh Leckrone; Scott Jones; Bryan Bond
**Cc:** Anders Lindberg; Rosanne Hocevar; Mattie Shuler
**Subject:** RE: EAST MAIN ST- Joinder and Consent to Removal(18695119.1 SJDOCS)

Counsel, I am in trial and cannot sign these. I have never had a situation where someone has asked me to sign something like this and I don't believe it is required by the rules for us to sign. You have permission by me for all of my clients to remove this to federal court. Please proceed.



Melissa Thompson Richardson  |  Member
771 Corporate Dr. Suite 900  |  Lexington, KY 40503
Phone: (859)219-9090  |  Fax: (859)219-9292
Email: Melissa@RichardsonLawGrp.com
Website: www.RichardsonLawGrp.com

 

Please consider the environment before printing this email.
NOTICE: This electronic mail transmission is for the use of the named individual or entity to which it is directed and may contain information that is privileged or confidential. It is not to be transmitted to or received by anyone other than the named addressee (or a person authorized to deliver to the named addressee). It is not to be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, delete it from your system without copying or forwarding it, and notify the sender of the error by replying via email or by calling Richardson Law Group, PLLC at (859) 219-9090 (collect) so that our address record can be corrected.

---

**From:** Stacey Minigh <Stacey.Richards-Minigh@Steptoe-Johnson.com>
**Sent:** Friday, January 12, 2024 10:42 AM
**To:** Melissa Thompson Richardson <melissa@richardsonlawgrp.com>; Josh Leckrone <jleckrone@richardsonlawgrp.com>; Scott Jones <sjones@richardsonlawgrp.com>; Bryan Bond <BBond@richardsonlawgrp.com>
**Cc:** Anders Lindberg <Anders.Lindberg@steptoe-johnson.com>; Rosanne Hocevar <Rosanne.Hocevar@Steptoe-Johnson.com>; Mattie Shuler <Mattie.Shuler@Steptoe-Johnson.com>
**Subject:** EAST MAIN ST- Joinder and Consent to Removal(18695119.1 SJDOCS)

*[External Email: Please use caution when opening attachments and links from external senders.]*

Melissa:

Attached please find a Joinder and Consent to Removal. If it meets with your approval, please execute it and return a scanned copy to me.

Thanks,

**EXHIBIT A**

Stacey

**Stacey Richards-Minigh**
Steptoe & Johnson PLLC
P.O. Box 2195, Huntington, WV 25722-2195
*Overnight*
825 Third Avenue, Ste. 400
Huntington, WV 25701
O: 304-526-8144 F: 304-526-8089 C: 304-691-3471
Assistant:  Lisa Ruley 304-526-8087

stacey.minigh@steptoe-johnson.com
www.steptoe-johnson.com



Steptoe & Johnson PLLC Note:
This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.

```
 1  finding of the jury is that the way this clinic was
 2  designed, and the way the -- it was -- the medicine
 3  was practiced, is that that line got crossed, and it
 4  got crossed so far beyond what the expectation is in
 5  our society that it involved criminal conduct.
 6         And so I'm drawing -- I'm having to determine
 7  what the line is.  To decide that there is an actual
 8  loss amount here, or to decide that the drug
 9  quantities here fall in a particular category is not
10  the same thing as saying that it was at this end of
11  the continuum where it's all fraud.
12         And so I've listened really carefully to the
13  testimony that was provided at the hearing.  I've
14  looked at the briefing.  I've thought a lot about this
15  and at the fundamental level.
16         I do think that where the number has landed
17  modestly overstates the fraud to legitimate service
18  ratio.  And so it falls -- it's almost 80 percent of
19  the amount here of what was -- what was paid.  And I
20  realize that when we're talking about what was billed,
21  we're talking about 19 percent.  And I understand the
22  guidelines could focus on what is billed.  But I think
23  it appropriately in this case is focusing on that $21
24  million.  But I think instead of 78 percent, that
25  number should be 60.  I actually think there was more
```

**EXHIBIT B**



## KENTUCKY BOARD OF MEDICAL LICENSURE

**Andy Beshear**
GOVERNOR

Hurstbourne Office Park
310 Whittington Parkway, Suite 1B
Louisville, Kentucky 40222

www.kbml.ky.gov
(502) 429-7150

Date:   January 12, 2024

To:   Amanda Young
Richardson Law Group PLLC
771 Corporate Dr.
Ste. 900
Lexington, KY 40503

From:   Tyra Johnson
Records Custodian

Sent:   U.S. Mail, Postage Prepaid

Re:   Public Records Request
This record is [] certified [X] not certified

On January 09, 2024, you requested records pertaining to the Kentucky Board of Medical Licensure investigation of James Ace Chaney dated between 2014 – 2016 relating to Chaney's criminal activities originating out of the Ace Clinique of Medicine located in Hazard, Perry County, Kentucky.

Kentucky Open Records law requires that a requester describe the records sought with "definite, specific, and unequivocal terms." 16-ORD-242 (quoting 13-ORD-77). Broad or imprecise requests for "any", "all" or documents that "relate" or "concern" may be denied. *See id.* and 08-ORD-058.

In regard to your request for "Chaney's criminal activities originating out of the Ace Clinique of Medicine located in Hazard, Perry County, Kentucky" the Board does not maintain records or lists according to the parameters identified by you but rather by licensee name or number.

The Kentucky Board of Medical Licensure is a State agency, which is responsible for maintaining the records concerning medical licensure pursuant to KRS 311.530. The records



An Equal Opportunity Employer M/F/D

**EXHIBIT C**

custodian is obligated to conduct a reasonable search of the agency's files. Requests for records "relating to" or "any and all" are overly broad and such records are not clearly identifiable, but I have conducted a reasonable search of the agency's files for records that may contain responsive information within the parameters identified by you and within records organized according to licensee's name (James Ace Chaney) and license number (28914).

Any questions that do not involve open records documents, should be addressed to the Executive Director, Michael Rodman. Thank you for allowing us to be of assistance. If you require additional information, please do not hesitate to call our office.

## CERTIFICATION

I, Tyra Johnson, custodian of the records for the Kentucky Board of Medical Licensure, hereby certify that the attached are true and exact copies of the documents on file with this office.

_____
Tyra Johnson, Open Records Custodian

2



### James A. Chaney, M.D., License # 28914

This is a new case involving an indictment pending against Dr. Chaney related to controlled substances. Panel members reviewed a Memorandum from Ms. Leanne Diakov and the Indictment. Mr. Hughes recused himself from the deliberation and vote.

> Action: After review, Dr. Grider made the motion to issue a Complaint and Emergency Order of Suspension. Also, counsel may amend as necessary as criminal case proceeds/resolves. Seconded by Dr. Moliterno, the motion carried. Terms and conditions were provided to General Counsel.

Panel A Minutes - October 16, 2014

### James Alvin Chaney, M.D., License # 28914

The Panel is asked to finally resolve this case following receipt of the Hearing Officer's Findings of Fact, Conclusions of Law and Recommended Order Granting Summary Disposition. A Memorandum from Ms. Leanne Diakov, General Counsel, was reviewed by Panel members, along with the Complaint and the Hearing Officer's Findings of Fact, Conclusions of Law and Recommended Order Granting Summary Disposition.

Action: Upon review, a motion was made by Dr. Travis to accept the Hearing Officer's Findings of Fact, Conclusions of Law and Recommended Order Granting Summary Disposition and issue an Order of Revocation. Seconded by Dr. Rangaswamy, the motion carried. Terms and conditions were provided to General Counsel.

Panel B Minutes – 09/15/2016

COMMONWEALTH OF KENTUCKY
BOARD OF MEDICAL LICENSURE
CASE NO. 1615

FILED OF RECORD

SEP 19 2016

K.B.M.L.

IN RE: THE LICENSE TO PRACTICE MEDICINE IN THE COMMONWEALTH OF
KENTUCKY HELD BY JAMES ALVIN CHANEY, M.D., LICENSE NO. 28914, 181
ROY CAMPBELL DRIVE, HAZARD, KENTUCKY 41701

## ORDER OF REVOCATION

On September 15, 2016, the Kentucky Board of Medical Licensure (hereinafter "the Board"), acting by and through its Hearing Panel B, took up this case for final action. The members of Panel B reviewed the Amended Complaint, filed May 18, 2016; the hearing officer's Findings of Fact, Conclusions of Law and Recommended Order Granting Summary Disposition, filed August 5, 2016; and an August 26, 2016 memorandum from the Board's counsel. The licensee, James Alvin Chaney, M.D., did not file exceptions to the hearing officer's recommended order and did not appear before the Panel.

Having considered all the information available and being sufficiently advised, Hearing Panel B ACCEPTS the hearing officer's recommended findings and ADOPTS those findings and INCORPORATES them BY REFERENCE into this Order; Hearing Panel B FURTHER ACCEPTS AND ADOPTS the hearing officer's Recommended Order. (Attachment) Having considered all of the sanctions available under KRS 311.595 and the nature of the violations in this case, Hearing Panel B has determined that revocation is the appropriate sanction. Accordingly, Hearing Panel B **ORDERS**:

1. The license to practice medicine held by James Alvin Chaney, M.D., is hereby REVOKED and he may not perform any act which constitutes the "practice of medicine," as that term is defined by KRS 311.550(10) – the diagnosis, treatment, or correction of any and all human conditions, ailments, diseases, injuries, or infirmities by any and all means, methods, devices, or instrumentalities – in the Commonwealth of Kentucky; and

2. Pursuant to KRS 311.565(1)(v), the licensee SHALL REIMBURSE the costs of these proceedings in the amount of $5,980.00, within six (6) months of the filing of this Order of Revocation.

SO ORDERED on this 19ᵗʰ day of September, 2016.

_Randel C Gibson DO_

RANDEL C. GIBSON, D.O.
ACTING CHAIR, HEARING PANEL B

## CERTIFICATE OF SERVICE

I certify that the original of the foregoing Order of Revocation was delivered to Mr. Michael S. Rodman, Executive Director, Kentucky Board of Medical Licensure, 310 Whittington Parkway, Suite 1B, Louisville, Kentucky 40222; a copy was mailed to Thomas J. Hellmann, Esq., Hearing Officer, 810 Hickman Hill Road, Frankfort, Kentucky 40601 and a copy was sent via certified mail return-receipt requested to the licensee, James A. Chaney, M.D., c/o Pulaski County Detention Center, 300 Hail Knob Road, Somerset, Kentucky 42503, on this 19ᵗʰ day of September, 2016.

_Leanne K Diakov_

Leanne K. Diakov
General Counsel
Kentucky Board of Medical Licensure
310 Whittington Parkway, Suite 1B
Louisville, Kentucky 40222
Tel. (502) 429-7150

## EFFECTIVE DATE AND APPEAL RIGHTS

Pursuant to KRS 311.593(1) and 13B.120, the effective date of this Order will be thirty (30) days after this Order of Revocation is received by the licensee.

The licensee may appeal from this Order, pursuant to KRS 311.593 and 13B.140-.150, by filing a Petition for Judicial Review in Jefferson Circuit Court within thirty (30) days after this Order is mailed or delivered by personal service. Copies of the petition shall be served by the licensee upon the Board and its General Counsel or Assistant General Counsel. The Petition shall include the names and addresses of all parties to the proceeding and the agency involved, and a statement of the grounds on which the review is requested, along with a copy of this Order.

FILED OF RECORD

**COMMONWEALTH OF KENTUCKY**
**BOARD OF MEDICAL LICENSURE**
**CASE NO. 1615**

AUG 05 2016

K.B.M.L.

IN RE:  THE LICENSE TO PRACTICE MEDICINE IN THE COMMONWEALTH OF KENTUCKY HELD BY JAMES ALVIN CHANEY, M.D., LICENSE NO. 28914, 181 ROY CAMPBELL DRIVE, HAZARD, KENTUCKY 41701

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND**
**RECOMMENDED ORDER GRANTING SUMMARY DISPOSITION**

This action is before the hearing officer on the *Motion for Summary Disposition* filed by the Kentucky Board of Medical Licensure. Upon receipt of the motion, the hearing officer issued an order requiring Dr. Chaney, who is no longer represented by legal counsel, to file a response within twenty days of the date of the order, but the hearing officer has not received a response from Dr. Chaney. *Order Requiring Filing of Response*, dated June 28, 2016. After considering the motion and the evidence provided by the Board in support, the hearing officer finds the motion has substantial merit, and therefore, the motion is granted. In support of that decision the hearing officer submits the following Findings of Fact, Conclusions of Law, and Recommended Order. In light of the fact the hearing officer has issued this recommendation, the administrative hearing scheduled for September 1, 2016, is canceled.

**FINDINGS OF FACT**

1.    On October 21, 2014, the Board issued the *Complaint* against Dr. James Alvin Chaney charging him with engaging in dishonorable, unethical, or unprofessional conduct in violation of KRS 311.595(9), as illustrated by KRS 311.597(4). The Board also charged him with violating the provisions or terms of any medical practice act as prohibited by KRS 311.595(12). *Complaint*, page 3.

2.     In support of those charges the Board asserted that Dr. Chaney had been indicted in federal court on two felony counts of knowingly and intentionally conspiring to distribute and dispense Schedule II and III controlled substances. *Complaint*, pages 1-2.

3.     The Board also alleged that he aided and abetted others to knowingly and intentionally distribute and unlawfully dispense those same controlled substances. *Complaint*, page 2.

4.     Lastly, the Board alleged that Dr. Chaney had been charged with knowingly opening and maintaining a place of business in order to distribute and unlawfully dispense controlled substances. *Id.*

5.     Upon the issuance of the *Complaint*, the Board entered an emergency order suspending Dr. Chaney's license pending the resolution of the charges in the *Complaint*.

6.     Dr. Chaney filed a request for an administrative hearing on the emergency order, which was held on November 5-7, 2014, and the hearing officer issued a Final Order affirming the emergency order. *Final Order Affirming Emergency Order of Suspension*, dated November 17, 2014.

7.     By agreement of the parties the administrative hearing was postponed until after resolution of the criminal charges. *Order Rescheduling Administrative Hearing*, dated December 11, 2014.

8.     On May 18, 2016, the Board issued the *Amended Complaint* alleging that a superseding indictment had been issued against Dr. Chaney on April 29, 2015, which contained a total of 269 criminal charges, and that he has now been convicted on more than 180 of those charges. *Amended Complaint*, pages 3-5.

2

9. In the *Amended Complaint* the Board asserted that in addition to the original statutory violations, Dr. Chaney has also violated KRS 311.595(4) due to his felony convictions and has violated KRS 311.595(10) for making false statements in connection with his practice of medicine. *Amended Complaint*, page 5.

10. The *Amended Complaint* directed Dr. Chaney to respond to the Board's new allegations within thirty days of service as required by KRS 311.591(4), and he was served with the amended pleading on May 20, 2016. *Motion for Summary Disposition*, Attachment 1.

11. Dr. Chaney did not file anything in response to the *Amended Complaint*.

12. After receipt of his copy of the *Motion for Summary Disposition*, the hearing officer directed Dr. Chaney to file a response to the Board's motion by July 18, 2016. *Order Requiring Filing of Response*, dated June 28, 2016.

13. In the hearing officer's order Dr. Chaney was placed on notice that "if he does not file a response, the hearing officer will assume Dr. Chaney agrees with the Board's factual assertions and that he is in violation of the statutory provisions cited in support of the motion." *Id*.

14. Dr. Chaney filed nothing in response to the hearing officer's order, and therefore, Dr. Chaney is in default.

15. The Board has also shown through its *Motion for Summary Disposition*, however, that Dr. Chaney has been convicted of multiple felonies and is guilty of the charges set forth in the *Amended Complaint*, pages 3 to 5.

3

16.     Attachment 2 to the Board's *Motion for Summary Disposition* is the *Verdict Form* for Dr. Chaney's criminal trial which shows the jury found beyond a reasonable doubt that Dr. Chaney engaged in multiple criminal offenses.

17.     The jury found Dr. Chaney guilty on one count of "knowingly and voluntarily" joining a conspiracy for over eight years to distribute and dispense Schedule II and III controlled substances "outside the usual course of professional practice and not for a legitimate medical purpose." *Motion for Summary Disposition*, Attachment 2, first page.

18.     Dr. Chaney was found guilty of twenty counts of knowingly and intentionally, and while aided and abetted by others, distributing or dispensing a Schedule II controlled substance (Oxycodone) not for a legitimate medical purpose and not in the usual course of professional medical practice. *Id.*, pages 2-3.

19.     Dr. Chaney was found guilty on forty-one counts of knowingly and intentionally distributing or dispensing a Schedule III controlled substance (Hydrocodone). *Id.*, pages 4-5.

20.     Dr. Chaney was found guilty of two counts of maintaining Ace Clinique of Medicine, LLC, for the purpose of distributing and dispensing a controlled substance not for a legitimate medical purpose and not in the usual course of professional practice. *Id.*, page 7.

21.     The jury found Dr. Chaney guilty of one count of knowingly and voluntarily joining a conspiracy to engage in money laundering in violation of federal law. *Id.*, page 8.

22.     Dr. Chaney was found guilty of two counts of knowingly and intentionally, and aided and abetted by others, acquiring or obtaining possession of controlled substances by misrepresentation, fraud, deception, or subterfuge. *Id.*, page 9.

