UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JAMES A. CHANEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:24-CV-7-REW-HAI |
| v. | ) | |
| | ) | |
| CVS PHARMACY, INC., *et al.*, | ) | ORDER |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

Defendants RX Discount Pharmacy, Inc., *et al.* move for leave to file a sur-reply. *See* DE 82. Defendants contemporaneously filed a proposed sur-reply. *See* DE 82-1. "Neither the Federal Rules of Civil Procedure nor the Court's local rules permit the filing of sur-replies." *N. Harris Comp. Corp. v. DSI Invs., LLC*, 608 F. Supp. 3d 511, 531 (W.D. Ky. 2022). Generally, "[s]ur-replies are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word in the matter." *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012) (alteration in original) (internal quotation marks omitted). That said, the Court may grant leave to file a sur-reply if it determines that "a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008).

Here, as grounds, Defendants argue that a sur-reply is necessary "to respond to the questions of law" asserted in Chaney's reply. DE 82 at 5. The Court will grant Defendants' motion insofar as the proposed sur-reply addresses timeliness of consent. *See* DE 82-1 at 1. In his reply, Chaney, for the first time, argues that certain Defendants failed to consent to removal within thirty days of service. *See* DE 76 at 2. Chaney's reply also attaches and bases arguments on emails

1

dated March 1, 2024 and March 6, 2024. *See* DE 76-1. Given that Defendants filed their response on February 29, 2024—*i.e.*, before the email exchange even occurred—Defendants should have the opportunity to reply to argument based on these emails.

That said, the proposed sur-reply also raises jurisdictional arguments. Defendants do not present a valid reason for additional briefing on this issue. In their proposed sur-reply, Defendants claim that Chaney's allegations "implicate the elements of the criminal statutes under which he was convicted[,]" as well as "federal drug control law" and that if Department of Justice employees need to testify in the matter, those employees can only be subpoenaed in federal court. DE 82-1 at 5-8. These arguments, however, are not in response to issues that Chaney raised for the first time in his reply. Defendants raised similar, if not identical, arguments in their response and, indeed, cite their response in their sur-reply. *See* DE 66 at 6 ("An understanding of the extent to which Plaintiff had notice of any alleged misattributions of controlled substances will require subpoenaing the testimony of the United States Attorneys that successfully prosecuted Plaintiff's criminal trial. As employees of the Department of Justice, their testimony cannot be subpoenaed in state court because sovereign immunity will bar the enforcement of such a subpoena."); *id.* at 7-8 ("The claims in Plaintiff's Complaint, as alleged, include the same elements as the federal criminal statutes. His claims are therefore analogous to alleging Defendants aided and abetted in violating the very same federal laws for which he was convicted."); *see also* 82-1 at 7 n.14 (citing response and stating that "Defendant[s] cited to two cases in support of its contention that their inability to subpoena U.S. Attorneys to state court warrants federal question jurisdiction."). As stated above, Defendants cannot use a sur-reply to have the final word in the matter. Finding no valid reason for additional briefing on the jurisdictional question, the Court **DENIES** DE 82 to that extent.

2

Thus, the Court **GRANTS in part** and **DENIES in part** DE 82, Defendants' motion for leave to file a sur-reply. Defendants **SHALL** refile their sur-reply, excluding the disallowed portions, no later than **March 29, 2024**.

This the 25th day of March, 2024.

Signed By:
*Robert E. Wier*  /s/ REW
United States District Judge