4

23.   Dr. Chaney was found guilty of one count of knowingly and voluntarily joined in a conspiracy to commit the crime of health care fraud. *Id.*

24.   The jury found Dr. Chaney guilty of knowingly and willfully executing a scheme to defraud Medicare and Medicaid or to obtain money from a health-care benefit program by means of false or fraudulent pretenses, representations, or promises that were related to urine drug screens- unnecessary tests [11 counts], urine drug screens-altered test results [25 counts], hospital billings [28 counts], fraudulent billings [1 count], and nerve conduction tests [1 count]. *Id.*, pages 10-15.

25.   The jury found Dr. Chaney guilty of twenty counts of knowingly and willfully, and aided and abetted by others, falsifying, concealing, or covering up by a trick, scheme, or device a material fact in connection with the delivery of or payment for health care benefits, items, or services involving a health care benefit program. *Id.*, page 24-25.

26.   Lastly, the jury found Dr. Chaney guilty of twenty-one counts of knowingly engaging in a monetary transaction over $10,000 in property that was derived from unlawful activity. *Id.*, pages 28-29.

27.   In total, Dr. Chaney was found guilty of 175 felony charges.

## CONCLUSIONS OF LAW

1.   The Board has jurisdiction over this action pursuant to KRS 311.591 and KRS 311.595.

2.   The administrative hearing was conducted in accordance with the provisions of KRS Chapter 13B and KRS 311.591.

5

3.    Under KRS 13B.090(7), the Board had the burden to prove by a preponderance of the evidence the allegations against Dr. Chaney.

4.    The Board has met its burden in this action.

5.    Pursuant to KRS 13B.090(2), "the hearing officer may make a recommended order in an administrative hearing submitted in written form if the hearing officer determines there are no genuine issues of material fact in dispute and judgment is appropriate as a matter of law."

6.    After considering the Board's *Motion for Summary Disposition*, the attachments to the motion, and Dr. Chaney's failure to respond to the motion or to the *Amended Complaint*, the hearing officer finds there are no genuine issues of material fact in dispute, and the Board is entitled to judgment as a matter of law.

7.    Pursuant to KRS 311.591(4), Dr. Chaney was required to file a response to the *Amended Complaint* by June 17, 2016, but he did not do so. Under the provisions of that statute, "failure to submit a timely response or willful avoidance of service may be taken by the board as an admission of the charges."

8.    Dr. Chaney is in default pursuant to KRS 13B.080(6) due to his failure to file a response to the *Amended Complaint* and to the *Motion for Summary Disposition* in accordance with the hearing officer's order.

9.    Therefore, the Board may find that Dr. Chaney has admitted to the factual allegations against him and that his conduct was in violation of the statutes cited in the *Amended Complaint*.

10.   In addition to the fact Dr. Chaney is in default, the Board has proven by a preponderance of the evidence that he is in violation of the statutory provisions as alleged in the *Amended Complaint*.

6

11. As a result of Dr. Chaney's conviction in federal court on 175 felony counts, he is subject to discipline under KRS 311.595(4) for "committing an act which is, or would be a felony under the laws of the Commonwealth of Kentucky, or in the United States . . . ."

12. Dr. Chaney engaged in dishonorable, unethical, or unprofessional conduct in violation of KRS 311.595(9), as illustrated by KRS 311.597(4), by bringing the medical profession into disrepute as a result of his convictions for felony offenses related to his practice of medicine.

13. Dr. Chaney has knowingly made false statements in connection with his practice of medicine in violation of KRS 311.595(10) as shown by his multiple felony convictions for health care fraud, which involved unnecessary urine drug screens, altered test results for urine drug screens, hospital billing, fraudulent billing, and nerve conduction studies.

14. Dr. Chaney conspired with others and aided and abetted others to violate the medical practices act in violation of KRS 311.595(12) as shown by his conviction for conspiring with others to distributing and dispensing Schedule II and III controlled substances; his conviction for aiding and abetting others in distributing and dispensing those controlled substances; his conviction for conspiring with others to commit health care fraud; and his conviction for falsifying, concealing, or covering up a material fact in connection with the delivery of or payment for health care benefits, items, or services.

**RECOMMENDED ORDER**

Based upon the foregoing Findings of Fact and Conclusions of Law, the hearing officer recommends the Board find Dr. James Alvin Chaney has violated KRS 311.595(4), (10), (12),

7

and (9), as illustrated by KRS 311.597(4), and take any appropriate action against Dr. Chaney's

license to practice medicine for those violations.

## NOTICE OF EXCEPTION AND APPEAL RIGHTS

Pursuant to KRS 13B.110(4) a party has the right to file exceptions to this recommended

decision:

> A copy of the hearing officer's recommended order shall also be
> sent to each party in the hearing and each party shall have fifteen
> (15) days from the date the recommended order is mailed within
> which to file exceptions to the recommendations with the agency
> head.

A party also has a right to appeal the Final Order of the agency pursuant to

KRS 13B.140(1) which states:

> All final orders of an agency shall be subject to judicial review in
> accordance with the provisions of this chapter. A party shall
> institute an appeal by filing a petition in the Circuit Court of venue,
> as provided in the agency's enabling statutes, within thirty (30)
> days after the final order of the agency is mailed or delivered by
> personal service. If venue for appeal is not stated in the enabling
> statutes, a party may appeal to Franklin Circuit Court or the Circuit
> Court of the county in which the appealing party resides or
> operates a place of business. Copies of the petition shall be served
> by the petitioner upon the agency and all parties of record. The
> petition shall include the names and addresses of all parties to the
> proceeding and the agency involved, and a statement of the
> grounds on which the review is requested. The petition shall be
> accompanied by a copy of the final order.

Pursuant to KRS 23A.010(4), "Such review [by the circuit court] shall not constitute an

appeal but an original action." Some courts have interpreted this language to mean that summons

must be served upon filing an appeal in circuit court.

8

SO RECOMMENDED this _3rd_ day of August, 2016.

THOMAS J. HELLMANN
HEARING OFFICER
810 HICKMAN HILL RD
FRANKFORT KY 40601
(502) 330-7338
thellmann@mac.com

9

## CERTIFICATE OF SERVICE

3$\frac{rd}{}$   I hereby certify that the original of this RECOMMENDED ORDER was mailed this _____ day of August, 2016, by first-class mail, postage prepaid, to:

JILL LUN
KY BOARD OF MEDICAL LICENSURE
HURSTBOURNE OFFICE PARK STE 1B
310 WHITTINGTON PKWY
LOUISVILLE KY  40222

for filing; and a true copy was sent by first-class mail, postage prepaid, to:

LEANNE K DIAKOV
GENERAL COUNSEL
KY BOARD OF MEDICAL LICENSURE
HURSTBOURNE OFFICE PARK STE 1B
310 WHITTINGTON PKWY
LOUISVILLE KY  40222

JAMES A CHANEY MD
c/o PULASKI COUNTY DETENTION CENTER
300 HAIL KNOB ROAD
SOMERSET KY 42503

THOMAS J. HELLMANN

1615FC

10

MEMORANDUM

To:            Hearing Panel B

From:          Leanne K. Diakov
               General Counsel

Investigator:  Billy Madden

Date:          August 26, 2016

Re:            JAMES ALVIN CHANEY, M.D.
               181 Roy Campbell Drive
               Hazard, Kentucky  41701
               Joan C. Edwards School of Medicine at Marshall University, 1991
               Original Licensing State:  Kentucky
               Date Licensed in Kentucky: 7/1/1992
               Active License #: 28914
               Specialty:  General Medicine
               Case No. 1615
               Amended Complaint, 5/18/2016
               Cost of Proceedings: $6,230.00

Action Requested:  The Panel is asked to finally resolve this case following receipt of the
Hearing Officer's Findings of Fact, Conclusions of Law, and Recommended Order
Granting Summary Disposition.  (Attachment 1)

**Chaney, James Alvin, M.D.**
**Case #1615**
**Aug. 26, 2016**

<u>Background</u>:   In October 2014, Dr. Chaney became indicted on felony charges related to controlled substances.  Inquiry Panel A issued a Complaint and an Emergency Order of Suspension against his license; after a hearing, the emergency order was affirmed by the hearing officer and also upheld throughout the appeals processes.  Pursuant to the Board's regulations, a hearing on the Complaint was held in abeyance pending resolution of the criminal charges.  A superseding indictment with additional felony charges related to controlled substances was issued against Dr. Chaney in April 2015.

In April 2016, following a jury trial, Dr. Chaney was convicted on more than 180 of the charged felony counts.  Inquiry Panel A issued an Amended Complaint in May 2016. (Attachment 2)  The Board delivered the Amended Complaint by U.S. Certified Mail to Dr. Chaney at the Pulaski County Detention Center and to his counsel.  After Dr. Chaney's counsel withdrew her representation, Dr. Chaney failed to respond to the allegations in the Amended Complaint.  The Board moved for summary disposition; Dr. Chaney failed to respond.  He then failed to respond to the hearing officer's Order Requiring Filing of Response.

On August 5, 2016, the hearing officer submitted his Findings of Fact, Conclusions of Law and Recommended Order Granting Summary Disposition.  (Attachment 1)  Neither party filed exceptions.

<u>Attachments</u>:          #1 – Findings of Fact, Conclusions of Law, and Recommended
                                       Order Granting Summary Disposition, 8/5/2016
                                   #2 – Amended Complaint, 5/18/2016

 

FILED OF RECORD

AUG 0 5 2016

K.B.M.L.

**COMMONWEALTH OF KENTUCKY**
**BOARD OF MEDICAL LICENSURE**
**CASE NO. 1615**

IN RE:   THE LICENSE TO PRACTICE MEDICINE IN THE COMMONWEALTH OF
KENTUCKY HELD BY JAMES ALVIN CHANEY, M.D., LICENSE NO. 28914, 181
ROY CAMPBELL DRIVE, HAZARD, KENTUCKY 41701

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND**
**RECOMMENDED ORDER GRANTING SUMMARY DISPOSITION**

This action is before the hearing officer on the *Motion for Summary Disposition* filed by

the Kentucky Board of Medical Licensure. Upon receipt of the motion, the hearing officer issued

an order requiring Dr. Chaney, who is no longer represented by legal counsel, to file a response

within twenty days of the date of the order, but the hearing officer has not received a response

from Dr. Chaney. *Order Requiring Filing of Response*, dated June 28, 2016. After considering

the motion and the evidence provided by the Board in support, the hearing officer finds the

motion has substantial merit, and therefore, the motion is granted. In support of that decision the

hearing officer submits the following Findings of Fact, Conclusions of Law, and Recommended

Order. In light of the fact the hearing officer has issued this recommendation, the administrative

hearing scheduled for September 1, 2016, is canceled.

**FINDINGS OF FACT**

1.     On October 21, 2014, the Board issued the *Complaint* against Dr. James Alvin

Chaney charging him with engaging in dishonorable, unethical, or unprofessional conduct in

violation of KRS 311.595(9), as illustrated by KRS 311.597(4). The Board also charged him with

violating the provisions or terms of any medical practice act as prohibited by KRS 311.595(12).

*Complaint*, page 3.



2. In support of those charges the Board asserted that Dr. Chaney had been indicted in federal court on two felony counts of knowingly and intentionally conspiring to distribute and dispense Schedule II and III controlled substances. *Complaint*, pages 1-2.

3. The Board also alleged that he aided and abetted others to knowingly and intentionally distribute and unlawfully dispense those same controlled substances. *Complaint*, page 2.

4. Lastly, the Board alleged that Dr. Chaney had been charged with knowingly opening and maintaining a place of business in order to distribute and unlawfully dispense controlled substances. *Id.*

5. Upon the issuance of the *Complaint*, the Board entered an emergency order suspending Dr. Chaney's license pending the resolution of the charges in the *Complaint*.

6. Dr. Chaney filed a request for an administrative hearing on the emergency order, which was held on November 5-7, 2014, and the hearing officer issued a Final Order affirming the emergency order. *Final Order Affirming Emergency Order of Suspension*, dated November 17, 2014.

7. By agreement of the parties the administrative hearing was postponed until after resolution of the criminal charges. *Order Rescheduling Administrative Hearing*, dated December 11, 2014.

8. On May 18, 2016, the Board issued the *Amended Complaint* alleging that a superseding indictment had been issued against Dr. Chaney on April 29, 2015, which contained a total of 269 criminal charges, and that he has now been convicted on more than 180 of those charges. *Amended Complaint*, pages 3-5.

2



9.    In the *Amended Complaint* the Board asserted that in addition to the original statutory violations, Dr. Chaney has also violated KRS 311.595(4) due to his felony convictions and has violated KRS 311.595(10) for making false statements in connection with his practice of medicine. *Amended Complaint*, page 5.

10.    The *Amended Complaint* directed Dr. Chaney to respond to the Board's new allegations within thirty days of service as required by KRS 311.591(4), and he was served with the amended pleading on May 20, 2016. *Motion for Summary Disposition*, Attachment 1.

11.    Dr. Chaney did not file anything in response to the *Amended Complaint*.

12.    After receipt of his copy of the *Motion for Summary Disposition,* the hearing officer directed Dr. Chaney to file a response to the Board's motion by July 18, 2016. *Order Requiring Filing of Response*, dated June 28, 2016.

13.    In the hearing officer's order Dr. Chaney was placed on notice that "if he does not file a response, the hearing officer will assume Dr. Chaney agrees with the Board's factual assertions and that he is in violation of the statutory provisions cited in support of the motion." *Id.*

14.    Dr. Chaney filed nothing in response to the hearing officer's order, and therefore, Dr. Chaney is in default.

15.    The Board has also shown through its *Motion for Summary Disposition*, however, that Dr. Chaney has been convicted of multiple felonies and is guilty of the charges set forth in the *Amended Complaint*, pages 3 to 5.

3

16.     Attachment 2 to the Board's *Motion for Summary Disposition* is the *Verdict Form* for Dr. Chaney's criminal trial which shows the jury found beyond a reasonable doubt that Dr. Chaney engaged in multiple criminal offenses.

17.     The jury found Dr. Chaney guilty on one count of "knowingly and voluntarily" joining a conspiracy for over eight years to distribute and dispense Schedule II and III controlled substances "outside the usual course of professional practice and not for a legitimate medical purpose." *Motion for Summary Disposition*, Attachment 2, first page.

18.     Dr. Chaney was found guilty of twenty counts of knowingly and intentionally, and while aided and abetted by others, distributing or dispensing a Schedule II controlled substance (Oxycodone) not for a legitimate medical purpose and not in the usual course of professional medical practice. *Id.*, pages 2-3.

19.     Dr. Chaney was found guilty on forty-one counts of knowingly and intentionally distributing or dispensing a Schedule III controlled substance (Hydrocodone). *Id.*, pages 4-5.

20.     Dr. Chaney was found guilty of two counts of maintaining Ace Clinique of Medicine, LLC, for the purpose of distributing and dispensing a controlled substance not for a legitimate medical purpose and not in the usual course of professional practice. *Id.*, page 7.

21.     The jury found Dr. Chaney guilty of one count of knowingly and voluntarily joining a conspiracy to engage in money laundering in violation of federal law. *Id.*, page 8.

22.     Dr. Chaney was found guilty of two counts of knowingly and intentionally, and aided and abetted by others, acquiring or obtaining possession of controlled substances by misrepresentation, fraud, deception, or subterfuge. *Id.*, page 9.

4



23.   Dr. Chaney was found guilty of one count of knowingly and voluntarily joined in a conspiracy to commit the crime of health care fraud. *Id.*

24.   The jury found Dr. Chaney guilty of knowingly and willfully executing a scheme to defraud Medicare and Medicaid or to obtain money from a health-care benefit program by means of false or fraudulent pretenses, representations, or promises that were related to urine drug screens- unnecessary tests [11 counts], urine drug screens-altered test results [25 counts], hospital billings [28 counts], fraudulent billings [1 count], and nerve conduction tests [1 count]. *Id.*, pages 10-15.

25.   The jury found Dr. Chaney guilty of twenty counts of knowingly and willfully, and aided and abetted by others, falsifying, concealing, or covering up by a trick, scheme, or device a material fact in connection with the delivery of or payment for health care benefits, items, or services involving a health care benefit program. *Id.*, page 24-25.

26.   Lastly, the jury found Dr. Chaney guilty of twenty-one counts of knowingly engaging in a monetary transaction over $10,000 in property that was derived from unlawful activity. *Id.*, pages 28-29.

27.   In total, Dr. Chaney was found guilty of 175 felony charges.

## CONCLUSIONS OF LAW

1.   The Board has jurisdiction over this action pursuant to KRS 311.591 and KRS 311.595.

2.   The administrative hearing was conducted in accordance with the provisions of KRS Chapter 13B and KRS 311.591.

3.    Under KRS 13B.090(7), the Board had the burden to prove by a preponderance of the evidence the allegations against Dr. Chaney.

4.    The Board has met its burden in this action.

5.    Pursuant to KRS 13B.090(2), "the hearing officer may make a recommended order in an administrative hearing submitted in written form if the hearing officer determines there are no genuine issues of material fact in dispute and judgment is appropriate as a matter of law."

6.    After considering the Board's *Motion for Summary Disposition*, the attachments to the motion, and Dr. Chaney's failure to respond to the motion or to the *Amended Complaint*, the hearing officer finds there are no genuine issues of material fact in dispute, and the Board is entitled to judgment as a matter of law.

7.    Pursuant to KRS 311.591(4), Dr. Chaney was required to file a response to the *Amended Complaint* by June 17, 2016, but he did not do so. Under the provisions of that statute, "failure to submit a timely response or willful avoidance of service may be taken by the board as an admission of the charges."

8.    Dr. Chaney is in default pursuant to KRS 13B.080(6) due to his failure to file a response to the *Amended Complaint* and to the *Motion for Summary Disposition* in accordance with the hearing officer's order.

9.    Therefore, the Board may find that Dr. Chaney has admitted to the factual allegations against him and that his conduct was in violation of the statutes cited in the *Amended Complaint*.

10.  In addition to the fact Dr. Chaney is in default, the Board has proven by a preponderance of the evidence that he is in violation of the statutory provisions as alleged in the *Amended Complaint*.

6

11. As a result of Dr. Chaney's conviction in federal court on 175 felony counts, he is subject to discipline under KRS 311.595(4) for "committing an act which is, or would be a felony under the laws of the Commonwealth of Kentucky, or in the United States . . . ."

12. Dr. Chaney engaged in dishonorable, unethical, or unprofessional conduct in violation of KRS 311.595(9), as illustrated by KRS 311.597(4), by bringing the medical profession into disrepute as a result of his convictions for felony offenses related to his practice of medicine.

13. Dr. Chaney has knowingly made false statements in connection with his practice of medicine in violation of KRS 311.595(10) as shown by his multiple felony convictions for health care fraud, which involved unnecessary urine drug screens, altered test results for urine drug screens, hospital billing, fraudulent billing, and nerve conduction studies.

14. Dr. Chaney conspired with others and aided and abetted others to violate the medical practices act in violation of KRS 311.595(12) as shown by his conviction for conspiring with others to distributing and dispensing Schedule II and III controlled substances; his conviction for aiding and abetting others in distributing and dispensing those controlled substances; his conviction for conspiring with others to commit health care fraud; and his conviction for falsifying, concealing, or covering up a material fact in connection with the delivery of or payment for health care benefits, items, or services.

## RECOMMENDED ORDER

Based upon the foregoing Findings of Fact and Conclusions of Law, the hearing officer recommends the Board find Dr. James Alvin Chaney has violated KRS 311.595(4), (10), (12),

7



and (9), as illustrated by KRS 311.597(4), and take any appropriate action against Dr. Chaney's

license to practice medicine for those violations.

## NOTICE OF EXCEPTION AND APPEAL RIGHTS

Pursuant to KRS 13B.110(4) a party has the right to file exceptions to this recommended

decision:

> A copy of the hearing officer's recommended order shall also be
> sent to each party in the hearing and each party shall have fifteen
> (15) days from the date the recommended order is mailed within
> which to file exceptions to the recommendations with the agency
> head.

A party also has a right to appeal the Final Order of the agency pursuant to

KRS 13B.140(1) which states:

> All final orders of an agency shall be subject to judicial review in
> accordance with the provisions of this chapter. A party shall
> institute an appeal by filing a petition in the Circuit Court of venue,
> as provided in the agency's enabling statutes, within thirty (30)
> days after the final order of the agency is mailed or delivered by
> personal service. If venue for appeal is not stated in the enabling
> statutes, a party may appeal to Franklin Circuit Court or the Circuit
> Court of the county in which the appealing party resides or
> operates a place of business. Copies of the petition shall be served
> by the petitioner upon the agency and all parties of record. The
> petition shall include the names and addresses of all parties to the
> proceeding and the agency involved, and a statement of the
> grounds on which the review is requested. The petition shall be
> accompanied by a copy of the final order.

Pursuant to KRS 23A.010(4), "Such review [by the circuit court] shall not constitute an

appeal but an original action." Some courts have interpreted this language to mean that summons

must be served upon filing an appeal in circuit court.

8

SO RECOMMENDED this 3rd day of August, 2016.

THOMAS J. HELLMANN
HEARING OFFICER
810 HICKMAN HILL RD
FRANKFORT KY 40601
(502) 330-7338
thellmann@mac.com

9

 

## CERTIFICATE OF SERVICE

I hereby certify that the original of this RECOMMENDED ORDER was mailed this 3rd day of August, 2016, by first-class mail, postage prepaid, to:

JILL LUN
KY BOARD OF MEDICAL LICENSURE
HURSTBOURNE OFFICE PARK STE 1B
310 WHITTINGTON PKWY
LOUISVILLE KY 40222

for filing; and a true copy was sent by first-class mail, postage prepaid, to:

LEANNE K DIAKOV
GENERAL COUNSEL
KY BOARD OF MEDICAL LICENSURE
HURSTBOURNE OFFICE PARK STE 1B
310 WHITTINGTON PKWY
LOUISVILLE KY 40222

JAMES A CHANEY MD
c/o PULASKI COUNTY DETENTION CENTER
300 HAIL KNOB ROAD
SOMERSET KY 42503

THOMAS J. HELLMANN

1615FC

10

COMMONWEALTH OF KENTUCKY
BOARD OF MEDICAL LICENSURE
CASE NO. 1615

FILED OF RECORD

MAY 18 2016

K.B.M.L.

IN RE: THE LICENSE TO PRACTICE MEDICINE IN THE COMMONWEALTH OF
KENTUCKY HELD BY JAMES ALVIN CHANEY, M.D., LICENSE NO.
28914, 181 ROY CAMPBELL DRIVE, HAZARD, KENTUCKY 41701

### AMENDED COMPLAINT

Comes now the Complainant C. William Briscoe, M.D., Chair of the Kentucky
Board of Medical Licensure's Inquiry Panel A, and on behalf of the Inquiry Panel, states
for its Amended Complaint against the licensee, James Alvin Chaney, M.D., as follows:

1. At all relevant times, James Alvin Chaney, M.D. ("the licensee"), was licensed by the
   Board to practice medicine in the Commonwealth of Kentucky.

2. The licensee's medical specialty is general medicine.

3. On or about October 2, 2014, the licensee was indicted for crimes classified as
   felonies and the conduct charged related to controlled substances, including but not
   limited to conspiracies to unlawfully distribute and dispense Schedule II and III
   controlled substances.

4. On or about October 2, 2014, the licensee was indicted on two (2) counts of
   knowingly and intentionally conspiring to distribute and unlawfully dispense
   Schedule II controlled substances, a violation of 21 U.S.C. § 841(a)(1), all in
   violation of 21 U.S.C. § 846.

5. On or about October 2, 2014, the licensee was indicted on two (2) counts of
   knowingly and intentionally conspiring to distribute and unlawfully dispense
   Schedule III controlled substances, a violation of 21 U.S.C. § 841(a)(1), all in
   violation of 21 U.S.C. § 846.

Attachment 2



6. On or about October 2, 2014, the licensee was indicted on two (2) counts of aiding and abetting others, including his wife and corporate officer and his physician assistant, to knowingly and intentionally distribute and unlawfully dispense Schedule II controlled substances, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

7. On or about October 2, 2014, the licensee was indicted on one (1) count of aiding and abetting others, namely his wife and corporate officer, to knowingly and intentionally distribute and unlawfully dispense Schedule II controlled substances, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

8. On or about October 2, 2014, the licensee was indicted on two (2) counts of aiding and abetting others, including his wife and corporate officer and his physician assistant, to knowingly and intentionally distribute and unlawfully dispense Schedule III controlled substances, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

9. On or about October 2, 2014, the licensee was indicted on one (1) count of aiding and abetting others, namely his wife and corporate officer, to knowingly and intentionally distribute and unlawfully dispense Schedule III controlled substances, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

10. On or about October 2, 2014, the licensee was indicted on two (2) counts of having knowingly opened, leased, rented, used and maintained a place (to wit Ace Clinique of Medicine, LLC, located in Hazard, Perry County, Kentucky) whether permanently or temporarily, for the purpose of distributing and unlawfully dispensing controlled substances, all in violation of 21 U.S.C. § 856(a).

11. On or about October 21, 2014, an Emergency Order of Suspension was issued against the licensee's license to practice medicine in the Commonwealth of Kentucky.

12. On or about April 29, 2015, a superseding indictment was issued in which the licensee was indicted on the following restated and additional counts of

- Knowingly and intentionally conspiring to distribute and unlawfully dispense Schedule II and III controlled substances, a violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846 (Counts 1, 2, 65 and 66);

- Knowingly and intentionally distributing and unlawfully dispensing Schedule II controlled substances by having unauthorized employees issue prescriptions in his absence using prescriptions that he had previously signed in blank to twelve (12) individuals, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts 3-14);

- Knowingly and intentionally distributing and unlawfully dispensing Schedule III controlled substances by having unauthorized employees issue prescriptions in his absence using prescriptions that he had previously signed in blank to eighteen (18) individuals, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts 15-32);

- Knowingly and intentionally distributing and unlawfully dispensing Schedule II controlled substances by having unauthorized employees issue prescriptions in his absence using prescriptions that he had previously signed in blank to eight (8) individuals, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts 33-40);

- Knowingly and intentionally distributing and unlawfully dispensing Schedule III controlled substances by having unauthorized employees issue prescriptions in his absence using prescriptions that he had previously signed in blank to twenty-three (23) individuals, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts 41-63);

- Knowingly opened, leased, rented, used and maintained a place (to wit Ace Clinique of Medicine, LLC, located in Hazard, Perry County, Kentucky) whether permanently or temporarily, for the purpose of distributing and unlawfully dispensing controlled substances, all in violation of 21 U.S.C. § 856(a) (Counts 64 and 67);

- Conspired to conduct financial transactions involving proceeds of unlawful activity (that is the unlawful dispensation and distribution of controlled substances and health care fraud in the Eastern District of Kentucky), with the intent to promote the carrying on of such unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and knowing that the transaction was designed in whole or in part to conceal or disguise the nature, the source, the ownership, and the control of the proceeds of such

Page 3 of 6

unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and all in violation of 18 U.S.C. § 1956(h) (Count 68);

- Knowingly and intentionally acquiring and obtaining possession of a controlled substance by misrepresentation, fraud, forgery, deception, and subterfuge, all in violation of 21 U.S.C. § 843(a)(3) and 18 U.S.C. § 2 (Counts 69-70);

- Knowingly and willfully executing a scheme and artifice to defraud a health care benefit program affecting commerce (i.e. Medicare and Medicaid and/or private health plans) and to obtain by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of said health care benefit programs, in connection with the delivery of and payment for health care benefits, items, and services, in violation of 18 U.S.C. §§ 1347 and/or 2 (Counts 71-210 and 248);

- Knowingly and willfully falsified, concealed, and covered up by a trick, scheme and device a material fact in connection with the delivery of and payment for health care benefits, items and services involving Medicare and Medicaid, all in violation of 18 U.S.C. §§ 1035 and/or 2 (Counts 211-234);

- Knowingly and willfully made and used materially false writings and documents, specifically certification of medical necessity for back braces, knowing the same to contain materially false, fictitious and fraudulent entries, in connection with the delivery of and payment for health care benefits, items and services involving Medicare and Medicaid, all in violation of 18 U.S.C. §§ 1035 and/or 2 (Counts 235-247); and

- Knowingly engaging in monetary transactions through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is the transfer of United States currency and funds, such property having been derived from a specified unlawful activity, that is the unlawful dispensation and distribution of controlled substance and from health care fraud in violation of 18 U.S.C. § 1957 (Counts 249-269).

13. On or about April 18, 2016, following a jury trial, the licensee was convicted on more than 180 of the charged felony counts, including

- Count 1
- Counts 2-62
- Counts 63 and 64
- Count 65



- Counts 66-67
- Count 68
- Counts 112-122
- Counts 123-147
- 28 counts related to fraudulent hospital billing as set forth in Counts 148-195
- Count 197
- Counts 198-220
- Count 234
- Counts 235-255

14. By his conduct, the licensee has violated KRS 311.595(4), (10), (12) and (9) as illustrated by KRS 311.597(4). Accordingly, legal grounds exist for disciplinary action against his license to practice medicine in the Commonwealth of Kentucky.

15. The licensee is directed to respond to the allegations delineated in paragraphs 12 – 14 of the Amended Complaint within thirty (30) days of service thereof and is further given notice that:

      (a) His failure to respond may be taken as an admission of the charges;

      (b) He may appear alone or with counsel, may cross-examine all prosecution witnesses and offer evidence in his defense.

16. NOTICE IS HEREBY GIVEN that a hearing on this Amended Complaint is scheduled for September 1, 2016, at 9:00 a.m., Eastern Standard Time, at the Kentucky Board of Medical Licensure, Hurstbourne Office Park, 310 Whittington Parkway, Suite 1B, Louisville, Kentucky 40222. Said hearing shall be held pursuant to the Rules and Regulations of the Kentucky Board of Medical Licensure and pursuant to KRS Chapter 13B. This hearing shall proceed as scheduled and the hearing date shall only be modified by leave of the Hearing Officer upon a showing of good cause.

WHEREFORE, Complainant prays that appropriate disciplinary action be taken against the license to practice medicine in the Commonwealth of Kentucky held by JAMES ALVIN CHANEY, M.D.

This 18th day of May, 2016.

C. William Briscoe mo

C. WILLIAM BRISCOE, M.D.
CHAIR, INQUIRY PANEL A

### CERTIFICATE OF SERVICE

I certify that the original of this Complaint was delivered to Mr. Michael S. Rodman, Executive Director, Kentucky Board of Medical Licensure, 310 Whittington Parkway, Suite 1B, Louisville, Kentucky 40222; a copy was mailed to Thomas J. Hellmann, Esq., Hearing Officer, 810 Hickman Hill Road, Frankfort, Kentucky 40601; and copies were mailed via certified mail return-receipt requested to the licensee, James Alvin Chaney, M.D., c/o Pulaski County Detention Center, 300 Hail Knob Road, Somerset, Kentucky 42503, and to his counsel, Lisa English Hinkle, Esq., McBrayer, McGinnis, Leslie & Kirkland, PLLC, 201 East Main Street, Suite 900, Lexington, Kentucky 40507 on this 18th day of May, 2016.

Leanne K. Diakov
General Counsel
Kentucky Board of Medical Licensure
310 Whittington Parkway, Suite 1B
Louisville, Kentucky 40222
(502) 429-7150

Page 6 of 6

FILED OF RECORD

AUG 05 2016

K.B.M.L.

**COMMONWEALTH OF KENTUCKY**
**BOARD OF MEDICAL LICENSURE**
**CASE NO. 1615**

IN RE:   THE LICENSE TO PRACTICE MEDICINE IN THE COMMONWEALTH OF
KENTUCKY HELD BY JAMES ALVIN CHANEY, M.D., LICENSE NO. 28914, 181
ROY CAMPBELL DRIVE, HAZARD, KENTUCKY 41701

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND**
**RECOMMENDED ORDER GRANTING SUMMARY DISPOSITION**

This action is before the hearing officer on the *Motion for Summary Disposition* filed by

the Kentucky Board of Medical Licensure. Upon receipt of the motion, the hearing officer issued

an order requiring Dr. Chaney, who is no longer represented by legal counsel, to file a response

within twenty days of the date of the order, but the hearing officer has not received a response

from Dr. Chaney. *Order Requiring Filing of Response*, dated June 28, 2016. After considering

the motion and the evidence provided by the Board in support, the hearing officer finds the

motion has substantial merit, and therefore, the motion is granted. In support of that decision the

hearing officer submits the following Findings of Fact, Conclusions of Law, and Recommended

Order. In light of the fact the hearing officer has issued this recommendation, the administrative

hearing scheduled for September 1, 2016, is canceled.

**FINDINGS OF FACT**

1.     On October 21, 2014, the Board issued the *Complaint* against Dr. James Alvin

Chaney charging him with engaging in dishonorable, unethical, or unprofessional conduct in

violation of KRS 311.595(9), as illustrated by KRS 311.597(4). The Board also charged him with

violating the provisions or terms of any medical practice act as prohibited by KRS 311.595(12).

*Complaint*, page 3.

2.     In support of those charges the Board asserted that Dr. Chaney had been indicted in federal court on two felony counts of knowingly and intentionally conspiring to distribute and dispense Schedule II and III controlled substances. *Complaint*, pages 1-2.

3.     The Board also alleged that he aided and abetted others to knowingly and intentionally distribute and unlawfully dispense those same controlled substances. *Complaint*, page 2.

4.     Lastly, the Board alleged that Dr. Chaney had been charged with knowingly opening and maintaining a place of business in order to distribute and unlawfully dispense controlled substances. *Id.*

5.     Upon the issuance of the *Complaint*, the Board entered an emergency order suspending Dr. Chaney's license pending the resolution of the charges in the *Complaint*.

6.     Dr. Chaney filed a request for an administrative hearing on the emergency order, which was held on November 5-7, 2014, and the hearing officer issued a Final Order affirming the emergency order. *Final Order Affirming Emergency Order of Suspension*, dated November 17, 2014.

7.     By agreement of the parties the administrative hearing was postponed until after resolution of the criminal charges. *Order Rescheduling Administrative Hearing*, dated December 11, 2014.

8.     On May 18, 2016, the Board issued the *Amended Complaint* alleging that a superseding indictment had been issued against Dr. Chaney on April 29, 2015, which contained a total of 269 criminal charges, and that he has now been convicted on more than 180 of those charges. *Amended Complaint*, pages 3-5.

2

9.    In the *Amended Complaint* the Board asserted that in addition to the original statutory violations, Dr. Chaney has also violated KRS 311.595(4) due to his felony convictions and has violated KRS 311.595(10) for making false statements in connection with his practice of medicine. *Amended Complaint*, page 5.

10.    The *Amended Complaint* directed Dr. Chaney to respond to the Board's new allegations within thirty days of service as required by KRS 311.591(4), and he was served with the amended pleading on May 20, 2016. *Motion for Summary Disposition*, Attachment 1.

11.    Dr. Chaney did not file anything in response to the *Amended Complaint*.

12.    After receipt of his copy of the *Motion for Summary Disposition*, the hearing officer directed Dr. Chaney to file a response to the Board's motion by July 18, 2016. *Order Requiring Filing of Response*, dated June 28, 2016.

13.    In the hearing officer's order Dr. Chaney was placed on notice that "if he does not file a response, the hearing officer will assume Dr. Chaney agrees with the Board's factual assertions and that he is in violation of the statutory provisions cited in support of the motion." *Id.*

14.    Dr. Chaney filed nothing in response to the hearing officer's order, and therefore, Dr. Chaney is in default.

15.    The Board has also shown through its *Motion for Summary Disposition*, however, that Dr. Chaney has been convicted of multiple felonies and is guilty of the charges set forth in the *Amended Complaint*, pages 3 to 5.

3

16.     Attachment 2 to the Board's *Motion for Summary Disposition* is the *Verdict Form* for Dr. Chaney's criminal trial which shows the jury found beyond a reasonable doubt that Dr. Chaney engaged in multiple criminal offenses.

17.     The jury found Dr. Chaney guilty on one count of "knowingly and voluntarily" joining a conspiracy for over eight years to distribute and dispense Schedule II and III controlled substances "outside the usual course of professional practice and not for a legitimate medical purpose." *Motion for Summary Disposition*, Attachment 2, first page.

18.     Dr. Chaney was found guilty of twenty counts of knowingly and intentionally, and while aided and abetted by others, distributing or dispensing a Schedule II controlled substance (Oxycodone) not for a legitimate medical purpose and not in the usual course of professional medical practice. *Id.*, pages 2-3.

19.     Dr. Chaney was found guilty on forty-one counts of knowingly and intentionally distributing or dispensing a Schedule III controlled substance (Hydrocodone). *Id.*, pages 4-5.

20.     Dr. Chaney was found guilty of two counts of maintaining Ace Clinique of Medicine, LLC, for the purpose of distributing and dispensing a controlled substance not for a legitimate medical purpose and not in the usual course of professional practice. *Id.*, page 7.

21.     The jury found Dr. Chaney guilty of one count of knowingly and voluntarily joining a conspiracy to engage in money laundering in violation of federal law. *Id.*, page 8.

22.     Dr. Chaney was found guilty of two counts of knowingly and intentionally, and aided and abetted by others, acquiring or obtaining possession of controlled substances by misrepresentation, fraud, deception, or subterfuge. *Id.*, page 9.

4

23.    Dr. Chaney was found guilty of one count of knowingly and voluntarily joined in a conspiracy to commit the crime of health care fraud. *Id.*

24.    The jury found Dr. Chaney guilty of knowingly and willfully executing a scheme to defraud Medicare and Medicaid or to obtain money from a health-care benefit program by means of false or fraudulent pretenses, representations, or promises that were related to urine drug screens- unnecessary tests [11 counts], urine drug screens-altered test results [25 counts], hospital billings [28 counts], fraudulent billings [1 count], and nerve conduction tests [1 count]. *Id.*, pages 10-15.

25.    The jury found Dr. Chaney guilty of twenty counts of knowingly and willfully, and aided and abetted by others, falsifying, concealing, or covering up by a trick, scheme, or device a material fact in connection with the delivery of or payment for health care benefits, items, or services involving a health care benefit program. *Id.*, page 24-25.

26.    Lastly, the jury found Dr. Chaney guilty of twenty-one counts of knowingly engaging in a monetary transaction over $10,000 in property that was derived from unlawful activity. *Id.*, pages 28-29.

27.    In total, Dr. Chaney was found guilty of 175 felony charges.

## CONCLUSIONS OF LAW

1.    The Board has jurisdiction over this action pursuant to KRS 311.591 and KRS 311.595.

2.    The administrative hearing was conducted in accordance with the provisions of KRS Chapter 13B and KRS 311.591.

5

3.  Under KRS 13B.090(7), the Board had the burden to prove by a preponderance of the evidence the allegations against Dr. Chaney.

4.  The Board has met its burden in this action.

5.  Pursuant to KRS 13B.090(2), "the hearing officer may make a recommended order in an administrative hearing submitted in written form if the hearing officer determines there are no genuine issues of material fact in dispute and judgment is appropriate as a matter of law."

6.  After considering the Board's *Motion for Summary Disposition*, the attachments to the motion, and Dr. Chaney's failure to respond to the motion or to the *Amended Complaint*, the hearing officer finds there are no genuine issues of material fact in dispute, and the Board is entitled to judgment as a matter of law.

7.  Pursuant to KRS 311.591(4), Dr. Chaney was required to file a response to the *Amended Complaint* by June 17, 2016, but he did not do so. Under the provisions of that statute, "failure to submit a timely response or willful avoidance of service may be taken by the board as an admission of the charges."

8.  Dr. Chaney is in default pursuant to KRS 13B.080(6) due to his failure to file a response to the *Amended Complaint* and to the *Motion for Summary Disposition* in accordance with the hearing officer's order.

9.  Therefore, the Board may find that Dr. Chaney has admitted to the factual allegations against him and that his conduct was in violation of the statutes cited in the *Amended Complaint*.

10. In addition to the fact Dr. Chaney is in default, the Board has proven by a preponderance of the evidence that he is in violation of the statutory provisions as alleged in the *Amended Complaint*.

6

11.  As a result of Dr. Chaney's conviction in federal court on 175 felony counts, he is subject to discipline under KRS 311.595(4) for "committing an act which is, or would be a felony under the laws of the Commonwealth of Kentucky, or in the United States . . . ."

12.  Dr. Chaney engaged in dishonorable, unethical, or unprofessional conduct in violation of KRS 311.595(9), as illustrated by KRS 311.597(4), by bringing the medical profession into disrepute as a result of his convictions for felony offenses related to his practice of medicine.

13.  Dr. Chaney has knowingly made false statements in connection with his practice of medicine in violation of KRS 311.595(10) as shown by his multiple felony convictions for health care fraud, which involved unnecessary urine drug screens, altered test results for urine drug screens, hospital billing, fraudulent billing, and nerve conduction studies.

14.  Dr. Chaney conspired with others and aided and abetted others to violate the medical practices act in violation of KRS 311.595(12) as shown by his conviction for conspiring with others to distributing and dispensing Schedule II and III controlled substances; his conviction for aiding and abetting others in distributing and dispensing those controlled substances; his conviction for conspiring with others to commit health care fraud; and his conviction for falsifying, concealing, or covering up a material fact in connection with the delivery of or payment for health care benefits, items, or services.

### RECOMMENDED ORDER

Based upon the foregoing Findings of Fact and Conclusions of Law, the hearing officer recommends the Board find Dr. James Alvin Chaney has violated KRS 311.595(4), (10), (12),

7

and (9), as illustrated by KRS 311.597(4), and take any appropriate action against Dr. Chaney's

license to practice medicine for those violations.

## NOTICE OF EXCEPTION AND APPEAL RIGHTS

Pursuant to KRS 13B.110(4) a party has the right to file exceptions to this recommended

decision:

> A copy of the hearing officer's recommended order shall also be
> sent to each party in the hearing and each party shall have fifteen
> (15) days from the date the recommended order is mailed within
> which to file exceptions to the recommendations with the agency
> head.

A party also has a right to appeal the Final Order of the agency pursuant to

KRS 13B.140(1) which states:

> All final orders of an agency shall be subject to judicial review in
> accordance with the provisions of this chapter. A party shall
> institute an appeal by filing a petition in the Circuit Court of venue,
> as provided in the agency's enabling statutes, within thirty (30)
> days after the final order of the agency is mailed or delivered by
> personal service. If venue for appeal is not stated in the enabling
> statutes, a party may appeal to Franklin Circuit Court or the Circuit
> Court of the county in which the appealing party resides or
> operates a place of business. Copies of the petition shall be served
> by the petitioner upon the agency and all parties of record. The
> petition shall include the names and addresses of all parties to the
> proceeding and the agency involved, and a statement of the
> grounds on which the review is requested. The petition shall be
> accompanied by a copy of the final order.

Pursuant to KRS 23A.010(4), "Such review [by the circuit court] shall not constitute an

appeal but an original action." Some courts have interpreted this language to mean that summons

must be served upon filing an appeal in circuit court.

8

SO RECOMMENDED this _3rd_ day of August, 2016.

THOMAS J. HELLMANN
HEARING OFFICER
810 HICKMAN HILL RD
FRANKFORT KY 40601
(502) 330-7338
thellmann@mac.com

9

## CERTIFICATE OF SERVICE

I hereby certify that the original of this RECOMMENDED ORDER was mailed this 3rd day of August, 2016, by first-class mail, postage prepaid, to:

JILL LUN
KY BOARD OF MEDICAL LICENSURE
HURSTBOURNE OFFICE PARK STE 1B
310 WHITTINGTON PKWY
LOUISVILLE KY 40222

for filing; and a true copy was sent by first-class mail, postage prepaid, to:

LEANNE K DIAKOV
GENERAL COUNSEL
KY BOARD OF MEDICAL LICENSURE
HURSTBOURNE OFFICE PARK STE 1B
310 WHITTINGTON PKWY
LOUISVILLE KY 40222

JAMES A CHANEY MD
c/o PULASKI COUNTY DETENTION CENTER
300 HAIL KNOB ROAD
SOMERSET KY 42503

THOMAS J. HELLMANN

1615FC

10

FILED OF RECORD

MAY 18 2015

K.B.M.L.

COMMONWEALTH OF KENTUCKY
BOARD OF MEDICAL LICENSURE
CASE NO. 1615

IN RE: THE LICENSE TO PRACTICE MEDICINE IN THE COMMONWEALTH OF
KENTUCKY HELD BY JAMES ALVIN CHANEY, M.D., LICENSE NO.
28914, 181 ROY CAMPBELL DRIVE, HAZARD, KENTUCKY 41701

**AMENDED COMPLAINT**

Comes now the Complainant C. William Briscoe, M.D., Chair of the Kentucky

Board of Medical Licensure's Inquiry Panel A, and on behalf of the Inquiry Panel, states

for its Amended Complaint against the licensee, James Alvin Chaney, M.D., as follows:

1. At all relevant times, James Alvin Chaney, M.D. ("the licensee"), was licensed by the
   Board to practice medicine in the Commonwealth of Kentucky.

2. The licensee's medical specialty is general medicine.

3. On or about October 2, 2014, the licensee was indicted for crimes classified as
   felonies and the conduct charged related to controlled substances, including but not
   limited to conspiracies to unlawfully distribute and dispense Schedule II and III
   controlled substances.

4. On or about October 2, 2014, the licensee was indicted on two (2) counts of
   knowingly and intentionally conspiring to distribute and unlawfully dispense
   Schedule II controlled substances, a violation of 21 U.S.C. § 841(a)(1), all in
   violation of 21 U.S.C. § 846.

5. On or about October 2, 2014, the licensee was indicted on two (2) counts of
   knowingly and intentionally conspiring to distribute and unlawfully dispense
   Schedule III controlled substances, a violation of 21 U.S.C. § 841(a)(1), all in
   violation of 21 U.S.C. § 846.

6. On or about October 2, 2014, the licensee was indicted on two (2) counts of aiding and abetting others, including his wife and corporate officer and his physician assistant, to knowingly and intentionally distribute and unlawfully dispense Schedule II controlled substances, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

7. On or about October 2, 2014, the licensee was indicted on one (1) count of aiding and abetting others, namely his wife and corporate officer, to knowingly and intentionally distribute and unlawfully dispense Schedule II controlled substances, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

8. On or about October 2, 2014, the licensee was indicted on two (2) counts of aiding and abetting others, including his wife and corporate officer and his physician assistant, to knowingly and intentionally distribute and unlawfully dispense Schedule III controlled substances, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

9. On or about October 2, 2014, the licensee was indicted on one (1) count of aiding and abetting others, namely his wife and corporate officer, to knowingly and intentionally distribute and unlawfully dispense Schedule III controlled substances, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

10. On or about October 2, 2014, the licensee was indicted on two (2) counts of having knowingly opened, leased, rented, used and maintained a place (to wit Ace Clinique of Medicine, LLC, located in Hazard, Perry County, Kentucky) whether permanently or temporarily, for the purpose of distributing and unlawfully dispensing controlled substances, all in violation of 21 U.S.C. § 856(a).

11. On or about October 21, 2014, an Emergency Order of Suspension was issued against the licensee's license to practice medicine in the Commonwealth of Kentucky.

Page 2 of 6

12. On or about April 29, 2015, a superseding indictment was issued in which the licensee was indicted on the following restated and additional counts of

- Knowingly and intentionally conspiring to distribute and unlawfully dispense Schedule II and III controlled substances, a violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846 (Counts 1, 2, 65 and 66);

- Knowingly and intentionally distributing and unlawfully dispensing Schedule II controlled substances by having unauthorized employees issue prescriptions in his absence using prescriptions that he had previously signed in blank to twelve (12) individuals, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts 3-14);

- Knowingly and intentionally distributing and unlawfully dispensing Schedule III controlled substances by having unauthorized employees issue prescriptions in his absence using prescriptions that he had previously signed in blank to eighteen (18) individuals, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts 15-32);

- Knowingly and intentionally distributing and unlawfully dispensing Schedule II controlled substances by having unauthorized employees issue prescriptions in his absence using prescriptions that he had previously signed in blank to eight (8) individuals, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts 33-40);

- Knowingly and intentionally distributing and unlawfully dispensing Schedule III controlled substances by having unauthorized employees issue prescriptions in his absence using prescriptions that he had previously signed in blank to twenty-three (23) individuals, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts 41-63);

- Knowingly opened, leased, rented, used and maintained a place (to wit Ace Clinique of Medicine, LLC, located in Hazard, Perry County, Kentucky) whether permanently or temporarily, for the purpose of distributing and unlawfully dispensing controlled substances, all in violation of 21 U.S.C. § 856(a) (Counts 64 and 67);

- Conspired to conduct financial transactions involving proceeds of unlawful activity (that is the unlawful dispensation and distribution of controlled substances and health care fraud in the Eastern District of Kentucky), with the intent to promote the carrying on of such unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and knowing that the transaction was designed in whole or in part to conceal or disguise the nature, the source, the ownership, and the control of the proceeds of such

Page 3 of 6

unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and all in violation of 18 U.S.C. § 1956(h) (Count 68);

- Knowingly and intentionally acquiring and obtaining possession of a controlled substance by misrepresentation, fraud, forgery, deception, and subterfuge, all in violation of 21 U.S.C. § 843(a)(3) and 18 U.S.C. § 2 (Counts 69-70);

- Knowingly and willfully executing a scheme and artifice to defraud a health care benefit program affecting commerce (i.e. Medicare and Medicaid and/or private health plans) and to obtain by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of said health care benefit programs, in connection with the delivery of and payment for health care benefits, items, and services, in violation of 18 U.S.C. §§ 1347 and/or 2 (Counts 71-210 and 248);

- Knowingly and willfully falsified, concealed, and covered up by a trick, scheme and device a material fact in connection with the delivery of and payment for health care benefits, items and services involving Medicare and Medicaid, all in violation of 18 U.S.C. §§ 1035 and/or 2 (Counts 211-234);

- Knowingly and willfully made and used materially false writings and documents, specifically certification of medical necessity for back braces, knowing the same to contain materially false, fictitious and fraudulent entries, in connection with the delivery of and payment for health care benefits, items and services involving Medicare and Medicaid, all in violation of 18 U.S.C. §§ 1035 and/or 2 (Counts 235-247); and

- Knowingly engaging in monetary transactions through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is the transfer of United States currency and funds, such property having been derived from a specified unlawful activity, that is the unlawful dispensation and distribution of controlled substance and from health care fraud in violation of 18 U.S.C. § 1957 (Counts 249-269).

13. On or about April 18, 2016, following a jury trial, the licensee was convicted on more

than 180 of the charged felony counts, including

- Count 1
- Counts 2-62
- Counts 63 and 64
- Count 65

Page 4 of 6

- Counts 66-67
- Count 68
- Counts 112-122
- Counts 123-147
- 28 counts related to fraudulent hospital billing as set forth in Counts 148-195
- Count 197
- Counts 198-220
- Count 234
- Counts 235-255

14. By his conduct, the licensee has violated KRS 311.595(4), (10), (12) and (9) as illustrated by KRS 311.597(4). Accordingly, legal grounds exist for disciplinary action against his license to practice medicine in the Commonwealth of Kentucky.

15. The licensee is directed to respond to the allegations delineated in paragraphs 12 – 14 of the Amended Complaint within thirty (30) days of service thereof and is further given notice that:

  (a) His failure to respond may be taken as an admission of the charges;

  (b) He may appear alone or with counsel, may cross-examine all prosecution witnesses and offer evidence in his defense.

16. NOTICE IS HEREBY GIVEN that a hearing on this Amended Complaint is scheduled for September 1, 2016, at 9:00 a.m., Eastern Standard Time, at the Kentucky Board of Medical Licensure, Hurstbourne Office Park, 310 Whittington Parkway, Suite 1B, Louisville, Kentucky 40222. Said hearing shall be held pursuant to the Rules and Regulations of the Kentucky Board of Medical Licensure and pursuant to KRS Chapter 13B. This hearing shall proceed as scheduled and the hearing date shall only be modified by leave of the Hearing Officer upon a showing of good cause.

WHEREFORE, Complainant prays that appropriate disciplinary action be taken against the license to practice medicine in the Commonwealth of Kentucky held by JAMES ALVIN CHANEY, M.D.

This 18th day of May, 2016.

*C. William Briscoe mo*

C. WILLIAM BRISCOE, M.D.
CHAIR, INQUIRY PANEL A

### CERTIFICATE OF SERVICE

I certify that the original of this Complaint was delivered to Mr. Michael S. Rodman, Executive Director, Kentucky Board of Medical Licensure, 310 Whittington Parkway, Suite 1B, Louisville, Kentucky 40222; a copy was mailed to Thomas J. Hellmann, Esq., Hearing Officer, 810 Hickman Hill Road, Frankfort, Kentucky 40601; and copies were mailed via certified mail return-receipt requested to the licensee, James Alvin Chaney, M.D., c/o Pulaski County Detention Center, 300 Hail Knob Road, Somerset, Kentucky 42503, and to his counsel, Lisa English Hinkle, Esq., McBrayer, McGinnis, Leslie & Kirkland, PLLC, 201 East Main Street, Suite 900, Lexington, Kentucky 40507 on this 18ᵗʰ day of May, 2016.

*Leanne K. Diakov*

Leanne K. Diakov
General Counsel
Kentucky Board of Medical Licensure
310 Whittington Parkway, Suite 1B
Louisville, Kentucky 40222
(502) 429-7150

Page 6 of 6

FILED OF RECORD

NOV 18 2014

K.B.M.L.

**COMMONWEALTH OF KENTUCKY**
**BOARD OF MEDICAL LICENSURE**
**CASE NO. 1615-E**

IN RE:  THE LICENSE TO PRACTICE MEDICINE IN THE COMMONWEALTH OF
KENTUCKY HELD BY JAMES ALVIN CHANEY, M.D., LICENSE NO. 28914,
181 ROY CAMPBELL DRIVE, HAZARD, KENTUCKY 41701

**FINAL ORDER AFFIRMING THE**
**EMERGENCY ORDER OF SUSPENSION**

This action was instituted as the administrative appeal by James Alvin Chaney,

M.D., pursuant to KRS 13B.125 from the *Emergency Order of Suspension* [hereinafter

*Emergency Order*] issued against his license by the Kentucky Board of Medical

Licensure. In the *Emergency Order* the Board found there was probable cause to believe

Dr. Chaney violated the statutes governing the practice of medicine and that his

medical practice constituted an immediate danger to the health, safety, and welfare of

his patients or the general public. As a result of that determination, the Board

suspended Dr. Chaney's license to practice medicine until resolution of the allegations

set forth in the Board's *Complaint*. The *Complaint*, which was issued on the same day as

the *Emergency Order*, charged Dr. Chaney with engaging in the same misconduct and

with violating the same statutes governing the practice of medicine as was alleged in

the *Emergency Order*.

On November 5-7, 2014, the hearing officer conducted the administrative hearing

on Dr. Chaney's appeal of the *Emergency Order*. Hon. Sara Farmer and Hon. Leanne K.

Diakov represented the Kentucky Board of Medical Licensure, and Hon. Lisa English

Hinkle and Hon. Elizabeth S. Hughes represented Dr. Chaney. After considering the evidence admitted at the hearing and the arguments of counsel, the hearing officer finds there is substantial evidence in support of the *Emergency Order*. Therefore, the hearing officer affirms the *Emergency Order*, and in support of his decision states the following:

Dr. James Alvin Chaney graduated from Marshall University School of Medicine in Huntington, West Virginia, in May 1991. He is licensed to practice medicine in Kentucky, and his medical specialty is general medicine. Exhibit 2, Tab A, unmarked first page. Although he began his medical career in the general practice of medicine, he also spent a significant portion of his career practicing emergency medicine. From 1998 until 2006 Dr. Chaney managed the emergency department at several hospitals in Eastern Kentucky, but he eventually decided to switch to private practice full-time. Exhibit 4. On December 11, 2006, Dr. Chaney opened Ace Clinique of Medicine, LLC, [Ace Clinique] located in Perry County, Kentucky, where he served as Executive Medical Director. Exhibit 4, page 3. On September 9, 2013, federal authorities raided the clinic and seized most of his patient and billing records, and on October 2, 2014, the United States Attorney issued a twelve count indictment against Dr. Chaney and two other individuals associated with his clinic. Exhibit 3.

The substance of the factual allegations in the *Emergency Order* are the same as those contained in the federal criminal indictment. Exhibit 2, Tab D, *Emergency Order*. Dr. Chaney, his wife Lesa L. Chaney, and Gregory Hoskins, a physician assistant employed at Ace Clinique, were indicted on charges related to the illegal distribution

2

and dispensing of Schedule II and III controlled substances through Ace Clinique in violation of one or more of the following sections of the United States Code: 18 U.S.C. §2, 21 U.S.C. §841(a)(1), 21 U.S.C. §846, and 21 U.S.C. §856(a). Exhibit 3.

In addition to citing those sections of the U.S. Code, the *Indictment* also cites two regulations in support of the charges. Under 21 C.F.R. §1306.04(a), "a prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." Exhibit 3, page 2. Under 21 C.F.R. §1306.05(a), "All prescriptions for controlled substances shall be dated as of, and signed on, the day when issued and shall bear the full name and address of the patient, the drug name, strength, dosage form, quantity prescribed, directions for use, and the name, address and registration number of the practitioner." Id.

Counts 1 and 2 of the *Indictment* charge the defendants with knowingly and intentionally conspiring to distribute and unlawfully dispense Schedule II and III controlled substances during the time period from June 2006 to June 30, 2010. Id., pages 3-4. Counts 3 to 6 charge the defendants with aiding and abetting each other in knowingly and intentionally distributing and unlawfully dispensing Schedule II and III controlled substances on or about two specific dates, June 11, 2010 and June 25, 2010. Id., pages 4-5. Count 7 charges the defendants with opening and operating Ace Clinique from June 2006 through June 30, 2010, for the purpose of distributing and unlawfully dispensing controlled substances. Id., pages 5-6.

3

The charges in Counts 8 through 12 are similar to the charges in Counts 1 through 7 but relate to a later period of time. Counts 8 and 9 charge the defendants with a conspiracy to distribute and unlawfully dispense Schedule II and III controlled substances, which is the same charge in Counts 1 and 2, but in Counts 8 and 9 the time period at issue is November 2010 through September 10, 2013. Exhibit 3, pages 6-7. The charges in Counts 10 and 11 are similar to Counts 3-6 in that they allege the defendants aided and abetted each other in knowingly and intentionally distributing and dispensing controlled substances, but in Counts 10 and 11 the criminal conduct alleged occurred on July 3, 2012. Id., page 7. Count 12 charges the defendants with operating Ace Clinique during the time period of November 2010 through September 10, 2013, for the purpose of distributing and unlawfully dispensing controlled substances. Id., pages 7-8.

If the defendants are convicted of the charges, the United States seeks a money judgment of $1 million and the forfeiture of various assets, including real estate, over $300,000 in cash, numerous motor vehicles, and an airplane. Dr. Chaney also faces up to twenty years imprisonment on seven of the counts and 10 years imprisonment on the other five. Exhibit 3, pages 8-11.

Dr. Chaney has pled not guilty to the charges, and his trial is currently scheduled to be held in April 2015. At the administrative hearing Dr. Chaney denied all charges and asserted his continued practice of medicine pending the outcome of the administrative hearing on the *Complaint* is not an immediate danger to his patients or

4

the general public. Consequently, he requests the hearing officer to overturn the *Emergency Order*. In support of that request Dr. Chaney called several witnesses who testified to the quality of his medical practice and of the care provided to patients. Dr. Chaney also asserts that because a criminal defendant is entitled to a presumption of innocense, the Board may not use the filing of the criminal charges as grounds for the issuance of an emergency order that prevents him from practicing medicine.

At the administrative hearing the Board mainly relied upon the allegations contained in the *Indictment* as support for the *Emergency Order*, and although the *Indictment* provides few factual details related to the alleged criminal conduct, there was some additional evidence offered at the hearing that is relevant to the criminal charges. The Board previously had conducted two investigations of Dr. Chaney's medical practice during the time period at issue in the *Indictment*. In a letter dated August 27, 2012, from Dr. Ransdel C. Gibson, Chairperson of the Board's Inquiry Panel B, Dr. Gibson was notified the Inquiry Panel "found that there is insufficient evidence of a violation to warrant the issuance of a Complaint, but that there is evidence of a practice activity that requires modification." Dr. Gibson notified Dr. Chaney that "the Panel members asked me to convey to you that prescriptions should be completely filled out before they are signed." Exhibit 19, pages 3-4.

Dr. Chaney testified that prior to the Board's investigation, he had been providing presigned prescriptions for controlled substances to his Physician Assistant who would complete and issue the prescriptions to patients. DVD of Administrative

5

Hearing, Day I [hereinafter DVD I], 2:52 p.m. Dr. Chaney asserted he stopped that practice shortly before receiving the letter from the Board, and in July 2012 he attended a continuing education course on prescribing controlled substances in order to implement the appropriate procedures. DVD I, 2:53 p.m. Dr. Chaney also asserted the allegations in the *Indictment* regarding specific dates of criminal activity in June 2010 and July 2012 relate to his use of presigned prescriptions and to the allegation he operates a "pill mill." DVD I, 9:49-9:50 a.m.

In a second letter dated October 9, 2012, Dr. C. William Briscoe, Chairperson of the Board's Inquiry Panel A, notified Dr. Chaney the Inquiry Panel again found there was insufficient evidence for the issuance of a Complaint, but "there is evidence of a practice or activity that requires modification." Specifically, Dr. Chaney was reminded that under the American Medical Association's Code of Medical Ethics, "physicians generally should not treat themselves or members of their immediate families," and "except in emergencies, it is not appropriate for physicians to write prescriptions for controlled substances for themselves or immediate family members." Exhibit 19, pages 1-2. Thus, Dr. Chaney's prescription practices were the subject of both Board investigations and the federal charges, and although the Board did not find sufficient evidence in its investigation to bring a disciplinary action against him, the federal government found enough evidence of criminal activity to support issuance of the *Indictment*.

6

Dr. Chaney testified he's never been sued or threatened with suit for malpractice and has never been disciplined or sanctioned by a hospital where he practices. Although denying he engaged in any criminal conduct, he acknowledged that if the criminal allegations are true, they constitute a departure from the standards of acceptable and prevailing medical practice, bring the medical profession into disrepute, and constitute unethical conduct. DVD I, 9:46 a.m.

Several physicians and other healthcare professionals testified at the administrative hearing on behalf of Dr. Chaney. Several other physicians provided letters in support of Dr. Chaney. Exhibits 16 and 18. All of those individuals had uniformly high praise for the quality of medicine practiced by Dr. Chaney, and the witnesses who knew him personally testified to their high regard for his character.

Dr. John W. Gilbert, who is board certified in several specialties, including neurological surgery, pain medicine, and addiction medicine, has had patients referred to him by Dr. Chaney over a twenty-two year period. Exhibit 5. Dr. Gilbert believes Dr. Chaney provides excellent medical care in a section of the state that has a shortage of healthcare providers and that he is one of the best physicians in Kentucky. Exhibits 6 and 7. At the request of Dr. Chaney, Dr. Gilbert recently conducted a review of patient records for the dates September 8 and 9, 2014, and he found they met the standards for the appropriate care and treatment of patients. In Dr. Gilbert's opinion, Dr. Chaney's continued practice of medicine poses no risk to his patients, but instead, his patients' health will be at risk if he is not permitted to resume his practice of medicine pending

7

the outcome of the Board's *Complaint*. Dr. Gilbert acknowledged, however, he had not seen the evidence presented to the grand jury that issued the *Indictment*, and the records he was asked to review date well after the time period at issue in this action. No evidence was presented that would indicate Dr. Gilbert reviewed or was asked to review the patient records for the three specific dates Dr. Chaney was charged with knowingly and intentionally distributing and unlawfully dispensing Schedule II and III controlled substances: June 11 and 25, 2010, and July 3, 2012. Exhibit 3, Counts 3, 4, 5, 6, 10, and 11.

Dr. James P. Murphy is board certified in anesthesiology, pain medicine, and addiction medicine, and he was qualified at the administrative hearing as an expert on pain management. Exhibit 21. He had not treated any of Dr. Chaney's patients, but at the request of Dr. Chaney's attorney, Dr. Murphy reviewed a subset of fifty patient records. Exhibit 21. The records were dated as early as 2010 or 2011, and they were selected and provided to him by Dr. Chaney's attorney in the criminal case. The patients had been seen for a number of health issues and were not treated solely for chronic pain. Id.

In Dr. Murphy opinion, "Dr. Chaney complied with, or exceeded, appropriate standards for record-keeping and prescribing of medicine for pain treatment" in the medical records he reviewed. Exhibit 21, page 3. Dr. Murphy is not familiar with the charges in the *Indictment*, and he did not conduct his review based upon the specific time periods or dates set forth in the *Indictment*. Thus, his review did not address the

8

charges that Dr. Chaney engaged in criminal conduct on June 11 or 25, 2010, or July 3, 2012. If Dr. Chaney did engage in the conduct alleged in the *Indictment*, Dr. Murphy believed he would be guilty of violating the Board's statutes and regulations and would be a danger to the public. DVD I, 3:54 p.m.

Dr. Peter D. Wright is board certified in neurology and pain management. Exhibit 18, curriculum vitae of Peter D. Wright, M.D. Shortly after Ace Clinique opened, he began traveling one day a week from The Pain Treatment Center of the Bluegrass in Lexington, Kentucky, to Ace Clinique to assist Dr. Chaney in the treatment of his chronic pain patients. As part of that work Dr. Wright reviewed the medical records for patients referred to him by Dr. Chaney and developed treatment he would implement. Dr. Wright found Dr. Chaney's documentation, evaluations, and referrals to be appropriate. Based upon his six and a half years of consulting work with Dr. Chaney, Dr. Wright found "Dr. Chaney to be a compassionate and caring physician who nevertheless holds his patients to high standards when being treated for chronic pain with controlled substances." Exhibit 18, Dr. Wright's letter to Ms. Hinkle dated October 15, 2014.

In response to an earlier grievance filed with the Board against Dr. Chaney, Dr. Wright conducted a review on behalf of Dr. Chaney. Dr. Wright reviewed medical records for the two specific dates the grievant questioned Dr. Chaney's prescription practices, and Dr. Wright found nothing inappropriate in his patient care. Id. Those two dates do not coincide with any of the three dates listed in the *Indictment*. Dr. Wright did

9

not believe Dr. Chaney's continued practice of medicine would be a threat to his patients or the public.

Dr. Daniel Mongiardo, who is board certified in Otolaryngology, has had many patients referred to him Dr. Chaney and has directly observed his care of patients. Dr. Mongiardo found him to be "as thorough as any primary care physician I have ever worked with, and more thorough than most. His patients are well cared for and just as importantly, Dr. Chaney is well respected by his patients." Exhibit 18, letter of Dr. Mongiardo dated October 14, 2014. Dr. Mongiardo testified that he has consulted on patients who were being treated by Dr. Chaney with the long-term use of controlled substances, and Dr. Mongiardo did not see any concerns regarding their use of the medications. He did not believe Dr. Chaney posed a danger to his patients and believed they would be harmed if he is not permitted to continue to medical practice. Dr. Mongiardo acknowledged, however, he was not aware of the criminal charges or the information relied upon by the grand jury in bringing those charges. In addition, he believes the quality of care rendered by a physician and the safety of patients should be the primary considerations in a decision to suspend a physician's license.

The physicians who provided letters in support of Dr. Chaney also praised the quality of care he provided to patients, but none of those physicians addressed the specific charges set forth in the *Indictment*. Exhibits 16 and 18.

Karen Sallee, a licenced clinical social worker, worked one day a week in Dr. Chaney's office and saw chronic pain patients that he referred to her. She testified that

she did not have any reason to believe the clinic operated as a pill mill, and she also had high praise for the quality of the medical care provided by Dr. Chaney. She acknowledged, however, that she provided services only to those patients who had been referred to her by Dr. Chaney. DVD I, 1:17 p.m.

Nancy M. Logan, an Advanced Practice Registered Nurse, worked full-time for Ace Clinique from December 2011 to December 2013. Exhibit 22. She worked mainly with Dr. Chaney in the hospital but also saw patients two days a week in the clinic. She did not schedule her own patients, but saw those patients who were assigned to her. She testified he prescribed controlled substances appropriately, provided high quality medical care to his patients, had a reputation for integrity, and was not a danger to his patients or the public.

Dr. Chaney also offered evidence to counter the suggestion he operated his clinic as a pill mill. Unlike most pill mills, very few of his patients pay for their treatment in cash. Exhibits 8 and 14. He treats patients for a wide variety of medical issues, not just for chronic pain. Exhibits 9 and 10. In his practice Dr. Chaney uses several different forms related to the assessment and treatment of chronic pain and to the standards patients must meet to continue such treatment. Exhibit 12. Patients are routinely required to submit to urine drug screens and pill counts, and patients are discharged if they do not comply with the terms of their controlled substance agreement. Exhibit 13.

The hearing officer's review of the *Emergency Order* is governed by KRS 13B.125. Under KRS 13B.125(3), "the emergency order shall be affirmed if there is substantial

11

evidence of a violation of law which constitutes an immediate danger to the public health, safety, or welfare."

The Board's issuance of an emergency order is governed by KRS 311.592(1), which provides, "At any time when an inquiry panel has probable cause to believe that . . . a physician's practice constitutes a danger to the health, welfare, and safety of his patients or the general public, the inquiry panel may issue an emergency order, in accordance with KRS 13B.125, suspending, limiting, or restricting the physician's license."

The Board asserts there is probable cause to believe Dr. Chaney violated KRS 311.595(9), as illustrated by KRS 311.597(4), and KRS 311.595(12) based upon the charges in the *Indictment. Emergency Order*, page 3. Pursuant to KRS 311.595(9), as illustrated by KRS 311.597(4), a physician is subject to discipline if he engages in "conduct which is calculated or has the effect of bringing the medical profession into disrepute, including but not limited to any departure from, or failure to conform to the standards of acceptable and prevailing medical practice within the Commonwealth of Kentucky, and any departure from, or failure to conform to the principles of medical ethics of the American Medical Association or the code of ethics of the American Osteopathic Association." In support of the allegation of a violation of the AMA Code of Medical Ethics, the Board cites Opinion 9.04. Exhibit 1. Pursuant to KRS 311.595(12), a physician is subject to discipline by the Board if he has "violated or attempted to violate, directly or indirectly, or assisted in or abetted the violation of, or conspired to violate any

12

provision or term of any medical practice act, including but not limited to the code of conduct promulgated by the board under KRS 311.601 or any other valid regulation of the board."

Dr. Chaney acknowledged that if he is guilty of the charges in the *Indictment*, he has violated the Board's disciplinary statutes cited in the *Indictment*. Those charges provide probable cause that Dr. Chaney violated the Board's statutes as alleged in the *Emergency Order*. In *Higgason v. Stephens*, 288 F.3d 868 (6th Cir. 2002), the court rejected the plaintiff's allegation of a violation of his due process rights based upon his claim the indictment was issued without probable cause. The court ruled that "it has long been settled that 'the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer.'" *Higgason*, 288 F.3d at 876-877, citing *Ex parte United States*, 287 U.S. 241, 250, 53 S.Ct. 129, 77 L.Ed. 283 (1932).

There has been no assertion by Dr. Chaney in this action that there was any impropriety in the issuance of the criminal indictment or any deficiency in the language of the indictment. Thus, although Dr. Chaney asserts he is entitled to a presumption of innocense in his criminal trial and that charges set forth in an indictment are not evidence of guilt in a criminal trail, the charges in the *Indictment* constitute probable cause in this administrative action for the Board to take emergency action pursuant to KRS 311.592(1).

13

The Board's determination that it had probable cause to issue the *Emergency Order* is consistent with the governing regulations. Under 201 KAR 9:240, Section 3(1), "If a licensee is indicted in any state for a crime classified as a felony in that state and the conduct charged relates to a controlled substance, that licensee's practice shall be considered an immediate danger to the public health, safety or welfare, pursuant to KRS 311.592 and 13B.125." There is no dispute that Dr. Chaney has been charged with felony offenses under the laws of Kentucky.

In addition, under the Board's regulations if a physician has been indicted for a felony and the conduct relates to a controlled substance the Board "shall immediately issue an emergency order suspending or restricting that licensee's Kentucky license to prohibit the licensee from prescribing, dispensing, or otherwise utilizing a controlled substance in Kentucky, until further order following final resolution of the criminal charges in the indictment." 201 KAR 9:240, Section 3(2). Acting pursuant to those regulations, the Board suspended Dr. Chaney's license to practice medicine pending the outcome of the criminal charges. *Emergency Order*, pages 4-6.

Dr. Chaney asserts that even if there is probable cause to support an indictment, the indictment by itself is not sufficient evidence for the Board to meet the substantial evidence standard required by KRS 13B.125(3) for the hearing officer to affirm the *Emergency Order*. Under KRS 311.592(2), however, "for the purposes of a hearing conducted under KRS 13B.125 on an emergency order issued under subsection (1) of this section, the findings of fact in the emergency order shall constitute a rebuttable

14

presumption of substantial evidence of a violation of law that constitutes immediate danger to the health, welfare, or safety of patients or the general public." Thus, unless Dr. Chaney can overcome the rebuttable presumption of substantial evidence, the *Emergency Order* must be affirmed.

Dr. Chaney asserts he has met that standard. He asserts the evidence admitted at the emergency hearing shows he engaged in a legitimate medical practice to treat many patients with a variety of serious medical issues and that Ace Clinique did not operate as a pill mill. The hearing officer agrees the evidence shows Dr. Chaney treats many patients for legitimate medical issues and that Ace Clinique was not operated solely as a pill mill, which typically refers to a medical practice whose main function is to provide prescriptions for controlled substances to individuals who don't have a legitimate medical need for such medications.

The issue before the hearing officer, however, is not whether a particular label can be applied to Dr. Chaney's medical practice but whether there is substantial evidence in support of the Board's charges. "Substantial evidence" is defined as "evidence of substance and relevant consequence, having the fitness to induce conviction in the minds of reasonable men." *Kentucky State Racing Commission v. Fuller*, Ky., 481 S.W.2d 298, 308 (1972), *quoting O'Nan v. Ecklar Moore Express, Inc.*, Ky., 339 S.W.2d 466 (1960). Furthermore, "[t]he test of substantiality of evidence is whether when taken alone or in the light of all the evidence it has sufficient probative value to induce conviction in the minds of reasonable men." *Fuller*, 481 S.W.2d at 308. Stated another

15

way, substantial evidence is "evidence that a reasonable mind would accept as adequate to support a conclusion." *Black's Law Dictionary*, 7th ed., p. 580. In addition, "if there is substantial evidence in the record to support an agency's findings, the findings will be upheld, even though there may be conflicting evidence in the record." *Kentucky Commission on Human Rights v. Fraser*, Ky., 625 S.W.2d 852, 856 (1981).

The *Indictment* charges Dr. Chaney with criminal conduct over a period of several years, but it also charges him with criminal conduct related to the issuance of controlled substances on three specific dates: June 11 and June 25, 2010, and July 3, 2013. Although Dr. Chaney presented evidence on the general quality of his medical practice during and after the time period referenced in the *Indictment*, he provided no information related to the criminal activity that allegedly occurred on those specific dates. The hearing officer also notes that Dr. Chaney had Dr. Gilbert review medical records for two days in September 2014 and had Dr. Murphy review fifty patient records without reference to the specific dates listed in the *Indictment*. In addition, Dr. Wright previously conducted a review on behalf of Dr. Chaney for patients seen on two specific dates at issue in the earlier grievance against him, but no similar review was conducted on the three specific dates at issue in the *Indictment*.

Thus, even though Dr. Chaney provided evidence at the administrative hearing that he did not operate his medical practice as a pill mill, he did not rebut the presumption that there is probable cause to believe he engaged in criminal activity on

16

the dates listed in the *Indictment*. Therefore, there is substantial evidence in support of a violation of law as alleged in the *Emergency Order*.

In addition, there can is no dispute that providing prescriptions for controlled substances to patients who do not have a legitimate medical need for such medication constitutes an immediate danger to the patient and to the general public if those medications are diverted. Since there is substantial evidence of a violation of law that constitutes an immediate danger to the public health, safety, or welfare, the hearing officer must affirm the *Emergency Order*. KRS 13B.125(3).

The hearing officer has no authority in this action to review the level of protection imposed by the Board pending the resolution of the *Complaint*. Under 201 KAR 9:240, Section 5(7)(a)(1), "if there is substantial evidence of a violation of law, the hearing officer shall not substitute his or her judgment as to the level of public protection necessary for the emergency order." The Board has determined Dr. Chaney's license to practice medicine must be temporarily suspended, and because the hearing officer has found substantial evidence of a violation of law that constitutes an immediate danger, he will defer to the Board's judgement as to the appropriate level of protection.

## FINAL ORDER

Based upon the foregoing, the hearing officer affirms the *Emergency Order of Suspension* issued by the Kentucky Board of Medical Licensure on October 21, 2014, against the license to practice medicine held by James Alvin Chaney, M.D.

17

## NOTICE OF APPEAL RIGHTS

Pursuant to KRS 13B.125(4), this Final Order may be appealed pursuant to KRS

13B.140(1). That subsection of the statute states:

> All final orders of an agency shall be subject to judicial review in
> accordance with the provisions of this chapter.  A party shall
> institute an appeal by filing a petition in the Circuit Court of
> venue, as provided in the agency's enabling statutes, within 30
> days after the final order of the agency is mailed or delivered by
> personal service.  If venue for appeal is not stated in the enabling
> statutes, a party may appeal to Franklin Circuit Court or the
> Circuit Court of the county in which the appealing party resides
> or operates a place of business.  Copies of the petition shall be
> served by the petitioner upon the agency and all parties of record.
> The petition shall include the names and addresses of all parties
> to the proceeding and the agency involved, and a statement of the
> grounds on which the review is requested.  The petition shall be
> accompanied by a copy of the Final Order.

Pursuant to KRS 23A.010(4), "such review [by the Circuit Court] shall not

constitute an appeal but an original action." Some courts have interpreted this language

to mean that a summons also be served upon filing an appeal in circuit court.

SO ORDERED this _17th_ day of November, 2014.

THOMAS J. HELLMANN
HEARING OFFICER
415 WEST MAIN ST.
P.O. BOX 676
FRANKFORT, KY 40602-0676
(502) 227-2271
thellmann@hazelcox.com

18

## CERTIFICATE OF SERVICE

I hereby certify that the original of this FINAL ORDER was mailed this _17th_ day of November, 2014, by first-class mail, postage prepaid, to:

JILL LUN
KY BOARD OF MEDICAL LICENSURE
HURSTBOURNE OFFICE PARK STE 1B
310 WHITTINGTON PKWY
LOUISVILLE KY 40222

for filing; and in accordance with the discussion at the conclusion of the administrative hearing at which the parties waived service of the Final Order by certified mail, a true copy was sent by first-class mail, postage prepaid, and by email, to:

LEANNE K DIAKOV
SARA FARMER
KY BOARD OF MEDICAL LICENSURE
HURSTBOURNE OFFICE PARK STE 1B
310 WHITTINGTON PKWY
LOUISVILLE KY 40222
Leanne.Diakov@ky.gov
Sara.Farmer@ky.gov

LISA ENGLISH HINKLE
MCBRAYER MCGINNIS LESLIE
   & KIRKLAND PLLC
201 E MAIN ST STE 900
LEXINGTON KY 40507
lhinkle@mmlk.com

ELIZABETH S HUGHES
GREEN CHESNUT & HUGHES PLLC
201 EAST MAIN ST SUITE 1250
LEXINGTON KY 40507
ehughes@geandh.com

THOMAS J. HELLMANN

1615EFC

19

COMMONWEALTH OF KENTUCKY
BOARD OF MEDICAL LICENSURE
CASE NO. 1615

FILED OF RECORD

OCT 2 1 2014

K.B.M.L.

IN RE: THE LICENSE TO PRACTICE MEDICINE IN THE COMMONWEALTH OF
KENTUCKY HELD BY JAMES ALVIN CHANEY, M.D., LICENSE NO.
28914, 181 ROY CAMPBELL DRIVE, HAZARD, KENTUCKY 41701

### EMERGENCY ORDER OF SUSPENSION

The Kentucky Board of Medical Licensure ("the Board"), acting by and through

its Inquiry Panel A, considered this matter on October 16, 2014. At that meeting, Inquiry

Panel A considered an Indictment, filed October 2, 2014, in the United States District

Court, Eastern District of Kentucky, Case No. 6:14-CR-37-GFVT. The licensee, James

A. Chaney, M.D., was given notice of the meeting and his counsel appeared and was

heard by the Panel.

Having considered this information and being sufficiently advised, Inquiry Panel

A ENTERS the following EMERGENCY ORDER OF SUSPENSION, in accordance

with KRS 311.592(1) and 13B.125(1):

### FINDINGS OF FACT

Pursuant to KRS 13B.125(2) and based upon the information available to it,

Inquiry Panel A concludes there is probable cause to make the following Findings of

Fact, which support this Emergency Order of Suspension:

1. At all relevant times, James Alvin Chaney, M.D. ("the licensee"), was licensed by the
   Board to practice medicine in the Commonwealth of Kentucky.

2. The licensee's medical specialty is general medicine.

3. On or about October 2, 2014, the licensee was indicted for crimes classified as
   felonies and the conduct charged relates to controlled substances, including but not

limited to conspiracies to unlawfully distribute and dispense Schedule II and III controlled substances.

4. On or about October 2, 2014, the licensee was indicted on two (2) counts of knowingly and intentionally conspiring to distribute and unlawfully dispense Schedule II controlled substances, a violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

5. On or about October 2, 2014, the licensee was indicted on two (2) counts of knowingly and intentionally conspiring to distribute and unlawfully dispense Schedule III controlled substances, a violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

6. On or about October 2, 2014, the licensee was indicted on two (2) counts of aiding and abetting others, including his wife and corporate officer and his physician assistant, to knowingly and intentionally distribute and unlawfully dispense Schedule II controlled substances, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

7. On or about October 2, 2014, the licensee was indicted on one (1) count of aiding and abetting others, namely his wife and corporate officer, to knowingly and intentionally distribute and unlawfully dispense Schedule II controlled substances, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

8. On or about October 2, 2014, the licensee was indicted on two (2) counts of aiding and abetting others, including his wife and corporate officer and his physician assistant, to knowingly and intentionally distribute and unlawfully dispense Schedule III controlled substances, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

2

9. On or about October 2, 2014, the licensee was indicted on one (1) count of aiding and abetting others, namely his wife and corporate officer, to knowingly and intentionally distribute and unlawfully dispense Schedule III controlled substances, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

10. On or about October 2, 2014, the licensee was indicted on two (2) counts of having knowingly opened, leased, rented, used and maintained a place (to wit Ace Clinique of Medicine, LLC, located in Hazard, Perry County, Kentucky) whether permanently or temporarily, for the purpose of distributing and unlawfully dispensing controlled substances, all in violation of 21 U.S.C. § 856(a).

## CONCLUSIONS OF LAW

Pursuant to KRS 13B.125(2) and based upon the information available to it, Inquiry Panel A finds there is probable cause to support the following Conclusions of Law, which serve as the legal bases for this Emergency Order of Suspension:

1. The licensee's Kentucky medical license is subject to regulation and discipline by this Board.

2. KRS 311.592(1) provides that the Board may issue an emergency order suspending, limiting, or restricting a physician's license at any time an inquiry panel has probable cause to believe that a) the physician has violated the terms of an order placing him on probation; or b) a physician's practice constitutes a danger to the health, welfare and safety of his patients or the general public.

3. There is probable cause to believe that the licensee has violated KRS 311.595(9), as illustrated by KRS 311.597(4), and KRS 311.595(12).

4.  201 KAR 9:240 §1 provides,

    (1) An inquiry panel or the panel's chair, acting on behalf of the inquiry panel, may issue an emergency order restricting or suspending a physician's license to practice medicine or osteopathy within the Commonwealth of Kentucky in accordance with KRS 311.592 and 13B.125.

5.  201 KAR 9:240 §3 provides

    (1) If a licensee is indicted in any state for a crime classified as a felony in that state and the conduct charged relates to a controlled substance, that licensee's practice shall be considered an immediate danger to the public health, safety or welfare, pursuant to KRS 311.592 and 13B.125.

    (2) If the Board receives verifiable information that a licensee has been indicted in any state for a crime classified as a felony in the state of indictment and the conduct charged relates to a controlled substance, the inquiry panel or panel chair, acting on behalf of the inquiry panel, shall immediately issue an emergency order suspending or restricting that licensee's Kentucky license....

6.  KRS 311.597(4) adopts and incorporates the principles of the American Medical Association Code of Medical Ethics, including Principles II, II and VII, and Opinion 9.04, which provides

    Incompetence, corruption, or dishonest or unethical conduct in the part of members of the medical profession is reprehensible. In addition to posing a real or potential threat to patients, such conduct undermines the public's confidence in the profession. ... Although a physician charged with allegedly illegal conduct may be acquitted or exonerated in civil or criminal proceedings, this does not discharge a medical society from its obligation to initiate a disciplinary proceeding against a member with reference to the same conduct where there is credible evidence tending to establish unethical conduct. ...

7.  The Inquiry Panel concludes there is probable cause to believe this licensee's practice constitutes a danger to the health, welfare and safety of his patients or the general public.

8.  The Board may draw logical and reasonable inferences about a licensee's practice by considering certain facts about a licensee's practice. If there is proof that a licensee has violated a provision of the Kentucky Medical Practice Act in one set of

4

circumstances, the Board may infer that the licensee will similarly violate the Medical Practice Act when presented with a similar set of circumstances. Similarly, the Board concludes that proof of a set of facts about a licensee's practice presents representative proof of the nature of that licensee's practice in general. Accordingly, probable cause to believe that the licensee has committed certain violations in the recent past presents probable cause to believe that the licensee will commit similar violations in the near future, during the course of the licensee's osteopathic practice.

9.  The United States Supreme Court has ruled that it is no violation of the federal Due Process Clause for a state agency to temporarily suspend a license, without a prior evidentiary hearing, so long as 1) the immediate action is based upon a probable cause finding that there is a present danger to the public safety; and, 2) the statute provides for a prompt post-deprivation hearing. Barry v. Barchi, 443 U.S. 55, 61 L.Ed.2d 365, 99 S.Ct. 2642 (1979); FDIC v. Mallen, 486 U.S. 230, 100 L.Ed.2d 265, 108 S.Ct. 1780 (1988) and Gilbert v. Homar, 520 U.S. 924 (1997), 117 S.Ct. 1807 (1997). Cf. KRS 13B.125(1).

KRS 13B.125(3) provides that the Board shall conduct an emergency hearing on this emergency order within ten (10) working days of a request for such a hearing by the licensee. The licensee has been advised of his right to a prompt post-deprivation hearing under this statute.[1]

## EMERGENCY ORDER OF SUSPENSION

Based upon the foregoing Findings of Fact and Conclusions of Law, Inquiry Panel A hereby ORDERS that the license to practice medicine in the Commonwealth of

---

[1] Note: Due to pending litigation, the Board will not apply 201 KAR 9:240 Section 3(4) in an emergency hearing in this action.

Kentucky held by James Alvin Chaney, M.D., is SUSPENDED and Dr. Chaney is prohibited from performing any act which constitutes the "practice of medicine or osteopathy," as that term is defined by KRS 311.550(10) – the diagnosis, treatment, or correction of any and all human conditions, ailments, diseases, injuries, or infirmities by any and all means, methods, devices, or instrumentalities - until the Board's hearing panel has finally resolved the Complaint after receipt of the court documents resolving the criminal charges in the indictment discussed in this pleading or until such further Order of the Board.

Inquiry Panel A further declares that this is an EMERGENCY ORDER, effective upon receipt by the licensee.

SO ORDERED this _21st_ day of October, 2014.

*C. William Briscoe MD*

C. WILLIAM BRISCOE, M.D.
CHAIR, INQUIRY PANEL A

### CERTIFICATE OF SERVICE

I certify that the original of this Emergency Order of Suspension was delivered to Mr. Michael S. Rodman, Executive Director, Kentucky Board of Medical Licensure, 310 Whittington Parkway, Suite 1B, Louisville, Kentucky 40222; and copies were mailed via certified mail return-receipt requested to the licensee, James Alvin Chaney, M.D., License No. 28914, 181 Roy Campbell Drive, Hazard, Kentucky 41701, and to his counsel, Lisa English Hinkle, Esq., McBrayer, McGinnis, Leslie & Kirkland, PLLC, 201 East Main Street, Suite 1000, Lexington, Kentucky 40507 on this _21st_ day of October, 2014.

*Leanne K. Diakov*

Leanne K. Diakov
General Counsel
Kentucky Board of Medical Licensure
310 Whittington Parkway, Suite 1B
Louisville, Kentucky 40222
(502) 429-7150

6

COMMONWEALTH OF KENTUCKY
BOARD OF MEDICAL LICENSURE
CASE NO. 1615

FILED OF RECORD

OCT 2 1 2014

K.B.M.L.

IN RE: THE LICENSE TO PRACTICE MEDICINE IN THE COMMONWEALTH OF
KENTUCKY HELD BY JAMES ALVIN CHANEY, M.D., LICENSE NO.
28914, 181 ROY CAMPBELL DRIVE, HAZARD, KENTUCKY 41701

## COMPLAINT

Comes now the Complainant C. William Briscoe, M.D., Chair of the Kentucky
Board of Medical Licensure's Inquiry Panel A, and on behalf of the Panel which met on
October 16, 2014, states for its Complaint against the licensee, James Alvin Chaney,
M.D., as follows:

1. At all relevant times, James Alvin Chaney, M.D. ("the licensee"), was licensed by the
   Board to practice medicine in the Commonwealth of Kentucky.

2. The licensee's medical specialty is general medicine.

3. On or about October 2, 2014, the licensee was indicted for crimes classified as
   felonies and the conduct charged relates to controlled substances, including but not
   limited to conspiracies to unlawfully distribute and dispense Schedule II and III
   controlled substances.

4. On or about October 2, 2014, the licensee was indicted on two (2) counts of
   knowingly and intentionally conspiring to distribute and unlawfully dispense
   Schedule II controlled substances, a violation of 21 U.S.C. § 841(a)(1), all in
   violation of 21 U.S.C. § 846.

5. On or about October 2, 2014, the licensee was indicted on two (2) counts of
   knowingly and intentionally conspiring to distribute and unlawfully dispense

Schedule III controlled substances, a violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

6. On or about October 2, 2014, the licensee was indicted on two (2) counts of aiding and abetting others, including his wife and corporate officer and his physician assistant, to knowingly and intentionally distribute and unlawfully dispense Schedule II controlled substances, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

7. On or about October 2, 2014, the licensee was indicted on one (1) count of aiding and abetting others, namely his wife and corporate officer, to knowingly and intentionally distribute and unlawfully dispense Schedule II controlled substances, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

8. On or about October 2, 2014, the licensee was indicted on two (2) counts of aiding and abetting others, including his wife and corporate officer and his physician assistant, to knowingly and intentionally distribute and unlawfully dispense Schedule III controlled substances, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

9. On or about October 2, 2014, the licensee was indicted on one (1) count of aiding and abetting others, namely his wife and corporate officer, to knowingly and intentionally distribute and unlawfully dispense Schedule III controlled substances, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

10. On or about October 2, 2014, the licensee was indicted on two (2) counts of having knowingly opened, leased, rented, used and maintained a place (to wit Ace Clinique of Medicine, LLC, located in Hazard, Perry County, Kentucky) whether permanently or temporarily, for the purpose of distributing and unlawfully dispensing controlled substances, all in violation of 21 U.S.C. § 856(a).

2

11. On or about October 20, 2014, an Emergency Order of Suspension was issued against the licensee's license to practice medicine in the Commonwealth of Kentucky.

12. By his conduct, the licensee has violated KRS 311.595(9), as illustrated by KRS 311.597(4), and KRS 311.595(12). Accordingly, legal grounds exist for disciplinary action against his license to practice medicine in the Commonwealth of Kentucky.

13. The licensee is directed to respond to the allegations delineated in the Complaint within thirty (30) days of service thereof and is further given notice that:

   (a) His failure to respond may be taken as an admission of the charges;

   (b) He may appear alone or with counsel, may cross-examine all prosecution witnesses and offer evidence in his defense.

14. NOTICE IS HEREBY GIVEN that a hearing on this Complaint is scheduled for January 22 and 23, 2015, at 9:00 a.m., Eastern Standard Time, at the Kentucky Board of Medical Licensure, Hurstbourne Office Park, 310 Whittington Parkway, Suite 1B, Louisville, Kentucky 40222. Said hearing shall be held pursuant to the Rules and Regulations of the Kentucky Board of Medical Licensure and pursuant to KRS Chapter 13B. This hearing shall proceed as scheduled and the hearing date shall only be modified by leave of the Hearing Officer upon a showing of good cause. Continuance of the licensee's criminal trial date, currently set for December 9, 2014, in the United States District Court, Eastern District of Kentucky, Case No. 6:14-CR-37-GFVT, shall constitute good cause for modification/continuance of the hearing date in this action.

   WHEREFORE, Complainant prays that appropriate disciplinary action be taken against the license to practice medicine in the Commonwealth of Kentucky held by JAMES ALVIN CHANEY, M.D.

3

This 21st day of October, 2014.

C. William Briscoe MD

C. WILLIAM BRISCOE, M.D.
CHAIR, INQUIRY PANEL A

## CERTIFICATE OF SERVICE

I certify that the original of this Complaint was delivered to Mr. Michael S. Rodman, Executive Director, Kentucky Board of Medical Licensure, 310 Whittington Parkway, Suite 1B, Louisville, Kentucky 40222; a copy was mailed to Thomas J. Hellmann, Esq., Hearing Officer, 415 West Main Street, P.O. Box 676, Frankfort, Kentucky 40602-0676; and copies were mailed via certified mail return-receipt requested to the licensee, James Alvin Chaney, M.D., License No. 28914, 181 Roy Campbell Drive, Hazard, Kentucky 41701, and to his counsel, Lisa English Hinkle, Esq., McBrayer, McGinnis, Leslie & Kirkland, PLLC, 201 East Main Street, Suite 1000, Lexington, Kentucky 40507 on this 21st day of October, 2014.

Leanne K. Diakov
General Counsel
Kentucky Board of Medical Licensure
310 Whittington Parkway, Suite 1B
Louisville, Kentucky 40222
(502) 429-7150

4

MEMORANDUM

To:            Inquiry Panel A

From:          Leanne K. Diakov
               General Counsel

Investigator:  Billy Madden

Date:          October 10, 2014

RE:            JAMES ALVIN CHANEY, M.D.
               181 Roy Campbell Drive
               Hazard, KY 41701
               Joan C. Edwards School of Medicine at Marshall University, 1991
               Original Licensing State: Kentucky
               Date Licensed in Kentucky: 7/1/1992
               Active License #: 28914
               Specialty: General Medicine

Action Requested:    This is a new case involving an indictment related to controlled substances
pending against Dr. Chaney. (Attachment 1)

Attachments:   #1 – Indictment, *USA v. Chaney, et al.*, Case No. 6:14-CR-37-GFVT, United
               States District Court, Eastern District of Kentucky (10/2/2014)

Case: 6:14-cr-0003( FVT-HAI  Doc #: 1  Filed: 10/02/14  Page: 1 of 12 - Page ID#: 1

Eastern District of Kentucky

**FILED**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## LONDON

OCT -2 2014

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.                                    INDICTMENT NO. 6·14·CR 37 GFYT

JAMES ALVIN CHANEY, M.D.,
    aka ACE CHANEY,
LESA L. CHANEY,
ACE CLINIQUE OF MEDICINE, LLC
    Registered agent: Lesa L. Chaney, and
GREGORY HOSKINS, P.A.

*     *     *     *     *

THE GRAND JURY CHARGES:

    1.    **JAMES ALVIN CHANEY, M.D., aka ACE CHANEY,** was a practicing

physician.   He was licensed to practice medicine in Kentucky during all times relevant

in this Indictment.   He was permitted by the United States Department of Justice, Drug

Enforcement Administration (DEA), to write or prescribe narcotic prescriptions.   His

offices were located at **ACE CLINIQUE OF MEDICINE, LLC,** in Perry County,

Kentucky.

    2.    **LESA L. CHANEY** is the wife of **JAMES ALVIN CHANEY, M.D., aka ACE**

**CHANEY,** and is the registered agent and a corporate officer for **ACE CLINIQUE OF**

**MEDICINE, LLC.**

    3.    **GREGORY HOSKINS, P.A.,** was a practicing Physician's Assistant.

He was licensed by the state of Kentucky to act as a Physician's Assistant.   He was

permitted by DEA to write or prescribe certain medications. His offices were located at **ACE CLINIQUE OF MEDICINE, LLC,** in Perry County, Kentucky. He was an employee of **ACE CLINIQUE OF MEDICINE, LLC,** during some of the times relevant in this Indictment.

3. 21 C.F.R. § 1306.04(a) provides: A prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of professional practice. The responsibility for the proper prescribing and dispensing of controlled substances is upon the prescribing practitioner, but a corresponding responsibility rests with the pharmacist who fills the prescription. An order purporting to be a prescription issued not in the usual course of professional treatment or in legitimate and authorized research is not a prescription within the meaning and intent of Section 309 of the Controlled Substance Act (21 U.S.C. § 829) and the person knowingly filling such a purported prescription, as well as the person issuing it, shall be subject to the penalties provided for violations of the provisions of law relating to controlled substances.

4. 21 C.F.R. § 1306.04(a) provides: All prescriptions for controlled substances shall be dated as of, and signed on, the day when issued and shall bear the full name and address of the patient, the drug name, strength, dosage form, quantity prescribed, directions for use, and the name, address and registration number of the practitioner.

5. On or about a day in June 2006, the exact date unknown, and continuing through on or about September 9, 2013, **JAMES ALVIN CHANEY, M.D.,** aka **ACE CHANEY,** was one of the owners and was the resident physician of **ACE CLINIQUE OF**

MEDICINE, LLC, located in Hazard, Perry County, Kentucky.

6.     On or about a day in June 2006, the exact date unknown, and continuing

through on or about September 9, 2013, LESA L. CHANEY was the licensed agent and a

corporate officer of ACE CLINIQUE OF MEDICINE, LLC, located in Hazard, Perry

County, Kentucky.

7.     The allegations contained in paragraphs 1 and 6 are restated and

incorporated herein by reference in all of the following counts.

**COUNT 1**
**21 U.S.C. § 846**

On or about a day in June 2006, the exact date unknown, and continuing through on

or about June 30, 2010, in Perry County, in the Eastern District of Kentucky,

**JAMES ALVIN CHANEY, M.D.,**
**aka ACE CHANEY,**
**LESA L. CHANEY,**
**ACE CLINIQUE OF MEDICINE, LLC**
**Registered agent: Lesa L. Chaney,**
**GREGORY HOSKINS, P.A.,**

and others, did knowingly and intentionally conspire to distribute and unlawfully dispense

Schedule II controlled substances, a violation of 21 U.S.C. § 841(a)(1), all in violation of

21 U.S.C. § 846.

**COUNT 2**
**21 U.S.C. § 846**

On or about a day in June 2006, the exact date unknown, and continuing through on

or about June 30, 2010, in Perry County, in the Eastern District of Kentucky,

**JAMES ALVIN CHANEY, M.D.,**
**aka ACE CHANEY,**
**LESA L. CHANEY,**
**ACE CLINIQUE OF MEDICINE, LLC**

Case: 6:14-cr-00037 FVT-HAI  Doc #: 1  Filed: 10/02/1  Page: 4 of 12 - Page ID#: 4

Registered agent: Lesa L. Chaney,
GREGORY HOSKINS, P.A.,

and others, did knowingly and intentionally conspire to distribute and unlawfully dispense

Schedule III controlled substances, a violation of 21 U.S.C. § 841(a)(1), all in violation of

21 U.S.C. § 846.

## COUNT 3
## 21 U.S.C. § 841(a)(1)
## 18 U.S.C. § 2

On or about June 11, 2010, in Perry County, in the Eastern District of Kentucky,

JAMES ALVIN CHANEY, M.D.,
aka ACE CHANEY,
ACE CLINIQUE OF MEDICINE, LLC
Registered agent: Lesa L. Chaney,
GREGORY HOSKINS, P.A.,

and others, aided and abetted by each other, did knowingly and intentionally distribute and

unlawfully dispense Schedule II controlled substances, all in violation of 21 U.S.C. §

841(a)(1) and 18 U.S.C. § 2.

## COUNT 4
## 21 U.S.C. § 841(a)(1)
## 18 U.S.C. § 2

On or about June 11, 2010, in Perry County, in the Eastern District of Kentucky,

JAMES ALVIN CHANEY, M.D.,
aka ACE CHANEY,
ACE CLINIQUE OF MEDICINE, LLC
Registered agent: Lesa L. Chaney,
GREGORY HOSKINS, P.A.,

and others, aided and abetted by each other, did knowingly and intentionally distribute and

unlawfully dispense Schedule III controlled substances, all in violation of 21 U.S.C. §

841(a)(1) and 18 U.S.C. § 2.

Case: 6:14-cr-00037-FVT-HAI   Doc #: 1   Filed: 10/02/14   Page: 5 of 12 - Page ID#: 5

## COUNT 5
### 21 U.S.C. § 841(a)(1)
### 18 U.S.C. § 2

On or about June 25, 2010, in Perry County, in the Eastern District of Kentucky,

**JAMES ALVIN CHANEY, M.D.,**
**aka ACE CHANEY,**
**ACE CLINIQUE OF MEDICINE, LLC**
**Registered agent: Lesa L. Chaney,**
**GREGORY HOSKINS, P.A.,**

and others, aided and abetted by each other, did knowingly and intentionally distribute and

unlawfully dispense Schedule II controlled substances, all in violation of 21 U.S.C. §

841(a)(1) and 18 U.S.C. § 2.

## COUNT 6
### 21 U.S.C. § 841(a)(1)
### 18 U.S.C. § 2

On or about June 25, 2010, in Perry County, in the Eastern District of Kentucky,

**JAMES ALVIN CHANEY, M.D.,**
**aka ACE CHANEY,**
**ACE CLINIQUE OF MEDICINE, LLC**
**Registered agent: Lesa L. Chaney,**
**GREGORY HOSKINS, P.A.,**

and others, aided and abetted by each other, did knowingly and intentionally distribute and

unlawfully dispense Schedule III controlled substances, all in violation of 21 U.S.C. §

841(a)(1) and 18 U.S.C. § 2.

## COUNT 7
### 21 U.S.C. § 856(a)

On or about a day in June 2006, the exact date unknown, and continuing through on

or about June 30, 2010, in Perry County, in the Eastern District of Kentucky,

**JAMES ALVIN CHANEY, M.D.,**
**aka ACE CHANEY,**

**ACE CLINIQUE OF MEDICINE, LLC**
Registered agent: Lesa L. Chaney,
**GREGORY HOSKINS, P.A.,**

and others, did knowingly open, lease, rent, use, and maintain a place, to wit, **ACE**

**CLINIQUE OF MEDICINE, LLC,** located in Hazard, Perry County, Kentucky,

whether permanently or temporarily, for the purpose of distributing and unlawfully

dispensing controlled substances, all in violation of 21 U.S.C. §856(a).

## COUNT 8
### 21 U.S.C. § 846

On or about a day in November 2010, the exact date unknown, and continuing

through on or about September 10, 2013, in Perry County, in the Eastern District of

Kentucky,

**JAMES ALVIN CHANEY, M.D.,**
aka ACE CHANEY,
**ACE CLINIQUE OF MEDICINE, LLC**
Registered agent: Lesa L. Chaney,

and others, did knowingly and intentionally conspire to distribute and unlawfully dispense

Schedule II controlled substances, a violation of 21 U.S.C. § 841(a)(1), all in violation of

21 U.S.C. § 846.

## COUNT 9
### 21 U.S.C. § 846

On or about a day in November 2010, the exact date unknown, and continuing

through on or about September 10, 2013, in Perry County, in the Eastern District of

Kentucky,

**JAMES ALVIN CHANEY, M.D.,**
aka ACE CHANEY,
**ACE CLINIQUE OF MEDICINE, LLC**
Registered agent: Lesa L. Chaney,

and others, did knowingly and intentionally conspire to distribute and unlawfully dispense

Schedule III controlled substances, a violation of 21 U.S.C. § 841(a)(1), all in violation of

21 U.S.C. § 846.

**COUNT 10**
**21 U.S.C. § 841(a)(1)**
**18 U.S.C. § 2**

On or about July 3, 2012, in Perry County, in the Eastern District of Kentucky,

**JAMES ALVIN CHANEY, M.D.,**
**aka ACE CHANEY,**
**ACE CLINIQUE OF MEDICINE, LLC**
**Registered agent: Lesa L. Chaney,**

and others, aided and abetted by each other, did knowingly and intentionally distribute and

unlawfully dispense Schedule II controlled substances, all in violation of 21 U.S.C. §

841(a)(1) and 18 U.S.C. § 2.

**COUNT 11**
**21 U.S.C. § 841(a)(1)**
**18 U.S.C. § 2**

On or about July 3, 2012, in Perry County, in the Eastern District of Kentucky,

**JAMES ALVIN CHANEY, M.D.,**
**aka ACE CHANEY,**
**ACE CLINIQUE OF MEDICINE, LLC**
**Registered agent: Lesa L. Chaney,**

and others, aided and abetted by each other, did knowingly and intentionally distribute and

unlawfully dispense Schedule III controlled substances, all in violation of 21 U.S.C. §

841(a)(1) and 18 U.S.C. § 2.

**COUNT 12**
**21 U.S.C. § 856(a)**

On or about a day in November 2010, the exact date unknown, and continuing

through on or about September 10, 2013, in Perry County, in the Eastern District of

Kentucky,

**JAMES ALVIN CHANEY, M.D.,**
**aka ACE CHANEY,**
**LESA L. CHANEY,**
**ACE CLINIQUE OF MEDICINE, LLC**
**Registered agent: Lesa L. Chaney,**

and others, did knowingly open, lease, rent, use, and maintain a place, to wit **ACE**

**CLINIQUE OF MEDICINE, LLC** located in Hazard, Perry County, Kentucky, whether

permanently or temporarily, for the purpose of distributing and unlawfully dispensing

controlled substances, all in violation of 21 U.S.C. §856(a).

**FORFEITURE ALLEGATION**
**21 U.S.C. § 853**

In committing the offenses alleged in this Indictment, the same being punishable by

imprisonment for more than one year, **JAMES ALVIN CHANEY, M.D., aka ACE**

**CHANEY, LESA L. CHANEY, ACE CLINIQUE OF MEDICINE, LLC, and**

**GREGORY HOSKINS, P.A.,** used and intended to use, the below-described property to

commit and to facilitate the commission of the said controlled substance violations, and the

below-described property constitutes proceeds obtained directly and indirectly as a result

of the commission of the aforesaid violations of 21 U.S.C. §§ 841(a)(1), 846, and 856(a),

including, but not limited to, the following:

**REAL PROPERTY:**

1. Real property known as 181 Roy Campbell Drive (including the building in which
   Ace Clinique operates) located in Perry County, Kentucky, being all of the same
   property conveyed to James A. Chaney and Lesa L. Chaney by Deed of

Conveyance dated September 5, 2006, of record in Deed Book 325, Page 593, in the records of the Perry County Clerk.

2. Real property known as "Rebo's Recovery Center," Perry County Map No. 086-20 05 012.02, being the same property conveyed to James A. Chaney, M.D. and Lesa L. Chaney, by General Warranty Deed dated August 14, 2007, of record in Deed Book 333, Page 215, in the records of the Perry County Clerk.

3. Real property known as "Various parcels across from hospital," Perry County Map No. 086-20-03 034.03, being the same property conveyed to James A. Chaney, M.D. and Lesa Chaney by Deed of Conveyance recorded in Deed Book 352, Page 707, on May 11, 2010, in the records of the Perry County Clerk.

4. Real property known as 373 Vista Drive located in Perry County, Kentucky, being all of the same property conveyed to James A. Chaney, M.D. and/or Lesa L. Chaney by the following three instruments recorded in the office of the Perry County Clerk:
   a) Deed dated July 19, 1994 in Deed Book 247, Page 609;
   b) Deed of Correction dated September 30, 1994, in Deed Book 249, Page 68; and
   c) General Warranty Deed dated January 21, 1999, in Deed Book 273, Page 60.

5. Real property known as 106 Argyll Circle located in Perry County, Kentucky, being all of the same property conveyed to James A. Chaney and Lesa Chaney by Deed dated June 22, 2009, of record in Deed Book 347, Page 47, in the records of the Perry County Clerk.

6. The Hangar Building at Highway 15 Airport located in Perry County, Kentucky, Map No. 058-00 00 002.01 L 18 (no deed recorded).

**CASH/CURRENCY:**

1. $285,507.49 in United States currency;

2. $6,280.00 in United States currency;

3. $70,456.26 in funds from Passbook Savings Account #xxx075 in the names of James & Lesa Chaney at Peoples Bank & Trust in Hazard, Kentucky; and

4. $8,567.49 in funds from Business Checking Account #xxx-xx-252 in the name of ACE Clinique of Medicine at Whitaker Bank in Hazard, Kentucky.

### VEHICLES/CONVEYANCES:

1. 2012 Bentley Continental GT AWD Coupe, VIN SCBFR7ZA8CC072106;

2. 2003 Dodge Viper, VIN 1B3JR65Z33V501476;

3. 2005 Hummer H2, VIN 5GRGN23U85H102101;

4. 2009 EZ-Rider Homesteader Trailer, VIN 5HABE162X9N000715;

5. 2000 Plymouth Prowler, VIN 1P3EW65G0YV602487;

6. 2001 Chevrolet Corvette, VIN 1G1YY32G915104183;

7. 2008 Mercedes Benz S550, VIN WDDNG86X28A225195;

8. 2009 Cadillac Escalade, VIN 1GYFK26209R201246;

9. 2003 Mercedes Benz SL500, VIN WDBSK75F23F041951;

10. 2004 Swift Custom Bar Chopper CSF Cruiser Motorcycle, VIN 1S92B10794P771499;

11. 2001 Harley Davidson FXDL Dyna Low Rider Motorcycle, VIN 1HD1GDV141Y335675;

12. 2008 Mercedes-Benz S63, VIN WDDNG77X58A152722;

13. 1996 Harley Davidson FXSTC Custom Softail, VIN 1HD1BKL11TY044561;

14. 2001 Harley Davidson FLSTF Fat Boy Motorcycle, VIN 1HD1BMY191Y015746;

15. 2010 Kubota RTV1100 Utility Vehicle, SAE# J2194 VIN KRTV10071010350; and

16. 1979 Beech King Air 200 Airplane, tail # N902AC, serial # BB596.

### MONEY JUDGMENT

$1,000,000.00 (One Million Dollars), which sum represents the gross proceeds in aggregate obtained by the defendants, **JAMES ALVIN CHANEY, M.D., aka ACE CHANEY, LESA L. CHANEY,** and **ACE CLINIQUE OF MEDICINE, LLC,** as the result of the aforesaid violations, and for which these defendants are jointly and severally liable.

Case: 6:14-cr-00037-○ VT-HAI   Doc #: 1   Filed: 10/02/14 ○ age: 11 of 12 - Page ID#: 11

By virtue of the commission of the felony offenses charged in this Indictment, any and all interest JAMES ALVIN CHANEY, M.D., aka ACE CHANEY, LESA L. CHANEY, ACE CLINIQUE OF MEDICINE, LLC, and GREGORY HOSKINS, P.A., have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853.

If any of the property listed above, as a result of any act or omission of the defendants,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek the forfeiture of any other property in which the above defendants have an interest, up to the value of the currency described above, and any other property of the defendants not specifically listed in the indictment.

                                   A TRUE BILL



_____
KERRY B. HARVEY
UNITED STATES ATTORNEY

## PENALTIES

**COUNTS 1, 3, 5, 8 & 10:**

> Not more than 20 years imprisonment, not more than $1,000,000 fine, and at least 3 years supervised release.

**COUNTS 2, 4, 6, 9, & 11:**

> Not more than 10 years imprisonment, not more than $500,000 fine, and at least 2 years supervised release.

**COUNTS 7 & 12:**

> Not more than 20 years imprisonment, not more than $500,000 fine, and not more than 3 years supervised release.

**PLUS:**      Forfeiture of listed assets.

**PLUS:**      Mandatory special assessment of $100 per felony offense.

**PLUS:**      Restitution, if applicable.

Case: 6:24-cv-00007-REW-HAI   Doc #: 82-1   Filed: 03/22/24   Page: 106 of 110 - Page
ID#: 2644

Case: 6:24-cv-00007-REW-HAI   Doc #: 38-9   Filed: 01/23/24   Page: 2 of 6 - Page ID#:
1046

Case: 6:14-cr-00037-GFVT-HAI   Doc #: 129   Filed: 04/22/15   Page: 1 of 5 - Page ID#:
1280

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

FILED ELECTRONICALLY

NO. 14-CR-00037-GFVT

UNITED STATES OF AMERICA                                    PLAINTIFF

V.

JAMES A. CHANEY,                                           DEFENDANTS
ACE CLINIQUE OF MEDICINE, LLC

---

MOTION TO COMPEL DISCOVERY

---

Defendants, James A. Chaney and Ace Clinique of Medicine, LLC, by counsel,
respectfully move the Court for an Order compelling the United States to produce certain
discovery, to-wit, all documents and data (including electronic data, if applicable) upon
which the United States relied in creating a certain spreadsheet provided to Defendants
on March 18, 2015 (the "Spreadsheet").

According to the United States, the Spreadsheet represents an itemization of each
prescription the United States contends was pre-signed by James A. Chaney and issued

EXHIBIT C

EXHIBIT D

on a date when Dr. Chaney was out of the country.[1]  The Spreadsheet itemizes 1,206 prescriptions that the United States has advised it intends to prove were issued without a legitimate medical purpose and outside the course of professional practice.  For each prescription, the following information is provided, by separate column:  doctor number, doctor name, prescription number, city where pharmacy is located, pharmacy name, number of days' supply of the drug prescribed, metric quantity of the drug prescribed, date written, name of drug, patient zip code, patient ID number and patient name.  In addition to the Spreadsheet, the United States has previously provided copies of thousands of prescriptions obtained by the grand jury via subpoena served on 78 pharmacies.  Thus, counsel undertook to search out the actual prescription related to each item on the Spreadsheet.

It quickly became obvious that that data used to create the Spreadsheet had not come from the actual prescriptions, inasmuch as many of the corresponding prescriptions were written on dates different than the date indicated by the Spreadsheet.  Quite a few prescriptions show that they were not written by Dr. Chaney at all, but were issued by another practitioner at Ace Clinique of Medicine, and a handful were written by

---

[1]      The United States acknowledges that some of the dates for which prescriptions are identified are dates on which Dr. Chaney left or returned to the country and that he may have been present at Ace Clinique of Medicine before or after traveling.  In other words, the United States provided the most expansive list possible, erring on the side of inclusion, in order to avoid any questions later.

2

physicians not even associated with Ace Clinique of Medicine.  By letter dated March 23,

2015, Defendants' counsel requested of the United States as follows:

> Third, it is obvious to me that the data on the spreadsheet has not been taken from the actual prescriptions themselves, at least with respect to the entries beginning in 2011.[2]  I conclude, therefore, that the data was taken from Kasper.[3]  Please correct me if I am wrong (and it won't be the first time), but I do not believe the Kasper reports were included in the discovery thus far provided.  Irrespective of whether the data was taken from Kasper or some other source, I believe the source of the underlying data is properly discoverable.

The United States did not respond to this request directly, or perhaps

misunderstood it.  In either event, the United States has declined to provide any

discovery involving Kasper records in the absence of an Order of the Court.  In its April

3, 2015, response, the United States advised:

> Third, Chaney, as a physician, is capable of obtaining a Kasper report on his own prescriptions himself.  It is the

---

[2]   Since writing the letter of March 23, Defendants have completed their initial analysis of the Spreadsheet entries and the inconsistencies between the data on the Spreadsheet and the underlying prescriptions persist throughout.  Furthermore, not all prescriptions relating to the items in the Spreadsheet can be located within the discovery thus far produced by the United States, confirming Defendants' conclusion that the prescriptions themselves were not the source data for the Spreadsheet.

[3]   "Kasper," of course, is the commonly used acronym for Kentucky All Schedule Prescription Electronic Reporting, which purports to be a centralized database for controlled substance prescriptions within the Commonwealth, comprised of data entered by the pharmacies filling prescriptions.

Case: 6:14-cr-00037-GFVT-HAI   Doc #: 129   Filed: 04/22/15   Page: 4 of 5 - Page ID#: 1283

> consensus opinion within this office that a court order is required to be able for law enforcement to be able to provide a Kasper report for a defendant.  In light thereof, I would suggest a Motion be filed with the court for which we will respond immediately.  Unless I am advised to the contrary, I would anticipate that the United States would have no objection to the Motion.

As explained above, Defendants are not requesting production of something the United States does not already have; Defendants do not expect the United States to generate a Kasper report if one was not used to create the Spreadsheet.  Rather, Defendants are merely seeking documents or data used to create the Spreadsheet, and Defendants suspect that the underlying source data came from Kasper.  Whether Kasper was the source or not, the data contained in the Spreadsheet must have come from somewhere other than the prescriptions that have been provided, and that source data is material to preparing the defense of the case.  It is, therefore, discoverable under Fed.R.Cr.P. 16(a)(1)(E).

WHEREFORE, Defendants James A. Chaney and Ace Clinique of Medicine, LLC, respectfully request an Order compelling the United States to provide the underlying data from which the Spreadsheet was created.

4

Respectfully submitted,

/s/ Elizabeth S. Hughes

Elizabeth S. Hughes
**GREEN CHESNUT & HUGHES PLLC**
201 East Main Street, Suite 1250
Lexington, Kentucky 40507
Telephone: (859) 475-1471
Facsimile:  (859) 455-3332
Email:  ehughes@gcandh.com

and

Larry A. Mackey
Kathleen L. Matsoukas
**BARNES & THORNBURG LLP**
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone:  (317) 236-1313
Facsimile:  (317) 231-7433
Email:  lmackey@btlaw.com
Email:  kathleen.matsoukas@btlaw.com
**ATTORNEYS FOR DEFENDANTS
JAMES A. CHANEY AND ACE CLINIQUE
OF MEDICINE, LLC**

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing **MOTION TO COMPEL DISCOVERY** has been served on April 22, 2015, via the Court's ECF system, which will send electronic notice to counsel of record.

/s/ Elizabeth S. Hughes
**ATTORNEY FOR DEFENDANTS**

5